IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ASOCIACIÓN PUERTORRIQUEÑA DE DUEÑOS DE LABORATORIOS CLÍNICOS PRIVADOS, INC.,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**HUMANA HEALTH PLANS OF PUERTO RICO, INC.**<br><br>**Defendant** | **CIVIL NO. _____**<br><br><br>**NOTICE OF REMOVAL** |

### NOTICE OF REMOVAL

COMES NOW Defendant, Humana Health Plans of Puerto Rico, Inc. ("Humana"), by its counsel, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removes the above-entitled action pending before the Office of the Commissioner of Insurance ("OCS", by its Spanish acronym) of the Commonwealth of Puerto Rico. Defendant Humana appears for the purpose of removal only and reserves all defenses and rights available to it, and states as follows:

### Background on Removed Action

On August 10, 2010, Plaintiff Asociación Puertorriqueña de Dueños de Laboratorios, Inc. ("APDL") initiated a proceeding against Humana before the OCS by filing a Complaint before OCS against Humana, styled <u>Asociación Puertorriqueña de Dueños de Laboratorios, Inc. v. Humana Health Plans of Puerto Rico, Inc.</u>, No. PP-10-12-02-00139. In the Complaint, the APDL alleged that Humana unilaterally imposed a rate reduction in breach of each APDL member's individual contract with

1

Humana and Article 30.050 of the Puerto Rico Insurance Code, 26 L.P.R.A. § 3004. Pursuant to the terms of the provider agreements entered by Humana with each of APDL's individual members, Humana had announced its new rates for certain services through circular letter C-P-03-10, dated April 1, 2010, with an effective date of July 1, 2010.

No action was taken by OCS until September 5, 2012. On that date, OCS issued letter PP-611, which consisted of a Request for Production of Information and/or Documents addressed to Humana and an Order for Humana respond to the Complaint by October 15, 2012[1]. On October 15, 2012, Humana filed a motion requesting dismissal before OCS arguing that APDL lacked standing and that the OCS did not have jurisdiction over the claim. Humana stated that APDL was not a provider under contract with Humana and did not have authority to object the rate changes on behalf of its individual members.

Eventually, on April 1, 2013, OCS surprisingly issued an Order stating that the APDL's objection to the rate changes announced by Humana was equivalent to individual objections by each of its fifty-three (53) members ("the Order"). This Order was issued without even solving Humana's motion to dismiss and/or allowing Humana to answer APDL's Complaint. Although OCS recognized in its Order that Humana

---

[1] Subsequently, a controversy arose as to Humana's compliance with the Request for Production of Information and/or Documents, which caused the OCS to open what was essentially a "sub-proceeding" styled No. PP-2012-160 within Case No. PP-10-12-02-00139, regarding Humana's alleged noncompliance with the aforementioned Request. The pleadings as to this "sub-proceeding" are included as exhibits to this Notice as if they were filed under Case No. PP-10-12-02-00139. Furthermore, it warrants mentioning that in response to the Request for Production of Information and/or Documents, Humana produced to OCS certain confidential contracts, which Humana intends to submit to this Court in the near future under a restricted viewing level.

could issue rate reductions and followed the contractual procedure to do so, it held that Humana was not allowed to put into effect the rate reductions over the objection of APDL. Hence, by considering APDL's objection as individual objections by each APDL member under contract with Humana, OCS ordered Humana to adjust the claims presented as of the date on which the rate changes were put into effect (July 1, 2010) and pay the difference resulting from said adjustment. If Humana were to comply with the Order it would be liable toward APDL's individual members for around $2.5 million.

### Basis for Removal

1)   The federal removal statute, codified at 28 U.S.C. § 1441, grants defendants the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction.

2)   Original jurisdiction is present here pursuant to 28 U.S.C. § 1331. The OCS, by the terms of its Order, has sanctioned a group boycott by the APDL in violation of Section 1 of The Sherman Act, 15 U.S.C. § 1. At issue now is whether under the Sherman Act, the OCS can allow 53 providers under individual contracts with Humana to take **concerted action** – through an "association" - to compel an insurer to pay them higher rates for their services. Indeed, under FTC v. Superior Court Trial Lawyers Ass'n, 493 U.S. 411 (1990), it is clear that they cannot.

3)   Thus, the April 1, 2013 Order created federal question jurisdiction because it now necessarily draws into question the

validity, construction or effect of the Sherman Act as applied to the facts alleged in the Complaint and the Order.

    4)    The OCS is a "state court" within the meaning of 28 U.S.C. § 1441. In this jurisdiction, an action may be considered a civil action brought in a state court under 28 U.S.C. § 1441(a) for removal purposes where the agency proceedings are adjudicative in nature. <u>Ins. Com'r of Puerto Rico v. Doral Ins. Agency, Inc.</u>, Civil No. 05-2230, 2006 WL 3196472 (D.P.R. Nov. 2, 2006), citing <u>Volkswagen de P.R., Inc. v. P.R. Labor Relat. Bd.</u>, 454 F.2d 38, 44 (1st Cir. 1972). Such is the case here – OCS clearly performs adjudicative functions and has both the procedures and power to seek enforcement of its orders. In this particular case, OCS gave the parties notice of the proceeding, required Humana to file a formal Answer to the Complaint, and then reached an adjudication as to the legal controversy at hand. Also, there is evidently a strong federal interest in this case given the federal antitrust policy issues at stake. <u>See</u>, e.g. <u>Johnson v. Nyack Hosp.</u>, 964 F.2d 116, 122 (2d Cir. 1992) ("**It would be anomalous if a statute as complex as the Sherman Act, which is subject to judicial interpretation solely by the federal courts, could also be interpreted by a state agency**.")

    5)    Removal is timely because 30 days have not elapsed since the April 1, 2013 Order by OCS, which made this matter removable. <u>See</u> 28 U.S.C. 1446(b)(3).

    6)    The District of Puerto Rico is the judicial district embracing the place where the state court case was brought and is

pending and is, thus, the proper district court to which this case should be removed. See 28 U.S.C. §§ 89(c), 1441(a) & 1446(a).

7) Pursuant to 28 U.S.C. § 1446(a), with this notice Humana is filing copies of all process, pleadings, and orders served upon Humana in the removed action, in chronological order. See **Exhibits 1-23**. Simultaneously with filing this Notice of Removal, Humana is providing written notice to all adverse parties, by and through their counsel, and will promptly file a copy of this Notice of Removal with the OCS.

**WHEREFORE**, in light of the foregoing, Humana hereby requests this Honorable Court to remove the case of caption pursuant to 28 U.S.C. § 1441.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 30th day of April, 2013.

**I HEREBY CERTIFY**: That on this date we electronically filed the foregoing document with the Clerk of Court using the CM/ECF system; served a copy of this notice via certified mail to: **Oficina del Comisionado de Seguros de Puerto Rico**, B5 Calle Tabonuco Suite 216, Guaynabo, Puerto Rico 00968-3029; **Armanda Vázquez Martínez**, Unidad de Pago Puntual, Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, PMB 356, Guaynabo, PR 00968-3029 and to avazquez@ocs.gobierno.pr; **Frances Cifuentes Gómez, Esq.**, Legal Affairs Division, Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, PMB 356, Guaynabo, PR 00968-3029; **David Noriega Rodríguez, Esq.** Noriega Rodríguez Y Noriega Costas, Edificio Banco Cooperativo, Oficina 305-B, 623 Ave. Ponce de León, San Juan, Puerto Rico 00917 and to bufetenoriega@hotmail.com; Mr. José R. Sánchez Zayas

President, Asociación Puertorriqueña de Dueños de Laboratorios, Inc., P. O. Box 11603, San Juan, Puerto Rico  00922-1303.

        **PIETRANTONI MENDEZ & ALVAREZ LLC**
        Popular Center, 19th Floor
        208 Ponce De León Ave.
        San Juan, Puerto Rico 00918
        Tel. (787) 274-1212
        Fax. (787) 274-1470

        S\ HERMAN G. COLBERG-GUERRA
        HERMAN G. COLBERG-GUERRA
        USDC NO. 212511
        hcolberg@pmalaw.com

        S\ JASON R. AGUILÓ SURO
        JASON R. AGUILÓ SURO
        USDC No. 227311
        jaguilo@pmalaw.com