ESTADO LIBRE ASOCIADO DE PUERTO RICO
OFICINA DEL COMISIONADO DE SEGUROS
SAN JUAN, PUERTO RICO

EXHIBIT 1

| | |
|---|---|
| ASOCIACIÓN PUERTORRIQUEÑA DE DUEÑOS DE LABORATORIOS CLÍNICOS PRIVADOS, INC. | QUERELLA NÚM.: |
| Querellante | SOBRE: |
| Vs. | VIOLACIÓN AL ARTÍCUL 30.050 DE LA LEY104 DE 19 DE JULIO DE 2002 |
| HUMANA HEALTH PLANS OF PUERTO RICO, INC. | |
| Querellados | |

## QUERELLA

**AL HONORABLE COMISIONADO DE SEGUROS:**

COMPARECE la Asociación Puertorriqueña de Dueños de Laboratorios Clínicos Privados de Puerto Rico, representada por su Abogado y respetuosamente expone, alega y solicita:

1. La Querellada, Humana, es una empresa autorizada por el Comisionado de Seguros a ofrecer y vender planes de seguros de salud en Puerto Rico.

2. La querellante es la Asociación Puertorriqueña de Dueños de Laboratorios Clínicos Privados, Inc., en representación y beneficio de sus asociados miembros, con dirección postal de:

> PO Box 11603
> Caparra Height Station,
> San Juan, Puerto Rico   00922-1603

3. Con efectividad al 1 de julio de 2010 y mediante la Carta Circular C-P-03-10 (Anejo 1 y 2), la Querellada, Humana, impuso de manera unilateral una reducción en sus tarifas para el rembolso a los proveedores de servicios de laboratorios que resulta en una reducción significativa en el pago correspondiente a las pruebas de laboratorio de

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

001

rutina y de mayor utilización por la población servida por nuestros asociados.

4. Esta reducción unilateral en las tarifas viola el Artículo 30.050 de la LEY NUM. 104 DE 19 DE JULIO DE 2002, mejor conocida como la Ley de Pronto Pago. Este artículo establece que:

> "Ningún Asegurador u Organización de Servicios de Salud podrá negarse a pagar una reclamación por servicios prestados por razón de que se hubieren efectuado alteraciones o enmiendas unilaterales a los términos del contrato entre Asegurador u Organización de Servicios de Salud y suscriptor, o entre Asegurador u Organización de Servicios de Salud y proveedor, incluyendo enmiendas a las tarifas" (énfasis añadido).

Adjunto copias de los listados de las reducciones en tarifas utilizando la data provista por la misma querellada (Anejos 3 y 4).

5. Siguiendo los requisitos establecidos por la Regla 73, Artículo 11 de la Oficina del Comisionado de Seguros, el 25 de mayo de 2010, la Asociación sometió una Querella al Comité de Querellas de Humana solicitando se dejara sin efecto la reducción unilateral de las tarifas. Humana respondió negativamente a nuestra solicitud alegando se le notificó a los laboratorios contratados según lo establece el contrato entre las partes (Anejos 5 y 6).

6. Esta es la segunda vez que la querellada viola la Ley 104 en perjuicio de los laboratorios clínicos y nuestros asociados. Hacemos referencia al caso número I-12626-2003, Laboratorio Irizarry Guasch v. Humana Health Plans of Puerto Rico, Inc.

**POR TODO LO ANTES EXPUESTO**, se le solicita a la Oficina del Comisionado de Seguros que Ordene a la querellada, Humana, a dejar sin efecto las reducciones de tarifas según expuesto en su Carta Circular CP-03-10; ajuste los pagos realizados con la tarifa reducida a la tarifa vigente antes de 1 de julio de 2010 con el pago de intereses; se le impongan sanciones administrativas y se les retire la autorización

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

de hacer negocios de Seguros en Puerto Rico en vista a  su obstinada desobediencia a las Órdenes, circulares y decisiones del Comisionado de Seguros en relación a la Ley de Pago Puntual.

En San Juan, Puerto Rico, hoy *16* de agosto de 2010.

CERTIFICO:  Que en esta fecha notifiqué esta escrito a Humana Health Plans of Puerto Rico, Inc. a la Ave. F.D. Roosevelt 383, San Juan, Puerto Rico 00918-2131.

NORIEGA RODRÍGUEZ Y NORIEGA COSTAS
Edif. Banco Cooperativo, Oficina 305-B
623 Ave. Ponce de León
San Juan, Puerto Rico  00917
Teléfonos:  274-8361, 766-0159; fax: 766-0624

DAVID NORIEGA RODRÍGUEZ 4680

Anejos

HUMANA
RECIBIDO
AUG 1 6 2010
Original Inquiry Unit

3

08-16-'10 15:10 FROM-humana-ANNEXREFORM      7876225912           T-062  P0004/0048 F-775

# Carta Circular de Humana C-P-03-10
## Cambios en Tarifa para producto de Reforma

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

Humana
383 Ave. FD Roosevelt
San Juan PR 00918-2131
Humanager



*Su consejero cuando usta la conada*

1 de abril de 2010

Carta Circular: C-P-03-10

A: Todos los Proveedores de Humana Health Plans of Puerto Rico, Inc. (Reforma)

RE: Cambios en Tarifa para producto de Reforma

Estimado Proveedor:

Reciba un cordial saludo de parte de la gran familia de Humana.

Deseamos informarle que Humana ha ajustado las tarifas de algunos códigos de procedimiento (CPT) para el Plan de Salud del Gobierno de Puerto Rico (Reforma).

El cambio será efectivo el 1 de julio de 2010. Puede acceder la información específica sobre los códigos de procedimiento y las nuevas tarifas a través del portal de internet de Inmediata a: www.inmediata.com

De tener alguna duda relacionada al contenido de esta carta, puede comunicarse con nuestro Departamento de Servicio al Proveedor a nuestra línea libre de cargos 1-800-314-3121 o comunicarse con su representante de proveedores.

De usted no facturar estos códigos de CPT, favor de hacer caso omiso a esta comunicación.

Cordialmente,

Marielli Moró
Directora
Contrataciones y Red de Proveedores

HUMANA
RECIBIDO
AUG 1 6 2010

Critical Inquiry Unit

08-16-'10 15:16 FROM-humana-ANNEXREFORM    7876225912    T-062  P0006/0048 F-775

### Humana Reforma Fee Schedule Changes

| | | | |
|---|---|---|---|
| **PROPRIETARY & CONFIDENTIAL** | | | |

| CPTCOD | MD | Description | New Allowed Fee |
|---|---|---|---|
| 11042 | | Debride skin/tissue | $93.50 |
| 17003 | | Destruct premalg les, 2-14 | $5.95 |
| 17004 | | Destroy premlg lesions 15+ | $136.00 |
| 19102 | | Bx breast percut w/image | $233.75 |
| 19295 | | Place breast clip, percut | $68.00 |
| 19318 | | Reduction of large breast | $1,700.00 |
| 22554 | | Neck spine fusion | $1,082.90 |
| 22842 | | Insert spine fixation device | $1,572.50 |
| 22843 | | Insert spine fixation device | $1,827.50 |
| 22845 | | Insert spine fixation device | $1,797.75 |
| 22851 | | Apply spine prosth device | $425.00 |
| 27096 | | Inject sacroiliac joint | $233.75 |
| 27130 | | Total hip arthroplasty | $1,190.00 |
| 27447 | | Total knee arthroplasty | $1,239.30 |
| 29826 | | Shoulder arthroscopy/surgery | $641.45 |
| 29879 | | Knee arthroscopy/surgery | $487.90 |
| 29880 | | Knee arthroscopy/surgery | $595.85 |
| 29881 | | Knee arthroscopy/surgery | $522.75 |
| 29888 | | Knee arthroscopy/surgery | $831.30 |
| 31090 | | Exploration of sinuses | $722.50 |
| 31575 | | Diagnostic laryngoscopy | $76.50 |
| 33208 | | Insertion of heart pacemaker | $765.00 |
| 33211 | | Insertion of heart electrode | $267.75 |
| 33249 | | Eltrd/insert pace-defib | $765.00 |
| 33400 | | Repair of aortic valve | $1,893.38 |
| 33405 | | Replacement of aortic valve | $2,180.25 |
| 33430 | | Replacement of mitral valve | $2,524.50 |
| 33518 | | CABG, artery-vein, two | $527.00 |
| 33533 | | CABG, arterial, single | $1,657.50 |
| 33681 | | Repair heart septum defect | $2,103.75 |
| 36556 | | Insert non-tunnel cv cath | $162.66 |
| 43235 | | Uppr gi endoscopy, diagnosis | $198.90 |
| 43239 | | Upper GI endoscopy, biopsy | $227.18 |
| 43246 | | Place gastrostomy tube | $256.70 |
| 43262 | | Endo cholangiopancreatograph | $408.00 |
| 43264 | | Endo cholangiopancreatograph | $497.25 |
| 44970 | | Laparoscopy, appendectomy | $408.94 |
| 45385 | | Lesion removal colonoscopy | $451.35 |

3/23/2010

Page 1 of 6

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

Humana Reforma Fee Schedule Changes

## PROPRIETARY & CONFIDENTIAL

| CPTCOD | MD | Description | New Allowed Fee |
|--------|----|-------------|-----------------|
| 47562 | | Laparoscopic cholecystectomy | $561.00 |
| 50590 | | Fragmenting of kidney stone | $956.25 |
| 52240 | | Cystoscopy and treatment | $527.85 |
| 52353 | | Cystouretero w/lithotripsy | $451.35 |
| 53850 | | Prostatic microwave thermotx | $1,682.60 |
| 53852 | | Prostatic rf thermotx | $1,759.50 |
| 57452 | | Exam of cervix w/scope | $136.00 |
| 57454 | | Bx/curett of cervix w/scope | $198.90 |
| 57460 | | Bx of cervix w/scope, leep | $272.00 |
| 58605 | | Division of fallopian tube | $239.41 |
| 58611 | | Ligate oviduct(s) add-on | $85.00 |
| 58670 | | Laparoscopy, tubal cautery | $278.65 |
| 61343 | | Incise skull (press relief) | $1,912.50 |
| 61510 | | Removal of brain lesion | $1,912.50 |
| 61548 | | Removal of pituitary gland | $1,530.00 |
| 62190 | | Establish brain cavity shunt | $1,101.60 |
| 63030 | | Low back disk surgery | $1,399.95 |
| 64560 | | Apply neurostimulator | $19.55 |
| 66984 | | Cataract surg w/iol, 1 stage | $552.50 |
| 67040 | | Laser treatment of retina | $1,487.50 |
| 70220 | | X-ray exam of sinuses | $25.72 |
| 70450 | | Ct head/brain w/o dye | $225.25 |
| 70460 | | Ct head/brain w/dye | $233.75 |
| 70470 | | Ct head/brain w/o & w/dye | $246.60 |
| 70486 | | Ct maxillofacial w/o dye | $225.25 |
| 70490 | | Ct soft tissue neck w/o dye | $225.25 |
| 70491 | | Ct soft tissue neck w/dye | $225.25 |
| 70543 | | Mri orbt/fac/nck w/o & w/dye | $586.50 |
| 70544 | | Mr angiography head w/o dye | $527.00 |
| 70551 | | Mri brain w/o dye | $488.75 |
| 70552 | | Mri brain w/dye | $549.95 |
| 70553 | | Mri brain w/o & w/dye | $558.45 |
| 71250 | | Ct thorax w/o dye | $225.25 |
| 71260 | | Ct thorax w/dye | $233.75 |
| 72125 | | Ct neck spine w/o dye | $225.25 |
| 72131 | | Ct lumbar spine w/o dye | $225.25 |
| 72141 | | Mri neck spine w/o dye | $488.75 |
| 72142 | | Mri neck spine w/dye | $549.95 |

3/23/2010

Page 2 of 6


HUMANA
RECIBIDO
AUG 16 2010
Critical Inquiry Unit

08-16-'10 15:10 FROM-humana-ANNEXREFORM 7876225912 T-062 P0008/0048 F-775

Humana Reforma Fee Schedule Changes

## PROPRIETARY & CONFIDENTIAL

| CPTCOD | MD | Description | New Allowed Fee |
|--------|----|-----------|----------------|
| 72146 | | Mri chest spine w/o dye | $488.75 |
| 72148 | | Mri lumbar spine w/o dye | $488.75 |
| 72149 | | Mri lumbar spine w/dye | $549.95 |
| 72156 | | Mri neck spine w/o & w/dye | $549.95 |
| 72158 | | Mri lumbar spine w/o & w/dye | $549.95 |
| 72192 | | Ct pelvis w/o dye | $225.25 |
| 72193 | | Ct pelvis w/dye | $233.75 |
| 72195 | | Mri pelvis w/o dye | $488.75 |
| 72198 | | Mri pelvis w/dye | $488.75 |
| 73218 | | Mri upper extremity w/o dye | $446.25 |
| 73221 | | Mri joint upr extrem w/o dye | $488.75 |
| 73700 | | Ct lower extremity w/o dye | $209.95 |
| 73718 | | Mri lower extremity w/o dye | $535.50 |
| 73721 | | Mri jnt of lwr extre w/o dye | $488.75 |
| 74150 | | Ct abdomen w/o dye | $225.25 |
| 74160 | | Ct abdomen w/dye | $233.75 |
| 74181 | | Mri abdomen w/o dye | $488.75 |
| 74182 | | Mri abdomen w/dye | $488.75 |
| 75774 | 26 | Artery x-ray, each vessel | $118.16 |
| 76376 | | 3d render w/o postprocess | $85.85 |
| 76377 | | 3d rendering w/postprocess | $112.20 |
| 77059 | | Mri, both breasts | $562.52 |
| 77080 | | Dxa bone density, axial | $68.85 |
| 77263 | | Radiation therapy planning | $161.60 |
| 77295 | | Set radiation therapy field | $1,530.00 |
| 77300 | | Radiation therapy dose plan | $195.50 |
| 77315 | | Teletx isodose plan complex | $166.60 |
| 77331 | | Special radiation dosimetry | $79.90 |
| 77334 | | Radiation treatment aid(s) | $193.80 |
| 77336 | | Radiation physics consult | $85.00 |
| 77417 | | Radiology port film(s) | $21.25 |
| 77418 | | Radiation tx delivery, imrt | $425.00 |
| 77421 | | Stereoscopic x-ray guidance | $91.80 |
| 77470 | | Special radiation treatment | $318.75 |
| 78465 | | Heart image (3d), multiple | $425.00 |
| 78472 | | Gated heart, planar, single | $191.25 |
| 78478 | | Heart wall motion add-on | $61.20 |
| 78480 | | Heart function add-on | $63.75 |

3/23/2010

HUMANA RECIBIDO AUG 16 2010 Critical Inquiry Unit

08-16-10 15:11 FROM-humana-ANNEXREFORM 7876225912 T-062 P0009/0048 F-775

## Humana Reforma Fee Schedule Changes

PROPRIETARY & CONFIDENTIAL

| CPTCOD | MD | Description | New Allowed Fee |
|--------|----|-------------|-----------------|
| 80048 | | Metabolic panel total ca | $11.12 |
| 80053 | | Comprehen metabolic panel | $16.15 |
| 80061 | | Lipid panel | $18.70 |
| 80074 | | Acute hepatitis panel | $62.69 |
| 80076 | | Hepatic function panel | $12.75 |
| 80164 | | Assay, dipropylacetic acid | $21.25 |
| 81000 | | Urinalysis, nonauto w/scope | $4.68 |
| 81001 | | Urinalysis, auto w/scope | $4.68 |
| 82017 | | Acylcarnitines, quant | $187.00 |
| 82043 | | Microalbumin, quantitative | $55.25 |
| 82105 | | Alpha-fetoprotein, serum | $22.04 |
| 82306 | | Assay of vitamin D | $93.50 |
| 82378 | | Carcinoembryonic antigen | $27.20 |
| 82379 | | Assay of carnitine | $89.25 |
| 82550 | | Assay of ck (cpk) | $11.90 |
| 82575 | | Creatinine clearance test | $12.75 |
| 82652 | | Assay of dihydroxyvitamin d | $161.50 |
| 82670 | | Assay of estradiol | $38.25 |
| 82672 | | Assay of estrogen | $29.75 |
| 82950 | | Glucose test | $6.24 |
| 82951 | | Glucose tolerance test (GTT) | $16.92 |
| 83036 | | Glycosylated hemoglobin test | $12.75 |
| 83655 | | Assay of lead | $27.20 |
| 83721 | | Assay of blood lipoprotein | $18.70 |
| 83896 | | Molecular diagnostics | $27.20 |
| 83918 | | Organic acids, total, quant | $127.50 |
| 83970 | | Assay of parathormone | $76.50 |
| 84153 | | Assay of psa, total | $24.17 |
| 84305 | | Assay of somatomedin | $102.00 |
| 84402 | | Assay of testosterone | $51.00 |
| 84439 | | Assay of free thyroxine | $12.75 |
| 84443 | | Assay thyroid stim hormone | $22.08 |
| 84478 | | Assay of triglycerides | $10.20 |
| 84481 | | Free assay (FT-3) | $38.25 |
| 84702 | | Chorionic gonadotropin test | $20.40 |
| 84703 | | Chorionic gonadotropin assay | $11.05 |
| 85610 | | Prothrombin time | $8.80 |
| 86003 | | Allergen specific IgE | $32.30 |

3/23/2010

HUMANA
RECIBIDO
AUG 16 2010
Critical Inquiry Unit

009

Humana Reforma Fee Schedule Changes

| PROPRIETARY & CONFIDENTIAL | | | |
|---|---|---|---|
| **CPTCOD** | **MD** | **Description** | **New Allowed Fee** |
| 86038 | | Antinuclear antibodies | $23.80 |
| 86141 | | C-reactive protein, hs | $80.75 |
| 86147 | | Cardiolipin antibody | $74.80 |
| 86160 | | Complement, antigen | $15.78 |
| 86225 | | DNA antibody | $25.50 |
| 86235 | | Nuclear antigen antibody | $44.20 |
| 86256 | | Fluorescent antibody, titer | $17.00 |
| 86304 | | Immunoassay, tumor, ca 125 | $36.55 |
| 86316 | | Immunoassay, tumor other | $27.20 |
| 86336 | | Inhibin A | $80.75 |
| 86360 | | T cell, absolute count/ratio | $61.74 |
| 86361 | | T cell, absolute count | $74.80 |
| 86376 | | Microsomal antibody | $19.13 |
| 86592 | | Blood serology, qualitative | $5.95 |
| 86677 | | Helicobacter pylori | $80.76 |
| 86701 | | HIV-1 | $21.25 |
| 86710 | | Influenza virus antibody | $119.00 |
| 86800 | | Thyroglobulin antibody | $29.75 |
| 86803 | | Hepatitis c ab test | $29.75 |
| 86900 | | Blood typing, ABO | $5.10 |
| 86901 | | Blood typing, Rh (D) | $5.10 |
| 87045 | | Feces culture, bacteria | $16.15 |
| 87070 | | Culture, bacteria, other | $16.30 |
| 87088 | | Urine bacteria culture | $16.15 |
| 87110 | | Chlamydia culture | $26.35 |
| 87490 | | Chylmd trach, dna, dir probe | $47.60 |
| 87521 | | Hepatitis c, rna, amp probe | $153.00 |
| 87522 | | Hepatitis c, rna, quant | $153.00 |
| 87536 | | Hiv-1, dna, quant | $153.00 |
| 87590 | | N.gonorrhoeae, dna, dir prob | $28.05 |
| 87621 | | Hpv, dna, amp probe | $93.50 |
| 88172 | | Cytopathology eval of fna | $51.00 |
| 88230 | | Tissue culture, lymphocyte | $316.20 |
| 88267 | | Chromosome analys, placenta | $612.00 |
| 92015 | | Refraction | $25.50 |
| 92135 | | Ophth dx imaging post seg | $59.50 |
| 92225 | | Special eye exam, initial | $29.75 |
| 92226 | | Special eye exam, subsequent | $19.55 |

3/23/2010

Page 5 of 6

HUMANA
RECIBIDO
AUG 1 6 2010

Critical Inquiry Unit

Humana Reforma Fee Schedule Changes

| PROPRIETARY & CONFIDENTIAL | | |
|---|---|---|

| CPTCOD | MD | Description | New Allowed Fee |
|---|---|---|---|
| 92557 | | Comprehensive hearing test | $34.00 |
| 92585 | | Auditor evoke potent, compre | $80.75 |
| 92588 | | Evoked auditory test | $44.20 |
| 92980 | | Insert intracoronary stent | $765.00 |
| 92981 | | Insert intracoronary stent | $223.55 |
| 92982 | | Coronary artery dilation | $663.00 |
| 93000 | | Electrocardiogram, complete | $21.25 |
| 93010 | | Electrocardiogram report | $10.20 |
| 93015 | | Cardiovascular stress test | $97.75 |
| 93224 | | ECG monitor/report, 24 hrs | $82.45 |
| 93230 | | ECG monitor/report, 24 hrs | $81.60 |
| 93306 | | Tte w/doppler, complete | $272.00 |
| 93307 | 26 | Tte w/o doppler, complete | $42.50 |
| 93320 | 26 | Doppler echo exam, heart | $34.00 |
| 93320 | | Doppler echo exam, heart | $88.00 |
| 93325 | 26 | Doppler color flow add-on | $25.50 |
| 93325 | | Doppler color flow add-on | $51.00 |
| 93555 | | Imaging, cardiac cath | $140.25 |
| 93556 | | Imaging, cardiac cath | $242.25 |
| 93651 | | Ablate heart dysrhythm focus | $2,125.00 |
| 93652 | | Ablate heart dysrhythm focus | $1,955.00 |
| 93784 | | Ambulatory BP monitoring | $127.50 |
| 94060 | | Evaluation of wheezing | $38.25 |
| 94240 | | Residual lung capacity | $26.35 |
| 94375 | | Respiratory flow volume loop | $42.50 |
| 94720 | | Monoxide diffusing capacity | $38.25 |
| 95953 | | EEG monitoring/computer | $289.00 |
| 96365 | | Ther/proph/diag iv inf, init | $48.51 |
| 96367 | | Tx/proph/dg addl seq iv inf | $27.46 |
| 96413 | | Chemo, iv infusion, 1 hr | $107.99 |
| 96415 | | Chemo, iv infusion, addl hr | $24.92 |
| 96417 | | Chemo iv infus each addl seq | $52.95 |

3/23/2010

Page 6 of 6

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

011

# Evidencia Implantación de
# Reducciones Unilaterales



HUMANA
RECIBIDO
AUG 1 8 2010
Critical Inquiry Unit

*Inmediata* ® *Electronic Remittance Advice* ® = 835

## Explanation of Payments Report

Date: 8/4/2010 12:36:40PM
Page: 1 of 6

| | |
|---|---|
| **Payer Name:** HUMANA PR | **Processed Date:** 7/30/2010 1:30:07AM |
| **Provider Name:** | **Payment Date:** 7/30/2010 |
| **Provider Tax ID:** | **Check Or EFT:** 309877 |
| **Provider ID:** | **Total Claims:** 27 |
| | **Total Payment (US Dollars):** $1,303.45 |

| Claim Number | Patient Name | | Member Number | Amount Paid | Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72866 | | | 0080024217025 | 25.83 | Processed as Primary | | | |

**Payer Control Number**
EA07241002979

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100721 | 80053 | 19.00 | 14.15 | | | 2.00 | | [ 45 ] 2.85 |
| 20100721 | 81001 | 5.50 | 2.68 | | | 2.00 | | [ 45 ] 0.82 |
| 20100721 | 83615 | 5.00 | 3.00 | | | 2.00 | | |
| 20100721 | 85025 | 8.00 | 6.00 | | | 2.00 | | |
| **Totals:** | | **37.50** | **25.83** | | | **8.00** | | **3.67** |

| Claim Number | Patient Name | | Member Number | Amount Paid | Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72899 | | | 0080020822629 | 42.72 | Processed as Primary | | | |

**Payer Control Number**
EA07241002978

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100722 | 80048 | 13.00 | 11.12 | | | | | [ 45 ] 1.88 |
| 20100722 | 81001 | 5.50 | 4.68 | | | | | [ 45 ] 0.82 |
| 20100722 | 82951 | 18.00 | 16.92 | | | | | [ 45 ] 1.08 |
| 20100722 | 82952 | 2.00 | 2.00 | | | | | |
| 20100722 | 85025 | 8.00 | 8.00 | | | | | |
| **Totals:** | | **46.50** | **42.72** | | | | | **3.78** |

| Claim Number | Patient Name | | Member Number | Amount Paid | Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72901 | | | 0080020599825 | 13.95 | Processed as Primary | | | |

**Payer Control Number**
EA07241002977

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100722 | 85025 | 8.00 | 8.00 | | | | | |
| 20100722 | 86592 | 7.00 | 5.95 | | | | | [ 45 ] 1.05 |
| **Totals:** | | **15.00** | **13.95** | | | | | **1.05** |

| Claim Number | Patient Name | | Member Number | Amount Paid | Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72887 | | | 0080016500557 | 16.15 | Processed as Primary | | | |

**Payer Control Number**
EA07241002976

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100721 | 87088 | 19.00 | 16.15 | | | | | [ 45 ] 2.85 |
| **Totals:** | | **19.00** | **16.15** | | | | | **2.85** |

| Claim Number | Patient Name | | Member Number | Amount Paid | Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72929 | | | 0080015086651 | 163.08 | Processed as Primary | | | |

**Payer Control Number**
EA07241002975

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100723 | 83627 | 44.00 | 44.00 | | | | | |
| 20100723 | 84144 | 30.00 | 30.00 | | | | | |
| 20100723 | 84402 | 60.00 | 51.00 | | | | | [ 45 ] 9.00 |
| 20100723 | 84436 | 8.00 | 8.00 | | | | | |
| 20100723 | 84443 | 25.00 | 22.08 | | | | | [ 45 ] 2.92 |
| 20100723 | 84479 | 8.00 | 8.00 | | | | | |

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

08-16-'10 15:11 FROM-humana-ANNEXREFORM    7876225912       T-062  P0014/0048 F-775

*Immediate ● Electronic Remittance Advice ® - 835*

## Explanation of Payments Report

Date: 8/4/2010 12:36:40PM
Page: 2  of  6

| Totals: | 175.00 | 163.08 | | | | | | 11.92 |
|---|---|---|---|---|---|---|---|---|

| Claim Number | Patient Name | | | Member Number | Amount Paid Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72857 | | | | 0080010469417 | 18.92 Processed as Primary | | | |
| Payer Control Number | | | | | | | | |
| EA07241002974 | | | | | | | | |

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100721 | 82951 | 18.00 | 16.92 | | | | [ 45 ] | 1.08 |
| 20100721 | 82951 | 2.00 | 2.00 | | | | | |
| Totals: | | 20.00 | 18.92 | | | | | 1.08 |

| Claim Number | Patient Name | | | Member Number | Amount Paid Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72858 | | | | 0080010448145 | 8.00 Processed as Primary | | | |
| Payer Control Number | | | | | | | | |
| EA07241002973 | | | | | | | | |

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100721 | 85025 | 8.00 | 8.00 | | | | | |
| Totals: | | 8.00 | 8.00 | | | | | 0.00 |

| Claim Number | Patient Name | | | Member Number | Amount Paid Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72832 | | | | 0080008302498 | 67.11 Processed as Primary | | | |
| Payer Control Number | | | | | | | | |
| EA07241002972 | | | | | | | | |

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100720 | 80053 | 19.00 | 16.15 | | | | [ 45 ] | 2.85 |
| 20100720 | 81001 | 5.50 | 4.68 | | | | [ 45 ] | 0.82 |
| 20100720 | 82465 | 6.00 | 6.00 | | | | | |
| 20100720 | 84443 | 25.00 | 22.08 | | | | [ 45 ] | 2.92 |
| 20100720 | 84478 | 12.00 | 10.20 | | | | [ 45 ] | 1.80 |
| 20100720 | 85025 | 8.00 | 8.00 | | | | | |
| Totals: | | 75.50 | 67.11 | | | | | 8.39 |

| Claim Number | Patient Name | | | Member Number | Amount Paid Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72893 | | | | 0080004128741 | 35.58 Processed as Primary | | | |
| Payer Control Number | | | | | | | | |
| EA07241002971 | | | | | | | | |

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100721 | 84436 | 8.00 | 7.50 | | | 0.50 | | |
| 20100721 | 84443 | 25.00 | 21.58 | | | 0.50 | [ 45 ] | 2.92 |
| 20100721 | 84479 | 8.00 | 7.50 | | | 0.50 | | |
| Totals: | | 41.00 | 36.58 | | | 1.50 | | 2.92 |

| Claim Number | Patient Name | | | Member Number | Amount Paid Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72894 | | | | 0080024517087 | 7.68 Processed as Primary | | | |
| Payer Control Number | | | | | | | | |
| EA07241002970 | | | | | | | | |

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100721 | 81001 | 5.50 | 4.68 | | | | [ 45 ] | 0.82 |
| 20100721 | 82270 | 3.00 | 3.00 | | | | | |
| Totals: | | 8.50 | 7.68 | | | | | 0.82 |

| Claim Number | Patient Name | | | Member Number | Amount Paid Claim Status | | | |
|---|---|---|---|---|---|---|---|---|
| 72918 | | | | 0080023709953 | 28.83 Processed as Primary | | | |
| Payer Control Number | | | | | | | | |
| EA07241002969 | | | | | | | | |

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100722 | 81001 | 5.50 | 4.68 | | | | [ 45 ] | 0.82 |
| 20100722 | 85025 | 8.00 | 8.00 | | | | | |
| 20100722 | 87088 | 19.00 | 16.15 | | | | [ 45 ] | 2.85 |


HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

014

08-16-'10 15:11 FROM-humana-ANNEXREFORM    7876225912        T-062  P0015/0048 F-775

*Immediate ® Electronic Remittance Advice ® - 835*

## Explanation of Payments Report

Date: 8/4/2010 12:36:40PM
Page:   3   of   6

| Totals: | | 32.50 | 28.83 | | | | | | 3.67 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | | |
|---|---|---|---|---|---|---|---|---|---|
| 72864 | | | | 0080022033357 | | 70.94 | Processed as Primary | | |

Payer Control Number
EA07241002968

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs | |
|---|---|---|---|---|---|---|---|---|---|
| 20100721 | 82105 | 25.00 | 21.54 | | | 0.50 | | [ 45 ] | 2.96 |
| 20100721 | 82677 | 30.00 | 29.50 | | | 0.50 | | | |
| 20100721 | 84702 | 24.00 | 19.90 | | | 0.50 | | [ 45 ] | 3.60 |
| Totals: | | 79.00 | 70.94 | | | 1.50 | | | 6.56 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | | |
|---|---|---|---|---|---|---|---|---|---|
| 72912 | | | | 0080020656690 | | 31.99 | Processed as Primary | | |

Payer Control Number
EA07241002967

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs | |
|---|---|---|---|---|---|---|---|---|---|
| 20100722 | 82947 | 5.00 | 5.00 | | | | | | |
| 20100722 | 82950 | 7.00 | 6.24 | | | | | [ 45 ] | 0.76 |
| 20100722 | 83036 | 15.00 | 12.75 | | | | | [ 45 ] | 2.25 |
| 20100722 | 85025 | 8.00 | 8.00 | | | | | | |
| Totals: | | 35.00 | 31.99 | | | | | | 3.01 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | | |
|---|---|---|---|---|---|---|---|---|---|
| 72864 | | | | 0080020632290 | | 29.70 | Processed as Primary | | |

Payer Control Number
EA07241002966

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs | |
|---|---|---|---|---|---|---|---|---|---|
| 20100721 | 83655 | 32.00 | 27.20 | | | | | [ 45 ] | 4.80 |
| 20100721 | 85018 | 2.50 | 2.50 | | | | | | |
| Totals: | | 34.50 | 29.70 | | | | | | 4.80 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | | |
|---|---|---|---|---|---|---|---|---|---|
| 72909 | | | | 0080018459891 | | 72.44 | Processed as Primary | | |

Payer Control Number
EA07241002965

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs | |
|---|---|---|---|---|---|---|---|---|---|
| 20100722 | 82105 | 25.00 | 22.04 | | | | | [ 45 ] | 2.96 |
| 20100722 | 82677 | 30.00 | 30.00 | | | | | | |
| 20100722 | 84702 | 24.00 | 20.40 | | | | | [ 45 ] | 3.60 |
| Totals: | | 79.00 | 72.44 | | | | | | 6.56 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | | |
|---|---|---|---|---|---|---|---|---|---|
| 72927 | | | | 0080016041117 | | 5.00 | Processed as Primary | | |

Payer Control Number
EA07241002964

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs | |
|---|---|---|---|---|---|---|---|---|---|
| 20100723 | 82947 | 5.00 | 5.00 | | | | | | |
| Totals: | | 5.00 | 5.00 | | | | | | 0.00 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | | |
|---|---|---|---|---|---|---|---|---|---|
| 72900 | | | | 0080020599779 | | 45.88 | Processed as Primary | | |

Payer Control Number
EA07241002963

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs | |
|---|---|---|---|---|---|---|---|---|---|
| 20100722 | 80048 | 13.00 | 11.12 | | | | | [ 45 ] | 1.88 |
| 20100722 | 81001 | 6.50 | 4.68 | | | | | [ 45 ] | 0.82 |
| 20100722 | 84443 | 25.00 | 22.08 | | | | | [ 45 ] | 2.92 |
| 20100722 | 85025 | 8.00 | 8.00 | | | | | | |



HUMANA
RECIBIDO
AUG 1 6 2010

*Inmediate * Electronic Remittance Advice * - 835*

## Explanation of Payments Report

Date: 8/4/2010 12:36:40PM
Pages: 4 of 6

| Totals: | 51.50 | 45.83 | | | | | | 5.62 |
|---|---|---|---|---|---|---|---|---|

**Claim Number** 72842    **Patient Name**    **Member Number** 0080012448551    **Amount Paid Claim Status** 47.53 Processed as Primary
**Payer Control Number** EA07241002952

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100720 | 80053 | 19.00 | 16.15 | | | | | [ 45 ] 2.85 |
| 20100720 | 80061 | 22.00 | 18.70 | | | | | [ 45 ] 3.30 |
| 20100720 | 81001 | 5.50 | 4.68 | | | | | [ 45 ] 0.82 |
| 20100720 | 85025 | 8.00 | 8.00 | | | | | |
| **Totals:** | | **54.50** | **47.53** | | | | | **6.97** |

**Claim Number** 72857    **Patient Name**    **Member Number** 0080010448152    **Amount Paid Claim Status** 58.92 Processed as Primary
**Payer Control Number** EA07241002951

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100721 | 80048 | 13.00 | 11.12 | | | | | [ 45 ] 1.88 |
| 20100721 | 81001 | 5.50 | 4.68 | | | | | [ 45 ] 0.82 |
| 20100721 | 82465 | 6.00 | 6.00 | | | | | |
| 20100721 | 82951 | 18.00 | 16.92 | | | | | [ 45 ] 1.08 |
| 20100721 | 82952 | 2.00 | 2.00 | | | | | |
| 20100721 | 84478 | 12.00 | 10.20 | | | | | [ 45 ] 1.80 |
| 20100721 | 85025 | 8.00 | 8.00 | | | | | |
| **Totals:** | | **64.50** | **58.92** | | | | | **5.58** |

**Claim Number** 72932    **Patient Name**    **Member Number** 0080015067894    **Amount Paid Claim Status** 48.38 Processed as Primary
**Payer Control Number** EA07241002950

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100723 | 80061 | 22.00 | 18.70 | | | | | [ 45 ] 3.30 |
| 20100723 | 81001 | 5.50 | 4.68 | | | | | [ 45 ] 0.82 |
| 20100723 | 82947 | 5.00 | 5.00 | | | | | |
| 20100723 | 84450 | 6.00 | 6.00 | | | | | |
| 20100723 | 84460 | 6.00 | 6.00 | | | | | |
| 20100723 | 85025 | 8.00 | 8.00 | | | | | |
| **Totals:** | | **52.50** | **48.38** | | | | | **4.12** |

**Claim Number** 72865    **Patient Name**    **Member Number** 0080010469400    **Amount Paid Claim Status** 4.68 Processed as Primary
**Payer Control Number** EA07241002959

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100721 | 81001 | 5.50 | 4.68 | | | | | [ 45 ] 0.82 |
| **Totals:** | | **5.50** | **4.68** | | | | | **0.82** |

**Claim Number** 72903    **Patient Name**    **Member Number** 0080009325998    **Amount Paid Claim Status** 66.03 Processed as Primary
**Payer Control Number** EA07241002953

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100722 | 80053 | 19.00 | 16.15 | | | | | [ 45 ] 2.85 |
| 20100722 | 80061 | 22.00 | 18.70 | | | | | [ 45 ] 3.30 |
| 20100722 | 81001 | 5.50 | 4.68 | | | | | [ 45 ] 0.82 |
| 20100722 | 82042 | 4.00 | 4.00 | | | | | |
| 20100722 | 82270 | 9.00 | 9.00 | | | | | |


HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

*Inmediate * Electronic Remittance Advice * - 835*

## Explanation of Payments Report

Date: 8/4/2010 12:36:40PM
Pages:    5    of   6

| 20100722 | 82875 | 15.00 | 12.75 | | | | [ 45 ] | 2.25 |
| 20100722 | 83036 | 15.00 | 12.75 | | | | [ 45 ] | 2.25 |
| 20100722 | 85025 | 8.00 | 8.00 | | | | | |
| Totals: | | 97.50 | 86.03 | | | | | 11.47 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | |
|---|---|---|---|---|---|---|---|---|
| 72902 | | | | 0080009337443 | | 271.83 | Processed as Primary | |
| Payer Control Number | | | | | | | | |
| EA07241002957 | | | | | | | | |

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100722 | 80053 | 19.00 | 16.15 | | | | | [ 45 ]  2.85 |
| 20100722 | 81001 | 5.50 | 4.68 | | | | | [ 45 ]  0.82 |
| 20100722 | 85025 | 8.00 | 8.00 | | | | | |
| 20100722 | 85651 | 5.00 | 5.00 | | | | | |
| 20100722 | 86644 | 18.00 | 18.00 | | | | | |
| 20100722 | 86645 | 26.00 | 26.00 | | | | | |
| 20100722 | 86663 | 64.00 | 64.00 | | | | | |
| 20100722 | 86695 | 19.00 | 19.00 | | | | | |
| 20100722 | 86762 | 26.00 | 13.00 | | | | | [ 45 ]  13.00 |
| 20100722 | 86777 | 14.00 | 14.00 | | | | | |
| 20100722 | 86778 | 39.00 | 39.00 | | | | | |
| 20100722 | 87273 | 45.00 | 45.00 | | | | | |
| Totals: | | 288.50 | 271.83 | | | | | 16.67 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | |
|---|---|---|---|---|---|---|---|---|
| 72931 | | | | 0080005045620 | | 36.38 | Processed as Primary | |
| Payer Control Number | | | | | | | | |
| EA07241002956 | | | | | | | | |

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100723 | 80061 | 22.00 | 18.70 | | | | | [ 45 ]  3.30 |
| 20100723 | 81001 | 5.50 | 4.68 | | | | | [ 45 ]  0.82 |
| 20100723 | 82947 | 5.00 | 5.00 | | | | | |
| 20100723 | 85025 | 8.00 | 8.00 | | | | | |
| Totals: | | 40.50 | 36.38 | | | | | 4.12 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | |
|---|---|---|---|---|---|---|---|---|
| 72911 | | | | 0080005412961 | | 16.15 | Processed as Primary | |
| Payer Control Number | | | | | | | | |
| EA07241002955 | | | | | | | | |

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100722 | 80053 | 19.00 | 16.15 | | | | | [ 45 ]  2.85 |
| Totals: | | 19.00 | 16.15 | | | | | 2.85 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | |
|---|---|---|---|---|---|---|---|---|
| 72853 | | | | 0080002430627 | | 32.60 | Processed as Primary | |
| Payer Control Number | | | | | | | | |
| EA07241002954 | | | | | | | | |

| Service Date | Proc. Code | Billed | Paid | Deductible | Coins | Copay | Tax W/H | Other Adjs |
|---|---|---|---|---|---|---|---|---|
| 20100721 | 81001 | 5.50 | 4.18 | | | 0.50 | | [ 45 ]  0.82 |
| 20100721 | 82951 | 18.00 | 16.42 | | | 0.50 | | [ 45 ]  1.08 |
| 20100721 | 82952 | 6.00 | 4.50 | | | 1.50 | | |
| 20100721 | 85025 | 8.00 | 7.50 | | | 0.50 | | |
| Totals: | | 37.50 | 32.60 | | | 3.00 | | 1.90 |

| Claim Number | Patient Name | | | Member Number | | Amount Paid | Claim Status | |
|---|---|---|---|---|---|---|---|---|
| 72888 | CALO RIVERA, | | | 0080016500518 | | 16.15 | Processed as Primary | |
| Payer Control Number | | | | | | | | |
| EA07241002952 | | | | | | | | |

HUMANA
RECIBIDO

AUG 1 6 2010

Original...

017

08-16-'10 15:12 FROM-humana-ANNEXREFORM     7876225912          T-062  P0018/0048 F-775

*3*

# Listado de Pruebas con Reducciones
# Unilaterales en Tarifas

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

| CPT | Description | 12/8/2008 Rates | 07/01/2010 Rates | Reduction | % |
|---|---|---|---|---|---|
| 80048 | Basic metabolic panel (Calcium, | $13.00 | $11.12 | $1.88 | 14.5% |
| 80053 | Comprehensive metabolic panel | $19.00 | $16.15 | $2.85 | 15.0% |
| 80061 | Lipid panel This panel must include | $22.00 | $18.70 | $3.30 | 15.0% |
| 80074 | Acute hepatitis panel This panel | $65.00 | $62.59 | $2.41 | 3.7% |
| 80076 | Hepatic function panel This panel | $15.00 | $12.75 | $2.25 | 15.0% |
| 80164 | Dipropylacetic acid | $25.00 | $21.25 | $3.75 | 15.0% |
| 81000 | Urinalysis, by dip stick or tablet | $5.50 | $4.68 | $0.82 | 14.9% |
| 81001 | Urinalysis, by dip stick or tablet | $5.50 | $4.68 | $0.82 | 14.9% |
| 82017 | Acylcarnitines, quantitative | $220.00 | $187.00 | $33.00 | 15.0% |
| 82043 | Albumin; urine, microalbumin, | $65.00 | $55.25 | $9.75 | 15.0% |
| 82105 | Alphafetoprotein | $25.00 | $22.04 | $2.96 | 11.8% |
| 82306 | Assay of Vitamin D | $110.00 | $93.50 | $16.50 | 15.0% |
| 82378 | Carcinoembryonic antigen | $32.00 | $27.20 | $4.80 | 15.0% |
| 82379 | Carnitine | $105.00 | $89.25 | $15.75 | 15.0% |
| 82550 | Creatine kinase (CK), (CPK); total | $14.00 | $11.90 | $2.10 | 15.0% |
| 82575 | Creatinine; clearance | $15.00 | $12.75 | $2.25 | 15.0% |
| 82652 | Dihydroxyvitamin D | $190.00 | $161.50 | $28.50 | 15.0% |
| 82670 | Estradiol | $45.00 | $38.25 | $6.75 | 15.0% |
| 82672 | Estrogen | $35.00 | $29.75 | $5.25 | 15.0% |
| 82950 | Glucose; post glucose dose | $7.00 | $6.24 | $0.76 | 10.9% |
| 82951 | Glucose; tolerance test (GTT), 3 | $19.00 | $16.92 | $2.08 | 10.9% |
| 83036 | Hemoglobin; glycosylated (A1C) | $15.00 | $12.75 | $2.25 | 15.0% |
| 83721 | Lipoprotein | $22.00 | $18.70 | $3.30 | 15.0% |
| 83896 | Molecular Diagnostics | $32.00 | $27.20 | $4.80 | 15.0% |
| 83918 | Organic Acids | $150.00 | $127.50 | $22.50 | 15.0% |
| 83970 | Parathormone | $90.00 | $76.50 | $13.50 | 15.0% |
| 84153 | PSA Total | $28.00 | $24.17 | $3.83 | 13.7% |
| 84305 | Somatomedin | $120.00 | $102.00 | $18.00 | 15.0% |
| 84402 | Testosterone | $60.00 | $51.00 | $9.00 | 15.0% |
| 84439 | Thyroxine free | $15.00 | $12.75 | $2.25 | 15.0% |
| 84443 | TSH | $25.00 | $22.08 | $2.92 | 11.7% |
| 84478 | Triglycerides | $12.00 | $10.20 | $1.80 | 15.0% |
| 84481 | T-3 Free | $45.00 | $38.25 | $6.75 | 15.0% |
| 84702 | Gonadotropin, chorionic (hCG); | $24.00 | $20.40 | $3.60 | 15.0% |
| 84703 | Gonadotropin, chorionic (hCG); | $13.00 | $11.05 | $1.95 | 15.0% |
| 85610 | PT | $8.00 | $6.80 | $1.20 | 15.0% |
| 86003 | Allergen IgE | $38.00 | $32.30 | $5.70 | 15.0% |
| 86038 | Antinuclear antibodies (ANA); | $28.00 | $23.80 | $4.20 | 15.0% |
| 86141 | hs C-reactive protein; | $95.00 | $80.75 | $14.25 | 15.0% |
| 86160 | Complement Antigen | $18.00 | $15.78 | $2.22 | 12.3% |
| 86225 | DNA antobody | $30.00 | $25.50 | $4.50 | 15.0% |
| 86235 | Nuclear antigen antibody | $52.00 | $44.20 | $7.80 | 15.0% |
| 86256 | Fluorescent antibody titer | $20.00 | $17.00 | $3.00 | 15.0% |
| 86304 | CA 125 | $43.00 | $36.55 | $6.45 | 15.0% |
| 86316 | Immnunoassay, tumor | $32.00 | $27.20 | $4.80 | 15.0% |
| 86336 | Inhibin A | $95.00 | $80.75 | $14.25 | 15.0% |
| 86360 | T cell, absolute count/ratio | $65.00 | $61.74 | $3.26 | 5.0% |
| 86376 | Microsomal antibody | $22.00 | $19.13 | $2.87 | 13.0% |
| 86592 | Syphilis test, non-treponemal | $7.00 | $5.95 | $1.05 | 15.0% |
| 86677 | H. pylori | $95.00 | $80.75 | $14.25 | 15.0% |
| 86701 | Antibody; HIV-1 | $25.00 | $21.25 | $3.75 | 15.0% |
| 86710 | Antibody; influenza virus | $140.00 | $119.00 | $21.00 | 15.0% |
| 86800 | Thyroglobulin antibody | $35.00 | $29.75 | $5.25 | 15.0% |
| 86803 | Hepatitis C ab | $35.00 | $29.75 | $5.25 | 15.0% |
| 86900 | Blood typing; ABO | $6.00 | $5.10 | $0.90 | 15.0% |
| 86901 | Blood typing; Rh (D) | $6.00 | $5.10 | $0.90 | 15.0% |
| 87040 | Culture, bacterial; blood, aerobic, | $20.00 | $16.16 | $3.84 | 19.2% |
| 87070 | Culture, bacterial; any other source | $18.00 | $15.30 | $2.70 | 15.0% |
| 87088 | Culture, urine | $19.00 | $16.15 | $2.85 | 15.0% |
| 87110 | Chlamydia culture | $31.00 | $26.35 | $4.65 | 15.0% |
| 87490 | Chlamydia trach, DNA direct probe | $56.00 | $47.60 | $8.40 | 15.0% |
| 87521 | Hepatitis C, RNA amp probe | $180.00 | $153.00 | $27.00 | 15.0% |

HUMANA
RECIBIDO
AUG 16 2010
Critical Inquiry Unit

EXHIBIT

4

# Listado de Tarifas en Efecto
# Al 31 de junio de 2010

HUMANA
RECIBIDO
AUG 1 6 2010

Critical Inquiry Unit

01/18/07 17:23:23

**Refuna**

RENAL & VISION 1100, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

HUMANA
RECIBIDO
AUG 16 2010
Critical Inquiry Unit

PAGE 1

| Fee | From Serv. Code | To Serv. Code | Serv. Code | MD | Description | Current Price | Relative Value |
|---|---|---|---|---|---|---|---|
| NPR | 00000 | 87999 | 80048 | | BASIC METABOLIC PANEL | 13.00 | .000 |
| | | | 80050 | | GENERAL HEALTH PANEL | 52.00 | .000 |
| | | | 80051 | | ELECTROLYTE PANEL | 11.00 | .000 |
| | | | 80053 | | COMPREHENSIVE METABOLIC PANEL | 16.00 | .000 |
| | | | 80061 | | LIPID PANEL | 22.00 | .000 |
| | | | 80069 | | RENAL FUNCTION PANEL | 17.00 | .000 |
| | | | 80074 | | ACUTE HEPATITIS PANEL | 65.00 | .000 |
| | | | 80076 | | HEPATIC FUNCTION PANEL | 15.00 | .000 |
| | | | 80100 | | DRUG SCREEN QUAL; EA DRUG CLASS CHROMAT EA PROC | 15.00 | .000 |
| | | | 80101 | | DRUG SCREEN QUAL; SINGLE EA CLASS METH EA EX CLASS | 10.00 | .000 |
| | | | 80102 | | DRUG CONFIRMATION EACH PROCEDURE | 10.00 | .000 |
| | | | 80103 | | TISSUE PREPARATION FOR DRUG ANALYSIS | 7.00 | .000 |
| | | | 80150 | | AMIKACIN | 35.00 | .000 |
| | | | 80152 | | AMITRIPTYLINE | 35.00 | .000 |
| | | | 80154 | | BENZODIAZEPINES | 70.00 | .000 |
| | | | 80156 | | CARBAMAZEPINE; TOTAL | 21.00 | .000 |
| | | | 80157 | | CARBAMAZEPINE; FREE | 45.00 | .000 |
| | | | 80158 | | CYCLOSPORINE | 90.00 | .000 |
| | | | 80162 | | DIGOXIN | 70.00 | .000 |
| | | | 80164 | | DIPROPYLACETIC ACID | 22.00 | .000 |
| | | | 80168 | | ETHOSUXIMIDE | 70.00 | .000 |
| | | | 80170 | | GENTAMICIN | 60.00 | .000 |
| | | | 80172 | | GOLD | 27.00 | .000 |
| | | | 80173 | | HALOPERIDOL | 65.00 | .000 |
| | | | 80174 | | IMIPRAMINE | 75.00 | .000 |
| | | | 80176 | | LIDOCAINE | 40.00 | .000 |
| | | | 80178 | | LITHIUM | 65.00 | .000 |
| | | | 80182 | | NORTRIPTYLINE | 10.00 | .000 |
| | | | 80184 | | PHENOBARBITAL | 70.00 | .000 |
| | | | 80185 | | PHENYTOIN; TOTAL | 15.00 | .000 |
| | | | 80186 | | PHENYTOIN; FREE | 40.00 | .000 |
| | | | 80188 | | PRIMIDONE | 19.00 | .000 |
| | | | 80190 | | PROCAINAMIDE; | 15.00 | .000 |
| | | | 80192 | | PROCAINAMIDE; WITH METABOLITES | 35.00 | .000 |
| | | | 80194 | | QUINIDINE | 30.00 | .000 |
| | | | 80195 | | SIROLIMUS | 220.00 | .000 |
| | | | 80196 | | SALICYLATE | 13.00 | .000 |
| | | | 80197 | | TACROLIMUS | 155.00 | .000 |
| | | | 80198 | | THEOPHYLLINE | 22.00 | .000 |
| | | | 80199 | | TOCAINIDE | 13.00 | .000 |
| | | | 80200 | | TOBRAMYCIN | 38.00 | .000 |
| | | | 80201 | | TOPIRAMATE | 95.00 | .000 |
| | | | 80202 | | VANCOMYCIN | 65.00 | .000 |

QTY: (PRESODIUM/SVCQ011)

01/18/07   17:12:21

**HUMANA DE PUERTO RICO, INC.**
**FEE SCHEDULE LISTING**
**(ACTIVE SERVICE CODES)**

PAGE   2

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

| Fee | From Serv. Code | To Serv. Code |
| --- | --- | --- |
| MKR | 80000 | 87999 |

| Serv. Code | ID | Description | Current Price | Relative Value |
| --- | --- | --- | --- | --- |
| 80359 | | QUANTITATION OF DRUG NOT ELSEWHERE SPECIFIED | 80.00 | .000 |
| 80400 | | ACTH STIMULATION PANEL; ADRENAL INSUFFICIENCY | 55.00 | .000 |
| 80402 | | ACTH STIM PANEL; 11 HYDROXYLASE DEFICIENCY | 100.00 | .000 |
| 80406 | | ACTH STIM PANEL; 3 BETA-HYDROXYDEHYDROGEN DEF | 200.00 | .000 |
| 80408 | | ALDOSTERONE SUPPRESSION EVALUATION PANEL | 160.00 | .000 |
| 80410 | | CALCITONIN STIM PANEL | 260.00 | .000 |
| 80412 | | CORTICOTROPIC RELEASING HORMONE STIM PANEL | 510.00 | .000 |
| 80414 | | CHORIONIC GONADOTROPIN STIM PANEL, TESTOSTERONE | 65.00 | .000 |
| 80415 | | CHORIONIC GONADOTROPIN STIM PANEL; ESTRADIOL RESP | 310.00 | .000 |
| 80416 | | RENAL VEIN RENIN STIMULATION PANEL | 150.00 | .000 |
| 80417 | | PERIPHERAL VEIN RENIN STIMULATION PANEL | 350.00 | .000 |
| 80418 | | COMBO RAPID ANTERIOR PITUITARY EVALUATION PANEL | 110.00 | .000 |
| 80419 | | DEXAMETHASONE SUPPRESSION PANEL, 48 HOUR | 900.00 | .000 |
| 80420 | | GLUCAGON TOLERANCE PANEL, INSULINOMA | 35.00 | .000 |
| 80422 | | GLUCAGON TOLERANCE PANEL, PHEOCHROMOCYTOMA | | .000 |
| 80424 | | GONADOTROPIN RELEASING HORMONE STIM PANEL | 175.00 | .000 |
| 80426 | | GROWTH HORMONE STIMULATION PANEL | 50.00 | .000 |
| 80428 | | GROWTH HORMONE SUPPRESSION PANEL | 50.00 | .000 |
| 80430 | | INSULIN TOLERANCE PANEL; C-PEPTIDE | 100.00 | .000 |
| 80432 | | INSULIN TOLERANCE PANEL; ACTH INSUFFICIENCY | 140.00 | .000 |
| 80434 | | INSULIN TOLERANCE PANEL; GROWTH HORMONE SERVICE | 90.00 | .000 |
| 80435 | | METYRAPONE PANEL | 200.00 | .000 |
| 80436 | | TRH STIMULATION PANEL; 1 HR | 200.00 | .000 |
| 80438 | | TRH STIMULATION PANEL; 2 HR | 70.00 | .000 |
| 80439 | | CLIN PATH CONSLT; LTD W/O REV PTS EXAMD RECORDS | 30.00 | .000 |
| 80440 | | CLINIC PATH CONSLT; COMP COMPLX EX W/REVIEW | 41.00 | .000 |
| 80500 | | UA DIP STICK/TABLET REAGENT; NON-AUTO W/MICRO | 5.50 | .000 |
| 80502 | | UA DIP STICK/TABLET REAGENT; AUTO W/MICRO | 2.50 | .000 |
| 81000 | | UA DIP STICK/TABLET REAGENT; NON-AUTO NON-MICRO | 5.50 | .000 |
| 81001 | | UA DIP STICK/TABLET REAGENT; AUTO NON-AUTO | 2.50 | .000 |
| 81002 | | UA DIP STICK/TABLET REAGENT; W/O MICRO NON-AUTO | 2.50 | .000 |
| 81003 | | UA DIP STICK/TABLET REAGENT; W/O MICRO AUTO | 2.50 | .000 |
| 81005 | | UA QUALITATIVE; BACTERIURIA SCREEN NO CULT/DIPSTIC | 2.50 | .000 |
| 81007 | | UA; BACTERIURIA SCREEN EXCEPT BY CULTURE | 2.50 | .000 |
| 81015 | | URINALYSIS; MICROSCOPIC ONLY | 2.50 | .000 |
| 81020 | | URINALYSIS; TWO OR THREE GLASS TEST | 6.00 | .000 |
| 81025 | | URINE PREGNANCY TEST VISUAL COLOR COMPAR METHOD | 4.00 | .000 |
| 81050 | | VOLUME MEASUREMENT FOR TIMED COLLECTION EACH | 4.00 | .000 |
| 81099 | | UNLISTED URINALYSIS PROCEDURE | | .000 |
| 82000 | | ACETALDEHYDE BLOOD | 65.00 | .000 |
| 82003 | | ACETAMINOPHEN | 35.00 | .000 |
| 82009 | | ACETONE/OTHER KETONE BODIES SERUM; QUALITATIVE | 1.40 | .000 |
| 82010 | | ACETONE/OTHER KETONE BODIES SERUM; QUANTITATIVE | 5.00 | .000 |
| 82013 | | ACETYLCHOLINESTERASE | 60.00 | .000 |
| 82016 | | ACYLCARNITINES; QUALITATIVE EACH SPECIMEN | 170.00 | .000 |
| 82017 | | ACYLCARNITINES; QUANTITATIVE EACH SPECIMEN | 220.00 | .000 |

QTY:   (FROMPROD/SVCQ01)



01/18/07 17:12:21

Fee: SUR

From Serv. Code: 80000

To Serv. Code: 87999

# HUMANA DE PUERTO RICO, INC.
## FEE SCHEDULE LISTING
### (ACTIVE SERVICE CODES)

HUMANA RECIBIDO AUG 1 6 2010 Critical Inquiry Unit

PAGE 3

| Serv. Code | No | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 82024 | | ADRENOCORTICOTROPIC HORMONE | 88.00 | .000 |
| 82030 | | ADENOSINE 5-MONOPHOSPHATE CYCLIC | 42.00 | .000 |
| 82040 | | ALBUMIN; SERUM | 5.00 | .000 |
| 82042 | | ALBUMIN; URINE/CSF SOURCE QUAN EA SPECIMEN | 4.00 | .000 |
| 82043 | | ALBUMIN; URINE MICROALBUMIN QUANTITATIVE | 65.00 | .000 |
| 82044 | | ALBUMIN; URINE MICROALBUMIN SEMIQUANTITATIVE | 8.00 | .000 |
| 82045 | | ALBUMIN; ISCHEMIA MODIFIED | 60.00 | .000 |
| 82055 | | ALCOHOL; ANY SPECIMEN EXCEPT BREATH | 23.00 | .000 |
| 82075 | | ALCOHOL; BREATH | 20.00 | .000 |
| 82085 | | ALDOLASE | 12.00 | .000 |
| 82088 | | ALDOSTERONE | 140.00 | .000 |
| 82101 | | ALKALOIDS URINE QUANTITATIVE | 33.00 | .000 |
| 82103 | | ALPHA-1-ANTITRYPSIN; TOTAL | 55.00 | .000 |
| 82104 | | ALPHA-1-ANTITRYPSIN; PHENOTYPE | 50.00 | .000 |
| 82105 | | ALPHA-FETOPROTEIN; SERUM | 25.00 | .000 |
| 82106 | | ALPHA-FETOPROTEIN; AMNIOTIC FLUID | 26.00 | .000 |
| 82108 | | ALUMINUM | 25.00 | .000 |
| 82120 | | AMINES VAGINAL FLUID QUALITATIVE | 25.00 | .000 |
| 82127 | | AMINO ACIDS; SINGLE QUALITATIVE EACH SPECIMEN | 16.00 | .000 |
| 82128 | | AMINO ACIDS; MULTIPLE QUALITATIVE EACH SPECIMEN | 29.00 | .000 |
| 82131 | | AMINO ACIDS; SINGLE QUANTITATIVE EACH SPECIMEN | 45.00 | .000 |
| 82135 | | AMINOLEVULINIC ACID DELTA | 65.00 | .000 |
| 82136 | | AMINO ACIDS 2 TO 5 AMINO ACIDS QUAN EA SPECIMEN | 20.00 | .000 |
| 82139 | | AMINO ACIDS 6/MORE AMINO ACIDS QUAN EA SPECIMEN | 100.00 | .000 |
| 82140 | | AMMONIA | 18.00 | .000 |
| 82143 | | AMNIOTIC FLUID SCAN | 18.00 | .000 |
| 82150 | | AMYLASE | 10.00 | .000 |
| 82154 | | ANDROSTANEDIOL GLUCURONIDE | 16.00 | .000 |
| 82157 | | ANDROSTENEDIONE | 75.00 | .000 |
| 82160 | | ANDROSTERONE OR METABOLITES | 60.00 | .000 |
| 82163 | | ANGIOTENSIN II | 35.00 | .000 |
| 82164 | | ANGIOTENSIN I - CONVERTING ENZYME | 35.00 | .000 |
| 82172 | | APOLIPOPROTEIN EACH | 38.00 | .000 |
| 82175 | | ARSENIC | 8.00 | .000 |
| 82180 | | ASCORBIC ACID BLOOD | 8.00 | .000 |
| 82190 | | ATOMIC ABSORPTION SPECTROSCOPY EACH ANALYTE | 60.00 | .000 |
| 82205 | | BARBITURATES NOT ELSEWHERE SPECIFIED | 18.00 | .000 |
| 82232 | | BETA-2 MICROGLOBULIN | 40.00 | .000 |
| 82239 | | BILE ACIDS; TOTAL | 50.00 | .000 |
| 82240 | | BILE ACIDS; CHOLYLGLYCINE | 11.00 | .000 |
| 82247 | | BILIRUBIN; TOTAL | 5.00 | .000 |
| 82248 | | BILIRUBIN; DIRECT | 6.00 | .000 |
| 82252 | | BILIRUBIN; FECES QUALITATIVE | 2.00 | .000 |
| 82261 | | BIOTINIDASE EACH SPECIMEN | 80.00 | .000 |

CR1: (PLNGOPCM/SVCQ01)

01/18/07 17:12:21

Pos
MFR

From
Serv. Code
80000

To
Serv. Code
87999

HUMANA DE PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

PAGE   4

| Serv. Code ID | Description | Current Price | Relative Value |
|---|---|---|---|
| 83270 | BLD OCCULT PEROXIDASE ACTV QUAL FECES 1 DETER | 3.00 | .000 |
| 83271 | BLD OCCULT PEROXIDASE ACTV QUAL OTH SRCS | 3.00 | .000 |
| 83272 | BLD OCCULT PEROXIDASE ACTV QUAL FECES 1 SPEC | 3.00 | .000 |
| 83273 | BLD OCCULT PEROXIDASE ACTV QUAL, OTH SOURCE | 3.00 | .000 |
| 83274 | BLD OCCULT FROM LRG INTSTNL QUAL FECES 1-3 | 25.00 | .000 |
| 83286 | BIOTINIDASE | 35.00 | .000 |
| 83300 | CADMIUM | 55.00 | .000 |
| 83306 | CALCIFEDIOL | 110.00 | .000 |
| 83307 | CALCIFEDIOL | 140.00 | .000 |
| 83308 | CALCITRIOL | 110.00 | .000 |
| 83309 | CALCIUM, TOTAL | 5.00 | .000 |
| 83310 | CALCIUM, TOTAL | 35.00 | .000 |
| 83330 | CALCIUM, IONIZED | 8.00 | .000 |
| 83331 | CALCIUM, AFTER CALCIUM INFUSION TEST | 9.00 | .000 |
| 83340 | CALCIUM, URINE QUANTITATIVE TIMED SPECIMEN | 8.00 | .000 |
| 83360 | CALCULUS; QUALITATIVE ANALYSIS | 30.00 | .000 |
| 83365 | CALCULUS; QUANTITATIVE ANALYSIS CHEMICAL | 28.00 | .000 |
| 83366 | CALCULUS; INFRARED SPECTROSCOPY | 28.00 | .000 |
| 83368 | CALCULUS; X-RAY DIFFRACTION | 28.00 | .000 |
| 83370 | CARBOHYDRATE DEFICIENT TRANSFERRIN | 5.00 | .000 |
| 83371 | CARBON DIOXIDE | 5.00 | .000 |
| 83372 | CARBON DIOXIDE, QUANTITATIVE | 35.00 | .000 |
| 83373 | CARBON MONOXIDE, QUANTITATIVE/QUALITATIVE | 7.00 | .000 |
| 83375 | CARCINOEMBRYONIC ANTIGEN | 32.00 | .000 |
| 83376 | CARNITINE QUANTITATIVE EACH SPECIMEN | 105.00 | .000 |
| 83379 | CAROTENE | 95.00 | .000 |
| 83380 | CATECHOLAMINES; TOTAL URINE | 95.00 | .000 |
| 83381 | CATECHOLAMINES; BLOOD | 95.00 | .000 |
| 83382 | CATECHOLAMINES; FRACTIONATED | 50.00 | .000 |
| 83383 | CATECHOLAMINE-D | 27.00 | .000 |
| 83384 | CEFALOSPORIN | 27.00 | .000 |
| 83387 | CHLAMYDIA FLUORESCENT ASSAY | 5.00 | .000 |
| 83390 | CHLORIDE; BLOOD | 65.00 | .000 |
| 83397 | CHLORIDE; BLOOD | 5.00 | .000 |
| 83415 | CHLORIDE; OTHER SOURCE | 5.00 | .000 |
| 83416 | CHLORIDE; URINE | 5.00 | .000 |
| 83435 | CHLORDIAZEPOXIDE SCREEN | 5.00 | .000 |
| 83436 | CHOLESTEROL; SERUM OR BLOOD TOTAL | 7.00 | .000 |
| 83437 | CHOLESTEROL; SERUM | 52.00 | .000 |
| 83438 | CHOLESTEROL; HDC | 52.00 | .000 |
| 83441 | CHROMOTIN B SQUARE QUANTITATIVE | 45.00 | .000 |
| 83455 | CHROMATOGRAPHY QUALITATIVE, COLUMN ANALYTE EES | 28.00 | .000 |
| 83460 | CHROMATOGRAPHY QUAL, PAPER 1-DIMENS ANALYTE EES | 35.00 | .000 |
| 83462 | CHROMATOGRAPHY QUAL, PAPER 2-DIMENS ANALYTE EES | 35.00 | .000 |
| 83465 | CHROMATOGRAPHY (QUALITATIVE), THIN LAYER ANALYTE EES | 35.00 | .000 |
| 83466 | CHROMATOGRAPHY (QUAN COLUMN) 1 ANALYTE EES | 60.00 | .000 |

QBY: (PHYSICIAN/SVCQUAL)

024



08-16-'10 15:13 FROM-humana-ANNEXREFORM     7876225912         T-062  P0025/0048 F-775

01/18/07  17:13:21

HUMANA DE PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

PAGE   5

| WPR | Yes | From Serv. Code | To Serv. Code | Serv. Code | MD | Description | Current Price | Relative Value |
|---|---|---|---|---|---|---|---|---|
| | | 80000 | 87999 | 82492 | | CHROMATOGRAPHY QUAN COLUMN; MS ANALYTES | 60.00 | .000 |
| | | | | 82495 | | CHROMATE | 60.00 | .000 |
| | | | | 82507 | | CITRATE | 45.00 | .000 |
| | | | | 82520 | | COCAINE OR METABOLITE | 15.00 | .000 |
| | | | | 82523 | | COLLAGEN CROSS LINKS ANY METHOD | 40.00 | .000 |
| | | | | 82525 | | COPPER | 45.00 | .000 |
| | | | | 82528 | | CORTICOSTERONE | 28.00 | .000 |
| | | | | 82530 | | CORTISOL; FREE | 28.00 | .000 |
| | | | | 82533 | | CORTISOL; TOTAL | 35.00 | .000 |
| | | | | 82540 | | CREATINE | 30.00 | .000 |
| | | | | 82541 | | CHROM CHROMATO/SPECTROM-ANALYTE MES; QUAL-SING | 20.00 | .000 |
| | | | | 82542 | | CHROMATO/SPECTROM-ANALYTE MES; ISOTOPE DILUT-1 | 14.00 | .000 |
| | | | | 82543 | | CHROMATO/SPECTROM-ANALYTE MES; ISOTOPE DILUT-MX | 291.00 | .000 |
| | | | | 82544 | | CHROMATO/SPECTROM-ANALYTE MES; ISOTOPE DILUT-MX | 14.00 | .000 |
| | | | | 82550 | | CREATINE KINASE; TOTAL | 25.00 | .000 |
| | | | | 82552 | | CREATINE KINASE; ISOENZYME | 20.00 | .000 |
| | | | | 82553 | | CREATINE KINASE; MB FRACTION ONLY | 25.00 | .000 |
| | | | | 82554 | | CREATINE KINASE; ISOFORMS | 15.00 | .000 |
| | | | | 82565 | | CREATININE; BLOOD | 10.00 | .000 |
| | | | | 82570 | | CREATININE; OTHER SOURCE | 5.50 | .000 |
| | | | | 82575 | | CREATININE; CLEARANCE | 8.00 | .000 |
| | | | | 82585 | | CRYOFIBRINOGEN | 10.00 | .000 |
| | | | | 82595 | | CRYOGLOBULIN QUALITATIVE OR SEMI-QUANTITATIVE | 11.00 | .000 |
| | | | | 82600 | | CYANIDE | 70.00 | .000 |
| | | | | 82607 | | CYANOCOBALAMIN | 25.00 | .000 |
| | | | | 82608 | | CYANOCOBALAMIN; UNSATURATED BINDING CAPACITY | 27.00 | .000 |
| | | | | 82615 | | CYSTINE AND HOMOCYSTINE URINE QUALITATIVE | 23.00 | .000 |
| | | | | 82626 | | DEHYDROEPIANDROSTERONE | 44.00 | .000 |
| | | | | 82627 | | DEHYDROEPIANDROSTERONE-SULFATE | 100.00 | .000 |
| | | | | 82633 | | DESOXYCORTICOSTERONE 11- | 100.00 | .000 |
| | | | | 82634 | | DEOXYCORTISOL 11- | 10.00 | .000 |
| | | | | 82638 | | DIBUCAINE NUMBER | 25.00 | .000 |
| | | | | 82646 | | DIHYDROCODEINONE | 25.00 | .000 |
| | | | | 82649 | | DIHYDROMORPHINONE | 25.00 | .000 |
| | | | | 82651 | | DIHYDROTESTOSTERONE | 150.00 | .000 |
| | | | | 82652 | | DIHYDROXYVITAMIN D 1,25- | 85.00 | .000 |
| | | | | 82654 | | DIMETHADIONE | 30.00 | .000 |
| | | | | 82656 | | ELASTASE PANCREATIC FECAL QUALITATIVE/SEMIQUAN | 86.00 | .000 |
| | | | | 82657 | | ENZYM ACTV-NO CELL/CELL CHEM/TISS MES; NONRAD | .00 | .000 |
| | | | | 82658 | | ENZYM ACTV-NO CELL/CELL CHEM/TISS MES; RAD | .00 | .000 |
| | | | | 82664 | | ELECTROPHORETIC TECHNIQUE NES | 23.00 | .000 |
| | | | | 82666 | | EPIANDROSTERONE | 29.00 | .000 |
| | | | | 82668 | | ERYTHROPOIETIN | .00 | .000 |
| | | | | 82670 | | ESTRADIOL | 70.00 | .000 |
| | | | | 82671 | | ESTROGENS; FRACTIONATED | 45.00 | .000 |
| | | | | 82672 | | ESTROGENS; TOTAL | 35.00 | .000 |

QK: (PREMIUM/STOCK01)

01/18/07 17:13:21

| | | | | HUMANA OF PUERTO RICO, INC. FEE SCHEDULE LISTING (ACTIVE SERVICE CODES) | PAGE 6 |

Fee: NPR  From Serv. Code: 00000  To Serv. Code: 87999

HUMANA RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

| Serv. Code | ID | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 83677 | | ESTRIOL | 30.00 | .000 |
| 83679 | | ESTRONE | 34.00 | .000 |
| 82390 | | CERULOPLASMIN | 28.00 | .000 |
| 82163 | | DIBUCAINE | 26.00 | .000 |
| 82693 | | ETHYLENE GLYCOL | 65.00 | .000 |
| 82696 | | ETIOCHOLANOLONE | 11.00 | .000 |
| 82705 | | FAT OR LIPID FECES; QUALITATIVE | 15.00 | .000 |
| 82710 | | FAT OR LIPID FECES; QUANTITATIVE | 35.00 | .000 |
| 82715 | | FAT DIFFERENTIAL FECES QUANTITATIVE | 20.00 | .000 |
| 82725 | | FATTY ACIDS NONESTERIFIED | 18.00 | .000 |
| 82726 | | VERY LONG CHAIN FATTY ACIDS | 15.00 | .000 |
| 83721 | | FERRITIN | 195.00 | .000 |
| 82731 | | FETAL FIBRONECTIN CERVICOVAG SECRETIONS SEMI-QUAN | 15.00 | .000 |
| 82735 | | FLUORIDE | 13.00 | .000 |
| 82742 | | FLURAZEPAM | 13.00 | .000 |
| 82746 | | FOLIC ACID; SERUM | 58.00 | .000 |
| 82747 | | FOLIC ACID; RBC | 75.00 | .000 |
| 82757 | | FRUCTOSE SEMEN | 50.00 | .000 |
| 82759 | | GALACTOKINASE RBC | 12.00 | .000 |
| 82760 | | GALACTOSE | 12.00 | .000 |
| 82775 | | GALACTOSE-1-PHOSPHATE URIDYL TRANSFERASE; QUAN | 35.00 | .000 |
| 82776 | | GALACTOSE-1-PHOSPHATE URIDYL TRANSFERASE; SCREEN | 12.00 | .000 |
| 83784 | | GAMMAGLOBULIN; IGA IGD IGG IGM IGE EACH | 11.00 | .000 |
| 83785 | | GAMMAGLOBULIN; IGE | 11.00 | .000 |
| 82787 | | GAMMAGLOBULIN; IMMUNOGLOBULIN SUBCLASSES EACH | 20.00 | .000 |
| 82805 | | GASES BLOOD PH ONLY | 9.00 | .000 |
| 82803 | | GASES BLD ANY COMBINATION PH PCO2 PO2 CO2 HCO3; | 23.00 | .000 |
| 82810 | | GASES BLOOD O2 SAT ONLY DIR MEAS BY OXIMETRY | 37.00 | .000 |
| 82820 | | HEMOGLOBIN-OXYGEN AFFINITY | 13.00 | .000 |
| 82926 | | GASTRIC ACID FREE AND TOTAL EACH SPECIMEN | 17.00 | .000 |
| 82928 | | GASTRIC ACID FREE OR TOTAL EACH SPECIMEN | 10.00 | .000 |
| 82938 | | GASTRIN AFTER SECRETIN STIMULATION | 8.00 | .000 |
| 82941 | | GASTRIN | 35.00 | .000 |
| 82943 | | GLUCAGON | 48.00 | .000 |
| 82945 | | GLUCOSE BODY FLUID OTHER THAN BLOOD | 25.00 | .000 |
| 82946 | | GLUCOSE TOLERANCE TEST | 5.00 | .000 |
| 82947 | | GLUCOSE QUANTITATIVE BLOOD | 21.00 | .000 |
| 82948 | | GLUCOSE; BLOOD REAGENT STRIP | 5.00 | .000 |
| 82950 | | GLUCOSE; POST GLUCOSE DOSE | 7.00 | .000 |
| 82951 | | GLUCOSE; TOLERANCE TEST THREE SPECIMENS | 3.00 | .000 |
| 82952 | | GLU; TOLERANCE TEST EA AD BEYOND 3 SPECIMENS | 7.00 | .000 |
| 82953 | | GLUCOSE; TOLSTATIN TOLERANCE TEST | 18.00 | .000 |
| 82955 | | GLUCOSE-6-PHOSPHATE DEHYDROGENASE; QUANTITATIVE | 16.00 | .000 |
| 82960 | | GLUCOSE-6-PHOSPHATE DEHYDROGENASE; SCREEN | 18.00 | .000 |
| 82962 | | GLU BLD GLU MON DEVICE CLEARED FDA SPEC HOME USE | 40.00 | .000 |

CPT: (PHYSICIAN/GROUP)

01/18/07   17:12:21

Fee:

From Serv. Code: 80000   To Serv. Code: 87999

**HUMANA OF PUERTO RICO, INC.**
**FEE SCHEDULE LISTING**
**(ACTIVE SERVICE CODE)**

PAGE 7

| Serv. Code | ID | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 82963 | | GLUCOSIDASE BETA | 18.00 | .000 |
| 82965 | | GLUCOSIDASE DEOXYGLUCOSE | 20.00 | .000 |
| 82975 | | GLUTAMINE | 15.00 | .000 |
| 82977 | | GLUTAMYL/TRANSFERASE GAMMA | 10.00 | .000 |
| 82978 | | GLUTATHIONE | 12.00 | .000 |
| 82979 | | GLUTATHIONE REDUCTASE RBC | 70.00 | .000 |
| 82980 | | GLUTETHIMIDE | 80.00 | .000 |
| 82985 | | GLYCATED PROTEIN | 20.00 | .000 |
| 83001 | | GONADOTROPIN; FOLLICLE STIMULATING HORMONE | 70.00 | .000 |
| 83002 | | GONADOTROPIN; LUTEINIZING HORMONE | 25.00 | .000 |
| 83003 | | GROWTH HORMONE HUMAN | 25.00 | .000 |
| 83006 | | GUANINE NUCLEOTIDE CYCLIC | 23.00 | .000 |
| 83008 | | GUANOSINE MONOPHOSPHATE CYCLIC | 25.00 | .000 |
| 83009 | | H PYLORI BLOOD TEST UREASE NON-RADIOACTIVE | 25.00 | .000 |
| 83010 | | HAPTOGLOBIN; QUANTITATIVE | 24.00 | .000 |
| 83013 | | H PYLORI; BREATH TEST UREASE NON-RADIOACTIVE | 24.00 | .000 |
| 83014 | | HELICOBACTER PYLORI; DRUG ADMINISTRATION | 26.00 | .000 |
| 83015 | | HEAVY METAL; SCREEN | 25.00 | .000 |
| 83018 | | HEAVY METAL; QUANTITATIVE EACH | 20.00 | .000 |
| 83020 | | HEMOGLOBIN; FRACTIONATION/QUANTITATION ELEC-PHORE | 30.00 | .000 |
| 83021 | | HEMOGLOBIN; FRACTIONATION/QUANTITATION, CHROMATOGR | 30.00 | .000 |
| 83026 | | HEMOGLOBIN; COPPER SULFATE METHOD NON-AUTOMATED | 35.00 | .000 |
| 83030 | | HEMOGLOBIN F CHEMICAL | 5.00 | .000 |
| 83033 | | HEMOGLOBIN F QUALITATIVE | 15.00 | .000 |
| 83036 | | HEMOGLOBIN GLYCOSYLATED | 15.00 | .000 |
| 83037 | | HEMOGLOBIN GLYCOSYLATED A1C CLEARED FDA HOME USE | .00 | .000 |
| 83045 | | HEMOGLOBIN; METHEMOGLOBIN QUALITATIVE | 10.00 | .000 |
| 83050 | | HEMOGLOBIN; METHEMOGLOBIN QUANTITATIVE | 60.00 | .000 |
| 83051 | | HEMOGLOBIN; PLASMA | 8.00 | .000 |
| 83055 | | HEMOGLOBIN; SULFHEMOGLOBIN QUALITATIVE | 4.00 | .000 |
| 83060 | | HEMOGLOBIN; SULFHEMOGLOBIN QUANTITATIVE | 7.00 | .000 |
| 83065 | | HEMOGLOBIN; THERMOLABILE | 13.00 | .000 |
| 83068 | | HEMOGLOBIN; UNSTABLE SCREEN | 12.00 | .000 |
| 83069 | | HEMOGLOBIN; URINE | 18.00 | .000 |
| 83070 | | HEMOSIDERIN; QUALITATIVE | 5.00 | .000 |
| 83071 | | HEMOSIDERIN; QUANTITATIVE | 5.00 | .000 |
| 83080 | | B-HEXOSAMINIDASE EACH ASSAY | 18.00 | .000 |
| 83088 | | HISTAMINE | 18.00 | .000 |
| 83090 | | HOMOCYSTINE | 131.00 | .000 |
| 83150 | | HOMOVANILLIC ACID | 40.00 | .000 |
| 83491 | | HYDROXYCORTICOSTEROID 17- | 56.00 | .000 |
| 83497 | | HYDROXYINDOLACETIC ACID 5- | 18.00 | .000 |
| 83498 | | HYDROXYPROGESTERONE 17-D | 18.00 | .000 |
| 83499 | | HYDROXYPROGESTERONE 17- | 60.00 | .000 |
| 83500 | | HYDROXYPROLINE; FREE | 25.00 | .000 |

CRT: (FEEPRODW/9WOQ01)

HUMANA RECIBIDO
AUG 16 2010
Critical Inquiry Unit

01/18/07  17:12:21

**HUMANA OF PUERTO RICO, INC.**
**FEE SCHEDULE LISTING**
**(ACTIVE SERVICE CODES)**

PAGE   8

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

| Fm | From Serv. Code | To Serv. Code | | | |
|---|---|---|---|---|---|
| WEB | 80000 | 87999 | | | |

| Serv. Code | ND | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 83505 | | HYDROXYPROLINE, TOTAL | 95.00 | .000 |
| 83516 | | IMMUNOASSAY ANALYTE NOT AB/INFECT AGT; EK ENZ | 60.00 | .000 |
| 83518 | | IMMUNOASSAY ANALYTE NOT AB/INFECT AGT; SINGL STEP | 63.00 | .000 |
| 83519 | | IMMUNOASSAY ANALYTE (QUAN); RADIOIMMUNE TECHNIQUE | 90.00 | .000 |
| 83520 | | IMMUNOASSAY ANALYTE QUANTITATIVE; NOS | 75.00 | .000 |
| 83525 | | INSULIN; TOTAL | 17.00 | .000 |
| 83527 | | INSULIN; FREE | 23.00 | .000 |
| 83528 | | INTRINSIC FACTOR | 35.00 | .000 |
| 83540 | | IRON | 6.00 | .000 |
| 83550 | | IRON BINDING CAPACITY | 8.00 | .000 |
| 83570 | | ISOCITRIC DEHYDROGENASE | 90.00 | .000 |
| 83582 | | KETOGENIC STEROIDS FRACTIONATION | 52.00 | .000 |
| 83586 | | KETOSTEROIDS 17-; TOTAL | 15.00 | .000 |
| 83593 | | KETOSTEROIDS 17-; FRACTIONATION | 20.00 | .000 |
| 83605 | | LACTATE | 40.00 | .000 |
| 83615 | | LACTATE DEHYDROGENASE | 5.00 | .000 |
| 83625 | | LACTATE DEHYDROGENASE; ISOENZYME SEPARATION,QUAN | 20.00 | .000 |
| 83630 | | LACTOFERRIN FECAL QUAL | 40.00 | .000 |
| 83631 | | LACTOFERRIN FECAL QUAN | 40.00 | .000 |
| 83632 | | LACTOGEN HUMAN CHORIONIC SOMATOMAMMO | 40.00 | .000 |
| 83633 | | LACTOSE URINE; QUALITATIVE | 12.00 | .000 |
| 83634 | | LACTOSE URINE; QUANTITATIVE | 17.00 | .000 |
| 83655 | | LEAD | 18.00 | .000 |
| 83661 | | FETAL LUNG MATUR ASSESSMENT; L/S RATIO | 22.00 | .000 |
| 83662 | | FETAL LUNG MATURITY ASSESS; FOAM STABILITY TEST | 21.00 | .000 |
| 83663 | | FETAL LUNG MAT ASSESS; FLUORESCENCE POLARIZATION | 25.00 | .000 |
| 83664 | | FETAL LUNG MATURITY ASSESS; LAMELLAR BODY DNSITY | 25.00 | .000 |
| 83670 | | LEUCINE AMINOPEPTIDASE | 43.00 | .000 |
| 83690 | | LIPASE | 7.00 | .000 |
| 83695 | | LIPOPROTEIN A | 59.00 | .000 |
| 83700 | | LIPOPROTEIN BLD ELECTROP SEPARAT | 19.00 | .000 |
| 83701 | | LIPOPROTEIN BLD HR SUBCLASSES | 40.00 | .000 |
| 83704 | | LIPOPROTEIN BLD QUAN NUMBER&SIZ&SUBCLASSES | 50.00 | .000 |
| 83715 | | LIPOPROTEN BLD; ELEC-PHORE SEPARATION&QUANTITATION | .00 | .000 |
| 83716 | | LIPOPROTEN BLD; HR FRACTIONATION & QUAN | .00 | .000 |
| 83718 | | LIPOPROTEIN DIR MEAS HIGH DENSITY CHOLESTEROL | 14.00 | .000 |
| 83719 | | LIPOPROTEIN DIR MEAS VLDL CHOLESTEROL | 22.00 | .000 |
| 83721 | | LIPOPROTEIN DIR MEAS LDL CHOLESTEROL | 23.00 | .000 |
| 83727 | | LUTEINIZING RELEASING FACTOR | 23.00 | .000 |
| 83735 | | MAGNESIUM | 10.00 | .000 |
| 83775 | | MALATE DEHYDROGENASE | 90.00 | .000 |
| 83785 | | MANGANESE | 50.00 | .000 |
| 83788 | | MASS SPECTROM & TANDEM SPECTR ANALYTE NES; QUAL | 25.00 | .000 |
| 83789 | | MASS SPECTROM & TANDEM SPECTR ANALYTE NES; QUAN | 25.00 | .000 |
| 83805 | | MEPROBAMATE | 18.00 | .000 |

QTY:  (SPIROMETION/SPIQUAL)

04/28/07 17:13:21

Fsa   WFR

| From Serv. Code | To Serv. Code |
|---|---|
| 80000 | 87999 |

## HUMANA OF PUERTO RICO, INC.
## (ACTIVE SERVICE CODES)
### SERVICE LISTING

PAGE 9

HUMANA
RECIBIDO
AUG 16 2010
Quality Operating Unit

| Serv. Code | ID | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 83825 | | MERCURY QUANTITATIVE | 60.00 | .000 |
| 83835 | | METANEPHRINES | 45.00 | .000 |
| 83835 | | METHADONE | 21.00 | .000 |
| 83840 | | METHEMALBUMIN | 40.00 | .000 |
| 83857 | | METHEMOGLOBIN | 40.00 | .000 |
| 83858 | | METHSUXIMIDE | 120.00 | .000 |
| 83864 | | MUCOPOLYSACCHARIDES ACID; QUANTITATIVE | 35.00 | .000 |
| 83866 | | MUCOPOLYSACCHARIDES ACID; SCREEN | 5.00 | .000 |
| 83872 | | MUCIN SYNOVIAL FLUID | | .000 |
| 83873 | | MYELIN BASIC PROTEIN CEREBROSPINAL FLUID | 76.00 | .000 |
| 83874 | | MYOGLOBIN | 66.00 | .000 |
| 83880 | | NATRIURETIC PEPTIDE | 90.00 | .000 |
| 83883 | | NEPHELOMETRY EACH ANALYTE N23 | | .000 |
| 83887 | | NICKEL | 45.00 | .000 |
| 83890 | | NICOTINE | 35.00 | .000 |
| 83891 | | MOLECULAR DIAGNOSTICS; MOLECULAR ISOLATION/EXTRACTION | 32.00 | .000 |
| 83892 | | MOLECULAR DIAGNOSTICS; ISOLAT/EXTRALT NT FLUID NUCLEIC ACID | 32.00 | .000 |
| 83893 | | MOLECULAR DIAGNOSTICS; DOT/SLOT BLOT PRODUCTION | 32.00 | .000 |
| 83894 | | MOLECULAR DIAGNOSTICS; SEPARATION GEL ELECTROPHORESIS | 32.00 | .000 |
| 83896 | | MOLECULAR DIAGNOSTICS; NUCLEIC ACID PROBE EACH | 32.00 | .000 |
| 83897 | | MOLECULAR DIAGNOSTICS; NUCLEIC ACID TRANSFER | 32.00 | .000 |
| 83898 | | MOLEC AMP NUCLEIC ACID NLKX 1SF 2 SEQ | 32.00 | .000 |
| 83900 | | MOLEC AMP NUCLEIC ACID NLKX EA SEQUENCE | 28.00 | .000 |
| 83901 | | MOLEC AMP NUCLEIC ACID NLKX EA SEQUENCE | 28.00 | .000 |
| 83902 | | MOLECULAR DIAGNOSTICS; REVERSE TRANSCRIPTION | 32.00 | .000 |
| 83903 | | MOLEC DX; MUTATION SCAN BY PHYS PROP-1 SEGMT EA | 30.00 | .000 |
| 83904 | | MOLEC DX; MUTATION ID SEQ SINGLE SEG EA | 30.00 | .000 |
| 83905 | | MOLEC DX; MUTATION ID-ALLELE SPEC TRANSLAT-1-SA | 30.00 | .000 |
| 83906 | | MOLEC DX; MUTATION ID-ALLELE SPEC TRANSLAT-1-EA | 30.00 | .000 |
| 83907 | | MOLEC LSS CELLS PRIOR NUCLEIC ACID XTRA | 30.00 | .000 |
| 83908 | | MOLEC SIGNAL AMP NUCLEIC ACID EA SEQUENCE | 30.00 | .000 |
| 83909 | | MOLEC SEPAR ID HI RES | 30.00 | .000 |
| 83912 | | MOLECULAR ID ENZYMATIC LSS/PROBER XY1 1 SEG EA | 50.00 | .000 |
| 83913 | | MUTATION ID ENZYMATIC LSS/PROBER XY1 1 SEG EA | 56.00 | .000 |
| 83914 | | MUTATION ID 5- | 18.00 | .000 |
| 83915 | | NUCLEOTIDASE 5- | 28.00 | .000 |
| 83916 | | OLIGOCLONAL IMMUNE | 150.00 | .000 |
| 83918 | | ORGANIC ACID; TOTAL QUANTITATIVE EACH SPECIMEN | 50.00 | .000 |
| 83919 | | ORGANIC ACID; QUALITATIVE EACH SPECIMEN | 20.00 | .000 |
| 83921 | | ORGANIC ACID SINGLE QUANTITATIVE | 16.00 | .000 |
| 83925 | | OPIATES | 16.00 | .000 |
| 83930 | | OSMOLALITY; BLOOD | 12.00 | .000 |
| 83935 | | OSMOLALITY; URINE | 12.00 | .000 |
| 83937 | | OSTEOCALCIN | 90.00 | .000 |
| 83945 | | OXALATE | 35.00 | .000 |
| 83950 | | ONCOPROTEIN HER-2/NEU | 35.00 | .000 |

QT: (PEPZONON/SVC001)

01/18/07  17:12:21

HUMANA DE PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

PAGE 10

| Fee | From Serv. Code | To Serv. Code | Serv. Code | ID | Description | Current Price | Relative Value |
|---|---|---|---|---|---|---|---|
| NPR | 80000 | 87999 | 83970 | | PARATHORMONE | 90.00 | .000 |
| | | | 83996 | | PSA PER FLUID EXCEPT BLOOD | 2.00 | .000 |
| | | | 83992 | | PHENCYCLIDINE | 20.00 | .000 |
| | | | 84030 | | PHENYLALANINE BLOOD | 11.00 | .000 |
| | | | 84035 | | PHENYLKETONES QUALITATIVE | 12.00 | .000 |
| | | | 84060 | | PHOSPHATASE ACID; TOTAL | 5.00 | .000 |
| | | | 84061 | | PHOSPHATASE ACID; FORENSIC EXAMINATION | 5.00 | .000 |
| | | | 84066 | | PHOSPHATASE ACID; PROSTATIC | 5.00 | .000 |
| | | | 84075 | | PHOSPHATASE ALKALINE; | 5.00 | .000 |
| | | | 84078 | | PHOSPHATASE ALKALINE; HEAT STABLE | 8.00 | .000 |
| | | | 84081 | | PHOSPHATIDYLGLYCEROL | 12.00 | .000 |
| | | | 84085 | | PHOSPHOGLUCONATE 6 - DEHYDROGENASE RBC | 12.00 | .000 |
| | | | 84087 | | PHOSPHOHEXOSE ISOMERASE | 5.00 | .000 |
| | | | 84100 | | PHOSPHORUS INORGANIC; | 8.00 | .000 |
| | | | 84105 | | PHOSPHORUS INORGANIC; URINE | 5.00 | .000 |
| | | | 84106 | | PORPHOBILINOGEN URINE; QUALITATIVE | 3.00 | .000 |
| | | | 84110 | | PORPHOBILINOGEN URINE; QUANTITATIVE | 3.00 | .000 |
| | | | 84119 | | PORPHYRINS URINE; QUALITATIVE AND FRACTIONATION | 3.00 | .000 |
| | | | 84120 | | PORPHYRINS URINE; QUANTITATIVE | 35.00 | .000 |
| | | | 84126 | | PORPHYRINS FECES; QUANTITATIVE | 35.00 | .000 |
| | | | 84127 | | PORPHYRINS FECES; QUALITATIVE | 30.00 | .000 |
| | | | 84132 | | POTASSIUM; SERUM | 5.00 | .000 |
| | | | 84133 | | POTASSIUM; URINE | 5.00 | .000 |
| | | | 84134 | | PREALBUMIN | 22.00 | .000 |
| | | | 84135 | | PREGNANEDIOL | 35.00 | .000 |
| | | | 84138 | | PREGNANETRIOL | 90.00 | .000 |
| | | | 84140 | | PREGNENOLONE | 90.00 | .000 |
| | | | 84143 | | 17-HYDROXYPREGNENOLONE | 90.00 | .000 |
| | | | 84144 | | PROGESTERONE | 30.00 | .000 |
| | | | 84146 | | PROLACTIN | 30.00 | .000 |
| | | | 84150 | | PROSTAGLANDIN EACH | 24.00 | .000 |
| | | | 84152 | | PROSTATE SPECIFIC ANTIGEN; COMPLEXED | 35.00 | .000 |
| | | | 84153 | | PROSTATE SPECIFIC ANTIGEN; TOTAL | 20.00 | .000 |
| | | | 84154 | | PROSTATE SPECIFIC ANTIGEN; FREE | 20.00 | .000 |
| | | | 84155 | | PROTEIN TOTAL EXCEPT BY REFRACTOMETRY; SERUM | 20.00 | .000 |
| | | | 84156 | | PROTEIN TOTAL EXCEPT BY REFRACTOMETRY; URINE | 6.00 | .000 |
| | | | 84157 | | PROTEIN TOTAL EXCEPT BY REFRACTOMETRY; OTHER SOURCE | 5.00 | .000 |
| | | | 84160 | | PROTEIN TOTAL BY REFRACTOMETRY ANY SOURCE | 5.00 | .000 |
| | | | 84163 | | PROTEIN; PREGNANCY-ASSOCIATED PLASMA PROTEIN-A PAPP-A | 7.00 | .000 |
| | | | 84165 | | PROTEIN; ELECTROPHORETIC FRACTIONATION/QUAN SERUM | 5.00 | .000 |
| | | | 84166 | | PROTEIN; ELECTROPHORETIC FRACTIONATION/QUAN OTH FL | 24.00 | .000 |
| | | | 84181 | | PROTEIN; WESTERN BLOT W/LEE BLOOD/OTH BODY FLUID | 16.00 | .000 |
| | | | 84182 | | PROTEIN; WESTERN BLOT INDIVL PROBE-BAND ID EA | 19.00 | .000 |

GR: (REPRODUCE/SERVCO1)

HUMANA
RECEIVED
AUG 16 2010
Critical Inquiry Unit

01/18/07   17:12:21

HUMANA OF PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

PAGE   11

| Pos FFR | From Serv. Code | To Serv. Code | Serv. Code | MO | Description | Current Price | Relative Value |
|---|---|---|---|---|---|---|---|
| | 80000 | 87999 | | | | | |
| | | | 84202 | | PROTOPORPHYRIN RBC; QUANTITATIVE | 30.00 | .000 |
| | | | 84203 | | PROTOPORPHYRIN RBC; SCREEN | 10.00 | .000 |
| | | | 84206 | | PROINSULIN | 70.00 | .000 |
| | | | 84207 | | PYRIDOXAL PHOSPHATE | 130.00 | .000 |
| | | | 84210 | | PYRUVATE | 45.00 | .000 |
| | | | 84220 | | PYRUVATE KINASE | 7.00 | .000 |
| | | | 84228 | | QUININE | 20.00 | .000 |
| | | | 84233 | | RECEPTOR ASSAY; ESTROGEN | 170.00 | .000 |
| | | | 84234 | | RECEPTOR ASSAY; PROGESTERONE | 170.00 | .000 |
| | | | 84238 | | RECPTR ASSAY; ENDOCRINE NOT ESTROGN/PROGESTERON | 170.00 | .000 |
| | | | 84244 | | RCPTR ASSAY NON-ENDOC SPEC RCPTR | 125.00 | .000 |
| | | | 84252 | | RENIN | 55.00 | .000 |
| | | | 84255 | | RIBOFLAVIN | 35.00 | .000 |
| | | | 84260 | | SEROTONIN | 80.00 | .000 |
| | | | 84270 | | SEX HORMONE BINDING GLOBULIN | 131.00 | .000 |
| | | | 84275 | | SIALIC ACID | 12.00 | .000 |
| | | | 84285 | | SILICA | 12.00 | .000 |
| | | | 84295 | | SODIUM; SERUM | 5.00 | .000 |
| | | | 84300 | | SODIUM; URINE | 5.00 | .000 |
| | | | 84302 | | SODIUM; OTHER SOURCE | 5.00 | .000 |
| | | | 84305 | | SOMATOMEDIN | 120.00 | .000 |
| | | | 84307 | | SOMATOSTATIN | 75.00 | .000 |
| | | | 84311 | | SPECTROPHOTOMETRY ANALYTE NES | 30.00 | .000 |
| | | | 84315 | | SPECIFIC GRAVITY | 5.00 | .000 |
| | | | 84375 | | SUGARS CHROMATOGRAPHIC TLC/PAPER CHROMATOGRAPHY | 24.00 | .000 |
| | | | 84376 | | SUGARS; SINGLE QUALITATIVE EACH SPECIMEN | 5.60 | .000 |
| | | | 84377 | | SUGARS; MULTIPLE QUALITATIVE EACH SPECIMEN | .00 | .000 |
| | | | 84378 | | SUGARS; SINGLE QUANTITATIVE EACH SPECIMEN | .00 | .000 |
| | | | 84379 | | SUGARS; MULTIPLE QUANTITATIVE EACH SPECIMEN | .00 | .000 |
| | | | 84392 | | SULFATE URINE | 10.00 | .000 |
| | | | 84402 | | TESTOSTERONE; FREE | 60.00 | .000 |
| | | | 84403 | | TESTOSTERONE; TOTAL | 32.00 | .000 |
| | | | 84425 | | THIAMINE | 80.00 | .000 |
| | | | 84430 | | THIOCYANATE | 35.00 | .000 |
| | | | 84432 | | THYROGLOBULIN | 55.00 | .000 |
| | | | 84436 | | THYROXINE; TOTAL | 8.00 | .000 |
| | | | 84437 | | THYROXINE; REQUIRING ELUTION | 10.00 | .000 |
| | | | 84439 | | THYROXINE; FREE | 18.00 | .000 |
| | | | 84442 | | THYROXINE BINDING GLOBULIN | 45.00 | .000 |
| | | | 84443 | | THYROID STIMULATING HORMONE | 25.00 | .000 |
| | | | 84445 | | THYROID STIMULATING IMMUNE GLOBULINS | 40.00 | .000 |
| | | | 84446 | | TOCOPHEROL ALPHA | 60.00 | .000 |
| | | | 84449 | | TRANSCORTIN | 25.00 | .000 |
| | | | 84450 | | TRANSFERASE; ASPARTATE AMINO | 6.00 | .000 |

CNT: (TRANSFERASE/SBVCODE)

031

08-16-'10 15:14 FROM-humana-ANNEXREFORM    7876225912    T-062   P0032/0048 F-775

01/18/07   17:12:23

PH : ---
From Serv. Code : 80000
To Serv. Code : 87999

**HUMANA DE PUERTO RICO, INC.**
**FEE SCHEDULE LISTING**
**(ACTIVE SERVICE CODES)**

PAGE 12

HUMANA
RECIBIDO
AUG 1 8 2010
Contact Inquiry Unit

| Serv. Code | ID | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 84460 | | TRANSFERASE; ALANINE AMINO | 6.00 | .000 |
| 84466 | | TRANSFERRIN | 25.00 | .000 |
| 84478 | | TRIGLYCERIDES | 13.00 | .000 |
| 84479 | | THYROID HORMONE UPTAKE/HORMONE BINDING RATIO | 8.00 | .000 |
| 84480 | | TRIIODOTHYRONINE T3; TOTAL | 18.00 | .000 |
| 84481 | | TRIIODOTHYRONINE T3; FREE | 45.00 | .000 |
| 84482 | | TRIIODOTHYRONINE T3; REVERSE | 45.00 | .000 |
| 84403 | | TESTOSTERONE; TOTAL | 55.00 | .000 |
| 84404 | | TESTOSTERONE; FREE | 60.00 | .000 |
| 84405 | | TROPONIN QUANTITATIVE | 4.00 | .000 |
| 84510 | | TYROSINE | 4.00 | .000 |
| 84512 | | TROPONIN QUALITATIVE | 8.00 | .000 |
| 84520 | | UREA NITROGEN; QUANTITATIVE | 12.00 | .000 |
| 84525 | | UREA NITROGEN; SEMIQUANTITATIVE | 5.00 | .000 |
| 84540 | | UREA NITROGEN URINE | 3.00 | .000 |
| 84545 | | UREA NITROGEN CLEARANCE | 5.00 | .000 |
| 84550 | | URIC ACID; BLOOD | 5.00 | .000 |
| 84560 | | URIC ACID; OTHER SOURCE | 10.00 | .000 |
| 84577 | | UROBILINOGEN FECES QUANTITATIVE | 5.00 | .000 |
| 84578 | | UROBILINOGEN URINE; QUALITATIVE | 65.00 | .000 |
| 84580 | | UROBILINOGEN URINE; QUANTITATIVE | 4.00 | .000 |
| 84585 | | UROBILINOGEN URINE; SEMIQUANTITATIVE TIMED SPECIMEN | 50.00 | .000 |
| 84586 | | VASOACTIVE INTESTINAL PEPTIDE | 3.00 | .000 |
| 84590 | | VITAMIN A | 17.00 | .000 |
| 84591 | | VITAMIN NOT OTHERWISE SPECIFIED | 160.00 | .000 |
| 84597 | | VITAMIN K | 60.00 | .000 |
| 84600 | | VOLATILES | 60.00 | .000 |
| 84620 | | XYLOSE ABSORPTION TEST BLOOD AND/OR URINE | 80.00 | .000 |
| 84630 | | ZINC | 45.00 | .000 |
| 84681 | | C-PEPTIDE | 16.00 | .000 |
| 84702 | | GONADOTROPIN CHORIONIC; QUANTITATIVE | 55.00 | .000 |
| 84703 | | GONADOTROPIN CHORIONIC; QUALITATIVE | 24.00 | .000 |
| 85002 | | BLEEDING TIME | 13.00 | .000 |
| 85004 | | BLOOD COUNT; AUTOMATED DIFFERENTIAL WBC COUNT | 4.50 | .000 |
| 85007 | | BLOOD COUNT; BLD SMEAR MIC EX W/MNL DIFF WBC COUNT | 3.00 | .000 |
| 85008 | | BLOOD COUNT; BLD SMEAR MIC EX W/O MNL DIFF WBC CNT | 2.50 | .000 |
| 85009 | | BLOOD COUNT; MANUAL DIFF WBC CNT BUFFY COAT | 6.00 | .000 |
| 85013 | | BLOOD COUNT; SPUN MICROHEMATOCRIT | 1.50 | .000 |
| 85014 | | BLOOD COUNT; HEMATOCRIT | 2.50 | .000 |
| 85018 | | BLOOD COUNT; HEMOGLOBIN | 2.50 | .000 |

CRT:   (PREDEFINH/SVC1001)

01/18/07 17:12:21

MPR

From Serv. Code : 80000
To Serv. Code : 87999

HUMANA OF PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

PAGE 13

| Serv. Code | ID | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 85025 | | BLD COUNT; CMPL AUTO & AUTO DIFF WBC COUNT | 8.00 | .000 |
| 85027 | | BLOOD COUNT; COMPLETE AUTOMATIC | 8.00 | .000 |
| 85031 | | BLOOD COUNT; MANUAL CELL COUNT EACH | 2.50 | .000 |
| 85041 | | BLOOD COUNT; RED BLOOD CELL AUTOMATED | 2.50 | .000 |
| 85044 | | BLOOD COUNT; RETICULOCYTE MANUAL | 4.00 | .000 |
| 85045 | | BLOOD COUNT; RETICULOCYTE AUTOMATED | 7.00 | .000 |
| 85046 | | BLOOD COUNT;RETICS AUTO I/C CELLULAR PARAMTR DIR RER | 7.00 | .000 |
| 85048 | | BLOOD COUNT; LEUKOCYTE AUTOMATED | 2.50 | .000 |
| 85049 | | BLOOD COUNT; PLATELET AUTOMATED | 4.00 | .000 |
| 85097 | | BONE MARROW SMEAR INTERPRETATION | 25.00 | .000 |
| 85130 | | CHROMOGENIC SUBSTRATE ASSAY | 16.00 | .000 |
| 85170 | | CLOT RETRACTION | 5.00 | .000 |
| 85175 | | CLOT LYSIS TIME WHOLE BLOOD DILUTION | 5.00 | .000 |
| 85210 | | CLOTTING; FACTOR II PROTHROMBIN SPECIFIC | 75.00 | .000 |
| 85220 | | CLOTTING; FACTOR V LABILE FACTOR | 100.00 | .000 |
| 85230 | | CLOTTING; FACTOR VII | 120.00 | .000 |
| 85240 | | CLOTTING; FACTOR VIII ONE STAGE | 90.00 | .000 |
| 85244 | | CLOTTING; FACTOR VIII RELATED ANTIGEN | 100.00 | .000 |
| 85245 | | CLOTTING; FACTOR VIII VW FACTOR RISTOCETIN COFACTOR | 130.00 | .000 |
| 85246 | | CLOTTING; FACTOR VIII VW FACTOR ANTIGEN | 130.00 | .000 |
| 85247 | | CLOT; VIII-VON WILLEBRAND FACT MULTIMETRIC ASSAY | 130.00 | .000 |
| 85250 | | CLOTTING; FACTOR IX | 90.00 | .000 |
| 85260 | | CLOTTING; FACTOR X | 90.00 | .000 |
| 85270 | | CLOTTING; FACTOR XI | 140.00 | .000 |
| 85280 | | CLOTTING; FACTOR XII | 90.00 | .000 |
| 85290 | | CLOTTING; FACTOR XIII | 90.00 | .000 |
| 85291 | | CLOTTING; FACTOR XIII SCREEN SOLUBILITY | 20.00 | .000 |
| 85292 | | CLOTTING; PREKALLIKREIN ASSAY | 150.00 | .000 |
| 85293 | | CLOTTING; HIGH MOLECULAR WEIGHT KININOGEN ASSAY | 150.00 | .000 |
| 85300 | | CLOT; ANTITHROMBIN III ACTIVITY/ANTICOAG | 110.00 | .000 |
| 85301 | | CLOT INHIB/ANTICOAG;ANTITHROMBIN III ANTIG ASSAY | 65.00 | .000 |
| 85302 | | CLOTTING INHIBITION/ANTICOAG; PROTEIN C ANTIGEN | 65.00 | .000 |
| 85303 | | CLOTTING INHIBITION/ANTICOAG; PROTEIN C ACTV | 90.00 | .000 |
| 85305 | | CLOTTING INHIBITION/ANTICOAG; PROTEIN S TOTAL | 100.00 | .000 |
| 85306 | | CLOTTING INHIBITION/ANTICOAG; PROTEIN S FREE | 100.00 | .000 |
| 85307 | | ACTIVATED PROTEIN C RESISTANCE ASSAY | 46.00 | .000 |
| 85335 | | FACTOR INHIBITOR TEST | 15.00 | .000 |
| 85337 | | THROMBOMODULIN | 15.00 | .000 |
| 85345 | | COAGULATION TIME; LEE AND WHITE | 4.00 | .000 |
| 85347 | | COAGULATION TIME; ACTIVATED | 5.00 | .000 |
| 85348 | | COAGULATION TIME; OTHER METHODS | 4.00 | .000 |
| 85360 | | EUGLOBULIN LYSIS | 6.00 | .000 |
| 85362 | | FIBRIN DEGRAD PROD; AGGLUTINATION SLIDE-SEMIQUAN | 32.00 | .000 |
| 85366 | | FIBRIN DEGRADATION PRODUCTS; PARACOAGULATION | 10.00 | .000 |

QTY:       (YTDY2006DA/GVCQ06)

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

01/18/07 17:21:21

HUMANA OF PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

PAGE 14

Fee : WTZ
From Serv. Code : 00000
To Serv. Code : 87999



HUMANA
RECIBIDO
AUG 16 2010
Critical Inquiry Unit

| Serv. Code | ID | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 85370 | | FIBRIN DEGRADATION PRODUCTS; QUANTITATIVE | 30.00 | .000 |
| 85378 | | FIBRIN DEGRADATION PROD D-DIMER; QUAL/SEMIQUAN | 30.00 | .000 |
| 85379 | | FIBRIN DEGRADATION PRODUCTS D-DIMER; QUAN | 13.00 | .000 |
| 85384 | | FIBRINOGEN; ACTIVITY | 23.00 | .000 |
| 85385 | | FIBRINOGEN; ANTIGEN | 16.00 | .000 |
| 85390 | | FIBRINOLYSIS/COAGULOPATHY SCREEN INTERPRET | 7.00 | .000 |
| 85396 | | FIBRINOLYTIC FACTORS AND INHIBITORS; PLASMIN | 4.50 | .000 |
| 85400 | | FIBRINOLYTIC FACTORS (INHIBITORS); ALPHA-2 ANTIPLASMIN | 24.00 | .000 |
| 85410 | | FIBRINOLYTIC FACTORS (INHIBITORS); PLASMINOGEN ACTIVATOR | 23.00 | .000 |
| 85420 | | FIBRINOLYTIC FACTORS (INHIBITORS); PLASMINOGEN NOT ANTIGENIC | 125.00 | .000 |
| 85421 | | FIBRINOLYTIC FACTORS (INHIBITORS); PLASMINOGEN ANTIG ASSAY | 130.00 | .000 |
| 85441 | | HEINZ BODIES; DIRECT | 35.00 | .000 |
| 85445 | | HEINZ BODIES; INDUCED ACETYL PHENYLHYDRAZINE | 3.00 | .000 |
| 85460 | | HGB/RBC FETAL HEMOGLOBIN ACID ELUTION OR DIFF LYSIS | 3.00 | .000 |
| 85461 | | HGB/RBC FETAL HEMATOLOGICAL HEMOGLOBIN; ROSETTE | 14.00 | .000 |
| 85475 | | HEMOLYSIN ACID | 5.00 | .000 |
| 85520 | | HEPARIN ASSAY | 13.00 | .000 |
| 85525 | | HEPARIN NEUTRALIZATION | 80.00 | .000 |
| 85530 | | HEPARIN-PROTAMINE TOLERANCE TEST | 12.00 | .000 |
| 85536 | | IRON STAIN PERIPHERAL BLOOD | 16.00 | .000 |
| 85540 | | LEUKOCYTE ALKALINE PHOSPHATASE WITH COUNT | 20.00 | .000 |
| 85547 | | MECHANICAL FRAGILITY RBC | 45.00 | .000 |
| 85549 | | MUCOPROTEIN | 25.00 | .000 |
| 85555 | | OSMOTIC FRAGILITY RBC; UNINCUBATED | 4.00 | .000 |
| 85557 | | OSMOTIC FRAGILITY RBC; INCUBATED | 79.00 | .000 |
| 85576 | | PLATELET AGGREGATION EACH AGENT | 13.00 | .000 |
| 85597 | | PLATELET NEUTRALIZATION | 13.00 | .000 |
| 85610 | | PROTHROMBIN TIME; | 106.00 | .000 |
| 85611 | | PT TIME; SUBSTITUTION PLASMA FRACTIONS EA | 23.00 | .000 |
| 85651 | | RUSSELL VIPER VENOM TIME; UNDILUTED | 8.00 | .000 |
| 85652 | | RUSSELL VIPER VENOM TIME; DILUTED | 8.00 | .000 |
| 85660 | | SICKLING OF RBC REDUCTION | 14.00 | .000 |
| 85670 | | THROMBIN TIME; PLASMA | 16.00 | .000 |
| 85675 | | THROMBIN TIME; TITER | 9.00 | .000 |
| 85705 | | THROMBOPLASTIN INHIBITION; TISSUE | 9.00 | .000 |
| 85730 | | THROMBOPLASTIN TIME PARTIAL; PLASMA/WHOLE BLOOD | 5.00 | .000 |
| 85732 | | PTT; SUBSTITUTION PLASMA FRACTIONS EACH | 5.00 | .000 |
| 85810 | | VISCOSITY | 8.00 | .000 |
| 85999 | | UNLISTED HEMATOLOGY AND COAGULATION PROCEDURE | 10.00 | .000 |
| 86000 | | AGGLUTININS FEBRILE EACH ANTIGEN | 17.00 | .000 |
| 86001 | | ALLERGEN SPECIFIC IGG QUAL/SEMIQUAN EA ALLERGEN | 6.50 | .000 |

QBY: (PROPOSING/SERQUL)

01/18/07  17:12:21

WPA

From Serv. Code : 80000
To Serv. Code   : 87999

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

HUMANA DE PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODE)

PAGE 15



| Serv. Code | MD | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 86003 | | ALLERGEN SPECIFIC IGE; QUAL/SEMIQUAN EA ALLERGEN | 38.00 | .000 |
| 86005 | | ALLERGEN SPECIFIC IGE; QUAL MULTIALLERGEN SCREEN | 55.00 | .000 |
| 86021 | | ANTIBODY IDENTIFICATION; LEUKOCYTE ANTIBODIES | 40.00 | .000 |
| 86022 | | ANTIBODY IDENTIFICATION; PLATELET ANTIBODIES | 40.00 | .000 |
| 86023 | | ANTIBODY ID; PLATELET ASSOC IMMUNOGLOB ASSAY | 25.00 | .000 |
| 86038 | | ANTINUCLEAR ANTIBODIES; | 28.00 | .000 |
| 86039 | | ANTINUCLEAR ANTIBODIES; TITER | 40.00 | .000 |
| 86060 | | ANTISTREPTOLYSIN O; TITER | 8.00 | .000 |
| 86063 | | ANTISTREPTOLYSIN O; SCREEN | 8.00 | .000 |
| 86064 | | 0 CELLS (TOTAL COLD) | 8.00 | .000 |
| 86077 | | BLD BNK PHYS SERV; DIFF X-MATCH/EVAL TRNSD ANTBD | 55.00 | .000 |
| 86078 | | BLD BNK PHYS SERV; INVESTIGATE TRANSFUSION REACT | 55.00 | .000 |
| 86079 | | BLD BNK PHYS SERV; AUTHORIZE DEVIAT STAND PROC | 35.00 | .000 |
| 86140 | | C-REACTIVE PROTEIN; | 4.00 | .000 |
| 86141 | | C-REACTIVE PROTEIN; HIGH SENSITIVITY | 95.00 | .000 |
| 86146 | | BETA 2 GLYCOPROTEIN I ANTIBODY EACH | 80.00 | .000 |
| 86147 | | CARDIOLIPIN ANTIBODY EACH IG CLASS | 75.00 | .000 |
| 86148 | | ANTI-PHOSPHATIDYLSERINE ANTIBODY | 75.00 | .000 |
| 86155 | | CHEMOTAXIS ASSAY SPECIFY METHOD | 25.00 | .000 |
| 86156 | | COLD AGGLUTININ; SCREEN | 9.00 | .000 |
| 86157 | | COLD AGGLUTININ; TITER | 11.00 | .000 |
| 86160 | | COMPLEMENT; ANTIGEN EACH COMPONENT | 30.00 | .000 |
| 86161 | | COMPLEMENT; FUNCTIONAL ACTIVITY EACH COMPONENT | 30.00 | .000 |
| 86162 | | COMPLEMENT; TOTAL HEMOLYTIC | 70.00 | .000 |
| 86171 | | COMPLEMENT FIXATION TESTS EA ANTIGEN | 15.00 | .000 |
| 86185 | | COUNTERIMMUNOELECTROPHORESIS EACH ANTIGEN | 35.00 | .000 |
| 86200 | | CYCLIC CITRULLINATED PEPTIDE ANTB | 90.00 | .000 |
| 86215 | | DEOXYRIBONUCLEASE ANTIBODY | 55.00 | .000 |
| 86225 | | DEOXYRIBONUCLEIC ACID ANTIBODY; NATV/DBL STRAND | 30.00 | .000 |
| 86226 | | DEOXYRIBONUCLEIC ACID ANTIBODY; SINGLE STRAND | 17.00 | .000 |
| 86235 | | EXTRACTABLE NUCLEAR ANTG ANTIBODY EACH ANTIBODY | 52.00 | .000 |
| 86243 | | FC RECEPTOR | 26.00 | .000 |
| 86255 | | FLUORESCENT NONINF AB ANTIBODY; SCR EA ANTIBODY | 18.00 | .000 |
| 86256 | | FLUORESCENT NONINF AB ANTIBODY; TITER EA ANTIBDY | 20.00 | .000 |
| 86277 | | GROWTH HORMONE HUMAN ANTIBODY | 46.00 | .000 |
| 86280 | | HEMAGGLUTINATION INHIBITION TEST | 18.00 | .000 |
| 86300 | | IMMUNOASSAY TUMOR ANTIGEN QUANT; CA 15-3 | 36.00 | .000 |
| 86301 | | IMMUNOASSAY TUMOR ANTIGEN QUANT; CA 19-9 | 36.00 | .000 |
| 86304 | | IMMUNOASSAY TUMOR ANTIGEN QUANTITATIVE; CA 125 | 43.00 | .000 |
| 86305 | | IMMUNOASSAY TUMOR ANTIGEN QUANTITATIVE; CA 125 | 24.00 | .000 |
| 86308 | | HETEROPHILE ANTIBODIES; SCREENING | 6.00 | .000 |
| 86309 | | HETEROPHILE ANTIBODIES; TITER | 6.00 | .000 |
| 86310 | | HETEROPHILE ANTIBODIES; TITER AFTER ABSORPT | 8.00 | .000 |
| 86316 | | IMMUNOASSAY TUMOR ANTIGEN; OTH ANTIGEN QUAN EA | 32.00 | .000 |
| 86317 | | IMMUNOASSAY INF NOT ANTIBODY QUANTITATIVE EA | 38.00 | .000 |

CR1       (FEESCCDS/QL/STOQ01)

01/18/07 17:12:21

NUMBER OF PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODE)

PAGE 16

| Fee | From Serv. Code | To Serv. Code | Serv. Code | MD | Description | Current Price | Relative Value |
|-----|-----------------|---------------|------------|----|-------------|---------------|----------------|
| WFR | 00000 | 87999 | 86318 | | IMMUNOASSAY INFEC AGENT ANTIB | 15.00 | .000 |
| | | | 86320 | | IMMUNOELECTROPHORESIS; SERUM | 35.00 | .000 |
| | | | 86325 | | IMMUNOELECTROPHORESIS; OTH FLUID W/CONC | 32.00 | .000 |
| | | | 86327 | | IMMUNOELECTROPHORESIS; CROSSED | 135.00 | .000 |
| | | | 86329 | | IMMUNODIFFUSION; NOT ELSEWHERE SPECIFIED | 12.00 | .000 |
| | | | 86331 | | IMMUNODIFFUSION; GEL DIFFUS QUAL EA ANTIG/ANTIBODY | 33.00 | .000 |
| | | | 86332 | | IMMUNE COMPLEX ASSAY | 76.00 | .000 |
| | | | 86334 | | IMMUNOFIXATION ELECTROPHORESIS; SERUM | 86.00 | .000 |
| | | | 86335 | | IMMUNOFIXATION ELECTROPHORESIS; OTH FL W/CONC | 99.00 | .000 |
| | | | 86336 | | INHIBIN A | 75.00 | .000 |
| | | | 86337 | | INSULIN ANTIBODIES | 66.00 | .000 |
| | | | 86340 | | INTRINSIC FACTOR ANTIBODIES | 66.00 | .000 |
| | | | 86341 | | ISLET CELL ANTIBODY | 75.00 | .000 |
| | | | 86343 | | LEUKOCYTE HISTAMINE RELEASE TEST | 26.00 | .000 |
| | | | 86344 | | LEUKOCYTE PHAGOCYTOSIS | 24.00 | .000 |
| | | | 86353 | | LYMPHOCYTE TRANSFORM MITOGEN/ANTIG INDUCED BLAST | 195.00 | .000 |
| | | | 86355 | | B CELLS TOT CNT | 75.00 | .000 |
| | | | 86357 | | NATURAL KILLER CELLS TOT CNT | 75.00 | .000 |
| | | | 86359 | | T CELLS; TOTAL COUNT | 75.00 | .000 |
| | | | 86360 | | T CELLS; ABSOLUTE CD4/CD8 COUNT INCLUDING RATIO | 65.00 | .000 |
| | | | 86361 | | T CELLS; ABSOLUTE CD COUNT | 35.00 | .000 |
| | | | 86367 | | STEM CELLS TOT CNT | 35.00 | .000 |
| | | | 86376 | | MICROSOMAL ANTIBODIES EACH | 22.00 | .000 |
| | | | 86378 | | MIGRATION INHIBITORY FACTOR TEST | 4.00 | .000 |
| | | | 86379 | | NATURAL KILLER CELLS TOTAL COUNT | 75.00 | .000 |
| | | | 86382 | | NEUTRALIZATION TEST VIRAL | 75.00 | .000 |
| | | | 86384 | | NITROBLUE TETRAZOLIUM DYE TEST | 22.00 | .000 |
| | | | 86403 | | PARTICLE AGGLUTINATION; SCREEN EACH ANTIBODY | 50.00 | .000 |
| | | | 86406 | | PARTICLE AGGLUTINATION; TITER EACH ANTIBODY | 10.00 | .000 |
| | | | 86430 | | RHEUMATOID FACTOR; QUALITATIVE | 4.00 | .000 |
| | | | 86431 | | RHEUMATOID FACTOR; QUANTITATIVE | 6.00 | .000 |
| | | | 86421 | | TUBERCULOSIS TST CELL MEDIATED IMMUNTY | 45.00 | .000 |
| | | | 86485 | | SKIN TEST; CANDIDA | 9.00 | .000 |
| | | | 86490 | | SKIN TEST; COCCIDIOIDOMYCOSIS | 9.00 | .000 |
| | | | 86510 | | SKIN TEST; HISTOPLASMOSIS | 9.00 | .000 |
| | | | 86580 | | SKIN TEST; TUBERCULOSIS INTRADERMAL | 9.00 | .000 |
| | | | 86585 | | SKIN TEST; TUBERCULOSIS TINE TEST | 9.00 | .000 |
| | | | 86590 | | UNLISTED ANTIGEN EACH | 14.00 | .000 |
| | | | 86592 | | STEM CELLS TOTAL COUNT | 8.00 | .000 |
| | | | 86593 | | STREPTOKINASE ANTIBODY | 10.00 | .000 |
| | | | 86596 | | STERILE TEST; QUALITATIVE | 7.00 | .000 |
| | | | 86602 | | STERILE TEST; QUANTITATIVE | 4.00 | .000 |
| | | | 86603 | | ANTIBODY; ADENOVIRUS | 60.00 | .000 |
| | | | 86606 | | ANTIBODY; ACTINOMYCES | 60.00 | .000 |
| | | | 86609 | | ANTIBODY; ASPERGILLUS | 30.00 | .000 |

GR: (PHYSICIAN/STICKS)

HUMANA
RECIBIDO
AUG 16 2010
Critical Inquiry Unit

01/18/07 17:12:21

HUMANA OF PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

PAGE 17

Fee : WER
From Serv. Code : 80000
To Serv. Code : 87999

| Serv. Code | ID | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 86609 | | ANTIBODY; BACTERIUM NOT ELSEWHERE SPECIFIED | 14.00 | .000 |
| 86611 | | ANTIBODY; BARTONELLA | 75.00 | .000 |
| 86612 | | ANTIBODY; BLASTOMYCES | 75.00 | .000 |
| 86615 | | ANTIBODY; BORDETELLA | 75.00 | .000 |
| 86617 | | ANTIBODY; BORRELIA BURGDORFERI CONFIRMATORY TEST | 62.00 | .000 |
| 86618 | | ANTIBODY; BORRELIA BURGDORFERI | 123.00 | .000 |
| 86619 | | ANTIBODY; BORRELIA | 75.00 | .000 |
| 86622 | | ANTIBODY; BRUCELLA | 55.00 | .000 |
| 86625 | | ANTIBODY; CAMPYLOBACTER | 35.00 | .000 |
| 86628 | | ANTIBODY; CANDIDA | 35.00 | .000 |
| 86631 | | ANTIBODY; CHLAMYDIA | 45.00 | .000 |
| 86632 | | ANTIBODY; CHLAMYDIA IGM | 45.00 | .000 |
| 86635 | | ANTIBODY; COCCIDIOIDES | 37.00 | .000 |
| 86638 | | ANTIBODY; COXIELLA BURNETII | 12.00 | .000 |
| 86641 | | ANTIBODY; CRYPTOCOCCUS | 26.00 | .000 |
| 86644 | | ANTIBODY; CYTOMEGALOVIRUS | 45.00 | .000 |
| 86645 | | ANTIBODY; CYTOMEGALOVIRUS IGM | 80.00 | .000 |
| 86648 | | ANTIBODY; DIPHTHERIA | 80.00 | .000 |
| 86651 | | ANTIBODY; ENCEPHALITIS CALIFORNIA | 130.00 | .000 |
| 86652 | | ANTIBODY; ENCEPHALITIS EASTERN EQUINE | 31.00 | .000 |
| 86653 | | ANTIBODY; ENCEPHALITIS ST. LOUIS | 32.00 | .000 |
| 86654 | | ANTIBODY; ENCEPHALITIS WESTERN EQUINE | 41.00 | .000 |
| 86658 | | ANTIBODY; ENTEROVIRUS | 33.00 | .000 |
| 86663 | | ANTIBODY; EPSTEIN-BARR VIRUS EARLY ANTIGEN | 26.00 | .000 |
| 86664 | | ANTIBODY; EPSTEIN-BARR VIRUS NUCLEAR ANTIGEN | 55.00 | .000 |
| 86665 | | ANTIBODY; EPSTEIN-BARR VIRUS VIRAL CAPSID | 55.00 | .000 |
| 86668 | | ANTIBODY; FRANCISELLA TULARENSIS | 25.00 | .000 |
| 86671 | | ANTIBODY; FUNGUS NOT ELSEWHERE SPECIFIED | 45.00 | .000 |
| 86674 | | ANTIBODY; GIARDIA LAMBLIA | 16.00 | .000 |
| 86677 | | ANTIBODY; HELICOBACTER PYLORI | 16.00 | .000 |
| 86682 | | ANTIBODY; HELMINTH NOT ELSEWHERE SPECIFIED | 45.00 | .000 |
| 86684 | | ANTIBODY; HAEMOPHILUS INFLUENZA | 90.00 | .000 |
| 86687 | | ANTIBODY; HTLV-I | 15.00 | .000 |
| 86688 | | ANTIBODY; HTLV-II | 19.00 | .000 |
| 86689 | | ANTIBODY; HTLV OR HIV ANTIBODY CONFIRMATORY TEST | 13.00 | .000 |
| 86692 | | ANTIBODY; HEPATITIS DELTA AGENT | 44.00 | .000 |
| 86694 | | ANTIBODY; HERPES SIMPLEX NON-SPECIFIC TYPE TEST | 28.00 | .000 |
| 86695 | | ANTIBODY; HERPES SIMPLEX TYPE 1 | 23.00 | .000 |
| 86696 | | ANTIBODY; HERPES SIMPLEX TYPE 2 | 25.00 | .000 |
| 86698 | | ANTIBODY; HISTOPLASMA | 36.00 | .000 |
| 86701 | | ANTIBODY; HIV-1 | 28.00 | .000 |
| 86702 | | ANTIBODY; HIV-2 | 25.00 | .000 |
| 86703 | | ANTIBODY; HIV-1 AND HIV-2 SINGLE ASSAY | 36.00 | .000 |
| 86704 | | ANTIBODY; HEPATITIS B CORE ANTIBODY; TOTAL | 22.00 | .000 |

QRY. (VERSROG05/SVC028)

HUMAN RECEIPT AUG 1 6 20 Critical Inquiry

HUMANA
RECEIVED
AUG 1 6 2010
Critical Inquiry U

01/28/07 17:12:21

**HUMANA OF PUERTO RICO, INC.**
**FEE SCHEDULE LISTING**
**(ACTIVE SERVICE CODES)**

PAGE 18

| Fee | From Serv. Code | To Serv. Code | Serv. Code | ID | Description | Current Price | Relative Value |
|---|---|---|---|---|---|---|---|
| WER | 80000 | 87939 | | | | | |
| | | | 86705 | | HEPATITIS B CORE ANTIBODY ; IGM ANTIBODY | 24.00 | .000 |
| | | | 86706 | | HEPATITIS B SURFACE ANTIBODY | 18.00 | .000 |
| | | | 86707 | | HEPATITIS BE ANTIBODY | 18.00 | .000 |
| | | | 86709 | | HEPATITIS A ANTIBODY; TOTAL | 23.00 | .000 |
| | | | 86710 | | HEPATITIS A ANTIBODY; IGM ANTIBODY | 23.00 | .000 |
| | | | 86713 | | ANTIBODY; INFLUENZA VIRUS | 140.00 | .000 |
| | | | 86717 | | ANTIBODY; LEISHMANIA | 99.00 | .000 |
| | | | 86720 | | ANTIBODY; LEPTOSPIRA | 55.00 | .000 |
| | | | 86723 | | ANTIBODY; LISTERIA MONOCYTOGENES | 55.00 | .000 |
| | | | 86727 | | ANTIBODY; LYMPHOCYTIC CHORIOMENINGITIS | 50.00 | .000 |
| | | | 86729 | | ANTIBODY; MICROSPORIDIA | 50.00 | .000 |
| | | | 86732 | | ANTIBODY; MUMPS | 35.00 | .000 |
| | | | 86735 | | ANTIBODY; MYCOPLASMA | 65.00 | .000 |
| | | | 86738 | | ANTIBODY; MYCOPLASMA | 65.00 | .000 |
| | | | 86741 | | ANTIBODY; NEISSERIA MENINGITIDIS | 45.00 | .000 |
| | | | 86744 | | ANTIBODY; NOCARDIA | 45.00 | .000 |
| | | | 86747 | | ANTIBODY; PARVOVIRUS | 45.00 | .000 |
| | | | 86750 | | ANTIBODY; PLASMODIUM | 28.00 | .000 |
| | | | 86753 | | ANTIBODY; PROTOZOA NOT ELSEWHERE SPECIFIED | 46.00 | .000 |
| | | | 86756 | | ANTIBODY; RESPIRATORY SYNCYTIAL VIRUS | 28.00 | .000 |
| | | | 86759 | | ANTIBODY; ROTAVIRUS | 26.00 | .000 |
| | | | 86762 | | ANTIBODY; RUBELLA | 11.00 | .000 |
| | | | 86765 | | ANTIBODY; RUBEOLA | 24.00 | .000 |
| | | | 86768 | | ANTIBODY; SALMONELLA | 28.00 | .000 |
| | | | 86769 | | ANTIBODY; SHIGELLA | 28.00 | .000 |
| | | | 86771 | | ANTIBODY; TETANUS | 14.00 | .000 |
| | | | 86774 | | ANTIBODY; TOXOPLASMA | 14.00 | .000 |
| | | | 86777 | | ANTIBODY; TOXOPLASMA; IGM | 39.00 | .000 |
| | | | 86778 | | ANTIBODY; TOXOPLASMA | 30.00 | .000 |
| | | | 86780 | | ANTIBODY; TREPONEMA PALLIDUM CONFIRMATORY TEST | 20.00 | .000 |
| | | | 86784 | | ANTIBODY; TRICHINELLA | 60.00 | .000 |
| | | | 86787 | | ANTIBODY; VARICELLA-ZOSTER | 94.00 | .000 |
| | | | 86790 | | ANTIBODY; VIRUS NOT ELSEWHERE SPECIFIED | 45.00 | .000 |
| | | | 86793 | | ANTIBODY; YERSINIA | 45.00 | .000 |
| | | | 86800 | | THYROGLOBULIN ANTIBODY | 135.00 | .000 |
| | | | 86803 | | HEPATITIS C ANTIBODY; | 15.00 | .000 |
| | | | 86804 | | HEPATITIS C ANTIBODY; CONFIRMATORY TEST | 15.00 | .000 |
| | | | 86805 | | LYMPHOCYTOTOXICITY ASSY VISUAL X-MATCH,HO TITRAT | 157.00 | .000 |
| | | | 86806 | | LYMPHOCYTOTOXICITY ASSY VISUAL X-MATCH,NO TITRAT | 40.00 | .000 |
| | | | 86807 | | SERUM SCREENING CYTOTOXIC PRA; STANDARD METHOD | 10.00 | .000 |
| | | | 86812 | | SERUM SCREENING CYTOTOXIC PRA; QUICK METHOD | 85.00 | .000 |
| | | | 86813 | | HLA TYPING; A,B OR C SINGLE ANTIGEN | 90.00 | .000 |
| | | | 86816 | | HLA TYPING; A,B OR C MULTIPLE ANTIGENS | 90.00 | .000 |
| | | | 86817 | | HLA TYPING; DR/DQ SINGLE ANTIGEN | 90.00 | .000 |
| | | | 86817 | | HLA TYPING; DR/DQ MULTIPLE ANTIGENS | 70.00 | .000 |

CRT: (PRZNDBON/SVC031)

08-16-'10 15:15 FROM-Humana-ANNEXREFORM 7876225912 T-062 P0039/0048 F-775

04/18/07 17:12:21

HUMANA OF PUERTO RICO, INC.
(ACTIVE SERVICE CODES)

PAGE 19

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

| Fee | From Serv. Code | To Serv. Code | Serv. Code NO | Description | Current Price | Relative Value |
|---|---|---|---|---|---|---|
| FFR | 80000 | 87999 | 86821 | ELA TYPING; LYMPHOCYTE CULTURE MIXED | 86.00 | .000 |
| | | | 86822 | ELA TYPING; LYMPHOCYTE CULTURE MIXED | 12.00 | .000 |
| | | | 86849 | UNLISTED IMMUNOLOGY PROCEDURE | .00 | .000 |
| | | | 86850 | ANTIBODY SCREEN RBC EACH SERUM TECHNIQUE | 20.00 | .000 |
| | | | 86860 | ANTIBODY ELUTION EACH ELUTION | 20.00 | .000 |
| | | | 86870 | ANTIBODY ID RBC ANTIBODIES EA SERUM TECH | 48.00 | .000 |
| | | | 86880 | ANTIHUMAN GLOBULIN TEST ; DIRECT EACH ANTISERUM | 5.00 | .000 |
| | | | 86885 | ANTIHUMAN GLOBULIN TEST ; INDIRECT QUAL EA ANTISERUM | 5.00 | .000 |
| | | | 86886 | ANTIHUMAN GLOB TEST; INDIRECT TITER EA ANTISERUM | 8.00 | .000 |
| | | | 86890 | AUTOL BLD/CMPNT CLCT PROCESSG/STOR; PREDEPO | 50.00 | .000 |
| | | | 86891 | AUTOLOGOUS BLD/CMPNT INTRA/POSTOP SALVAGE | 45.00 | .000 |
| | | | 86900 | BLOOD TYPING; ABO | 6.00 | .000 |
| | | | 86901 | BLOOD TYPING; RH | 6.00 | .000 |
| | | | 86903 | BLD TYP/ ANTIG SCR COMPAT UNIT REAGENT EA UNIT | 14.00 | .000 |
| | | | 86904 | BLD TYP/ ANTIG SCR COMPAT UNIT PT SERUM EA UNIT | 14.00 | .000 |
| | | | 86905 | BLOOD TYPING RBC ANTIGENS OTHER THAN ABO/RH EA | 5.00 | .000 |
| | | | 86906 | BLOOD TYPING; RH PHENOTYPING COMPLETE | 10.00 | .000 |
| | | | 86910 | BLD TYP PATERNITY TST PER INDIVIDUAL, AND EACH | .00 | .000 |
| | | | 86911 | BLD TYP PATERNITY TST/INDIVL EA ADD ANTIG SYS | .00 | .000 |
| | | | 86920 | COMPAT TEST EA UNIT; IMMEDIATE SPIN TECHNIQUE | 10.00 | .000 |
| | | | 86921 | COMPATIBILITY TEST EA UNIT; INCUBATION TECHNIQUE | 12.00 | .000 |
| | | | 86922 | COMPAT TEST EA UNIT; ANTIGLOBULIN TECHNIQUE | 12.00 | .000 |
| | | | 86927 | FRESH FROZEN PLASMA THAWING EACH UNIT | 20.00 | .000 |
| | | | 86930 | FROZEN BLOOD UNIT; FREEZING | 70.00 | .000 |
| | | | 86931 | FROZEN BLOOD UNIT; THAWING | 70.00 | .000 |
| | | | 86932 | FROZEN BLOOD UNIT; FREEZING & THAWING | 45.00 | .000 |
| | | | 86940 | HEMOLYSINS AND AGGLUTININS; AUTO SCREEN EACH | 6.00 | .000 |
| | | | 86941 | HEMOLYSINS AND AGGLUTININS; INCUBATED | 10.00 | .000 |
| | | | 86945 | IRRADIATION OF BLOOD PRODUCT EACH UNIT | 20.00 | .000 |
| | | | 86950 | LEUKOCYTE TRANSFUSION | 20.00 | .000 |
| | | | 86960 | POOLING OF PLATELETS OR OTHER BLOOD PRODUCTS | 25.00 | .000 |
| | | | 86965 | POOLING OF PLATELETS W/CRYO REMOVE/FROZE EA | 25.00 | .000 |
| | | | 86970 | PRTX RBCS; INCUBATION W/CHEMICAL EA | .00 | .000 |
| | | | 86971 | PRTX RBCS; INCUBATION W/ENZYMES EA | .00 | .000 |
| | | | 86972 | PRTX RBCS; DENSITY GRADIENT SEPARATION | 18.00 | .000 |
| | | | 86975 | PRTX SERUM USE RBC ANTIBODY ID; INCUBATION W/EA EA | 32.00 | .000 |
| | | | 86976 | PRTX SERUM USE RBC ANTIBODY ID; DILUT | 38.00 | .000 |
| | | | 86977 | PRTX SERUM-ANTIB ID; DIFF RED CELL ABSORP EA | 38.00 | .000 |
| | | | 86978 | PRTX SERUM-ANTIB ID; POOLED CELLS EA | 70.00 | .000 |
| | | | 86985 | UNLISTED TRANSFUSION MEDICINE PROCEDURE | .00 | .000 |
| | | | 87001 | ANIMAL INOCULATION SMALL ANIMAL W/OBSERVATION | 34.00 | .000 |
| | | | 87003 | ANIMAL INOCULATION SM ANIMAL W/OBSERVATION | 20.00 | .000 |
| | | | 87015 | CONCENTRATION FOR INFECTIOUS AGENTS | 20.00 | .000 |
| | | | 87040 | CULT BACT/BLD AEROBIC ISOL&PRESMPTV ID ISOLATES | 28.00 | .000 |
| | | | 87045 | CULT BACT/STOOL AEROBIC AND PATH ISOLAT EA | 19.00 | .000 |
| | | | 87046 | CULT BACT/STOOL AEROBIC AND PATH ISOLAT EA PLATE | 3.00 | .000 |

QTY: (REPRODUCTION/STOCK11)

01/19/07 17:12:21

HUMANA OF PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

PAGE 20

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

| Fee | From Serv. Code | To Serv. Code | Serv. Code | MO | Description | Current Price | Relative Value |
|---|---|---|---|---|---|---|---|
| WPR | 80000 | 87999 | 87070 | | CULT BACT; NO URINE/BLD/STOOL AEROBIC W/ISOLATE | 18.00 | .000 |
| | | | 87071 | | CULT BACT; QUAN-AEROBIC-NOT URINE/BLD/STOOL | 25.00 | .000 |
| | | | 87073 | | CULT BACT; QUAN-ANAEROB-NOT URINE/BLD/STOOL | 19.00 | .000 |
| | | | 87075 | | CULT BACT; ANY SRC NO BLOOD ANAEROB ISOLAT & ID | 19.00 | .000 |
| | | | 87076 | | CULT BACT; ANAEROB ISOLATE ADD METHD DEFIN ID-EA | 10.00 | .000 |
| | | | 87077 | | CULT BACT; AEROBIC-ADD METHD DEFIN ID-EA ISOL | 2.00 | .000 |
| | | | 87081 | | CULT PRESUMPTIVE PATH ORGANISM SCREENING ONLY | 2.00 | .000 |
| | | | 87084 | | CULT PRESUMP PATH ORGANISM SCR ONLY W/COLONY EST | 2.00 | .000 |
| | | | 87086 | | CULTURE BACTERIAL; QUANTITATIVE COLONY CNT URINE | 2.00 | .000 |
| | | | 87088 | | CULTURE BACTERIAL, W/ISOLAT&PRESUMP ID ISOLATES URINE | 2.00 | .000 |
| | | | 87101 | | CULT FUNGI ISOLAT W/PRESUMP ID SKIN/HAIR/NAIL | 20.00 | .000 |
| | | | 87102 | | CULT FUNGI ISOLAT W/PRESUMP ID ISOLATES; OTH SRC | 20.00 | .000 |
| | | | 87103 | | CULT FUNGI ISOLAT W/PRESUMP ID ISOLATES; BLD | 22.00 | .000 |
| | | | 87106 | | CULT FUNGI DEFINTV ID EA ORGANISM; YEAST | 22.00 | .000 |
| | | | 87107 | | CULT FUNGI DEFINTV ID EA ORGANISM; MOLD | 2.00 | .000 |
| | | | 87109 | | CULTURE MYCOPLASMA ANY SOURCE | 31.00 | .000 |
| | | | 87110 | | CULTURE CHLAMYDIA ANY SOURCE | 75.00 | .000 |
| | | | 87116 | | CULT TB/AFB/MYCOBACT ANY SOURCE W/ISOLATE & ID | 23.00 | .000 |
| | | | 87118 | | CULT MYCOBACTERI DEFINTV ID EA ISOLATE | 23.00 | .000 |
| | | | 87140 | | CULT TYPING; IMMUNOFLUORES METHD EA ANTISERUM | 19.00 | .000 |
| | | | 87143 | | CULT TYPING; GAS/HIGH PRES LIQUID CHROMATOGRAPH | 19.00 | .000 |
| | | | 87147 | | CULT TYPING; IMMUNOLOGIC METHD PER ANTISERUM | 6.00 | .000 |
| | | | 87149 | | CULT TYPING; IDENTIFICATION NUCLEIC ACID PROBE | 20.00 | .000 |
| | | | 87152 | | CULT TYPING; OTHER METHODS | 15.00 | .000 |
| | | | 87158 | | DARK FIELD EXAM ANY SOURCE; INCL SPECIMEN COLL | 15.00 | .000 |
| | | | 87164 | | DARK FIELD EXAM ANY SOURCE; WITHOUT COLLECTION | 15.00 | .000 |
| | | | 87168 | | MACROSCOPIC EXAMINATION; ARTHROPOD | 15.00 | .000 |
| | | | 87169 | | MACROSCOPIC EXAMINATION; PARASITE | 15.00 | .000 |
| | | | 87172 | | PINWORM EXAM | 10.00 | .000 |
| | | | 87176 | | HOMOGENIZATION TISSUE FOR CULTURE | 10.00 | .000 |
| | | | 87177 | | OVA&PARASITES DIRECT SMEARS CONCENTRATION | 4.00 | .000 |
| | | | 87181 | | SUSCEPT-ANTIMICROBIAL; AGAR METHOD PER AGENT | 2.00 | .000 |
| | | | 87184 | | SUSCEPT STDY ANTIMICROBIAL ACT; DISK METH-PLATE | 2.00 | .000 |
| | | | 87185 | | SUSCEPT STDY ANTIMICROBIAL; ENZYME DETECT-EA | 2.00 | .000 |
| | | | 87186 | | SUSCEPT-ANTIMICROBIAL; MICRO/MACR DILUT-MIC | 10.00 | .000 |
| | | | 87187 | | SUSCEPT-ANTIMICROBIAL; MICRO/MACR DILUT EA PLAT | 19.00 | .000 |
| | | | 87188 | | SUSCEPT-ANTIMICROBIAL; MACRODILUTE DILU METH EA | 15.00 | .000 |
| | | | 87190 | | SUSCEPT-ANTIMICROB; MYCOBAC PROVIDES MICR METH EA AGT | 15.00 | .000 |
| | | | 87205 | | SMEAR BACTERICIDAL TYPE | 4.00 | .000 |
| | | | 87206 | | SMEAR-PRIM SOURCE W/INTERPT; GRAM/GIEMSA STAIN | 4.00 | .000 |
| | | | 87207 | | SMEAR-PRIM W/INTERPT; FLUOD & / ACID FAST STAIN | 7.00 | .000 |
| | | | 87209 | | SMR PRIM SRC CPLX SPEC STAIN W/INTERP&DIFF | 6.00 | .000 |
| | | | 87110 | | SMEAR PRIM SOURCE W/INTERPR; WET MOUNT-INF AGTS | 3.00 | .000 |

QRY: (REPRODUCON/SVC001)

Case 3:10-cr-00236-GAG Document 1-1 Filed 04/30/13 Page 41 of 174
HUMANA ANNEX FORM 7876225912 T-662 P0641/0648 F-775

HUMANA DE PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

PAGE 21

| Fee | From Serv. Code | To Serv. Code | Serv. Code ID | Description | Current Price | Relative Value |
|---|---|---|---|---|---|---|
| WPR | 80000 | 87999 | 87230 | TISS MDM XGM SLIDE-BASED HAIR/SKIN/NAIL | 6.00 | .000 |
| | | | 87230 | TOXIN OR ANTITOXIN ASSAY TISSUE CULTURE | 40.00 | .000 |
| | | | 87250 | VIRUS INOCU, IVM SW ANIMAL, OBSRV & DISSECT | 37.00 | .000 |
| | | | 87252 | VIRUS ISOLATE TISS CULT INOCL OBSERV ID | 37.00 | .000 |
| | | | 87253 | VIRUS ISOLAT TISS CULT-ADD STUDY/ID EA ISOLAT | 37.00 | .000 |
| | | | 87254 | VIRUS ISOLAT CENTRIFUGE ENHANCD ID STAIN EA VIRUS | 37.00 | .000 |
| | | | 87255 | VIRUS ISOLAT W/ID NON-IMMUNOLOGIC NOT CYTOPATHIC | 60.00 | .000 |
| | | | 87260 | INF AGT-IMMUNOFLUOR, ADENOVIRUS | 55.00 | .000 |
| | | | 87265 | INF AGT-IMMUNOFLUOR, BORDETELLA/PARA/ PERTUSSIS | 55.00 | .000 |
| | | | 87267 | INF AGT-IMMUNOFLUOR, ENTEROVIRUS EA VIRUS | 55.00 | .000 |
| | | | 87269 | INF AGT-IMMUNOFLUOR, GIARDIA | 55.00 | .000 |
| | | | 87270 | INF AGT-IMMUNOFLUOR, CHLAMYDIA TRACHOMATIS | 50.00 | .000 |
| | | | 87271 | INF AGT MTD DRX IMMUNOFLUOR TECH, CYTOMEGA DFA | 50.00 | .000 |
| | | | 87272 | INF AGT-IMMUNOFLUOR TECH, CRYPTOSPORIDIUM | 45.00 | .000 |
| | | | 87273 | INF AGT MTD DRX IMMUNOFLUOR TECH, HERPES 2 | 45.00 | .000 |
| | | | 87274 | INF AGT MTD DRX IMMUNOFLUOR TECH, HERPES TYPE 1 | 45.00 | .000 |
| | | | 87275 | INF AGT-IMMUNOFLUOR, INFLUENZA B VIRUS | 45.00 | .000 |
| | | | 87276 | INF AGT-IMMUNOFLUOR, INFLUENZA A VIRUS | 45.00 | .000 |
| | | | 87277 | INF AGT-IMMUNOFLUOR, LEGIONELLA MICDADEI | 45.00 | .000 |
| | | | 87278 | INF AGT-IMMUNOFLUOR, LEGIONELLA PNEUMOPHILA | 45.00 | .000 |
| | | | 87279 | INF AGT-IMMUNOFLUOR, PARAINFLUENZA-EA TYPE | 45.00 | .000 |
| | | | 87280 | INF AGT-IMMUNOFLUOR, RESPIRATORY SYNCYTIAL VIRUS | 45.00 | .000 |
| | | | 87281 | INF AGT-IMMUNOFLUOR, PNEUMOCYSTIS CARINII | 45.00 | .000 |
| | | | 87283 | INF AGT-IMMUNOFLUOR, RUBEOLA | 45.00 | .000 |
| | | | 87285 | INF AGT-IMMUNOFLUOR, TREPONEMA PALLIDUM | 28.00 | .000 |
| | | | 87290 | INF AGT-IMMUNOFLUOR, VARICELLA ZOSTER VIRUS | 45.00 | .000 |
| | | | 87299 | INF AGT-IMMUNOFLUOR, NOS-EA ORGANISM | 45.00 | .000 |
| | | | 87301 | INF AGT-IMMUNOASSAY, ADENOVIRUS ENTERIC-40/41 | 28.00 | .000 |
| | | | 87305 | INF AGT-IMMUNOASSAY, ASPERGILLUS | 28.00 | .000 |
| | | | 87320 | INF AGT-IMMUNOASSAY, CHLAMYDIA TRACHOMATIS | 35.00 | .000 |
| | | | 87324 | INF AGT-IMMUNOASSAY, CLOSTRIDIUM | 35.00 | .000 |
| | | | 87327 | INF AGT-IMMUNOASSAY, CRYPTOCOCCUS | 58.00 | .000 |
| | | | 87328 | INF AGT IMMUNOASSAY EA STEP, CRYPTOSPORIDIUM | 37.00 | .000 |
| | | | 87329 | INF AGT IMMUNOASSAY EA STEP MENH, GIARDIA | 58.00 | .000 |
| | | | 87332 | INF AGT-IMMUNOASSAY, CYTOMEGALOVIRUS | 58.00 | .000 |
| | | | 87335 | INF AGT-IMMUNOASSAY, ESCHERICHIA COLI 0157 | 30.00 | .000 |
| | | | 87336 | INF AGT-IMMUNOASSAY EA STEP, ENTAMOEB HISTAM | 30.00 | .000 |
| | | | 87337 | INF AGT-IMMUNOASSAY-EA STEP, ENTAMOEB DISPAR | 40.00 | .000 |
| | | | 87338 | INF AGT-IMMUNOASSAY EA STEP, H PYLORI-STOOL | 35.00 | .000 |
| | | | 87339 | INF AGT-IMMUNOASSAY MK STEP, HEP B NEUTRALIZTN | 30.00 | .000 |
| | | | 87340 | INF AGT-IMMUNOASSAY MK STEP, HEP B SURFACE ANTIG | 30.00 | .000 |
| | | | 87341 | INF AGT-QUAL/SEMIQUAL-MK STEP, H PYLORI | 25.00 | .000 |
| | | | 87350 | INF AGT-IMMUNOASSAY, HEP BE ANTIG | 25.00 | .000 |
| | | | 87380 | INF AGT-IMMUNOASSAY, HEP DELTA AGNT | 28.00 | .000 |
| | | | 87385 | INF AGT-IMMUNOASSAY, HISTOPLASMA CAPSULATUM | 25.00 | .000 |
| | | | 87390 | INF AGT-IMMUNOASSAY, HIV-1 | 20.00 | .000 |

CRT: (REPRODUCCION/SERVICE)

HUMANA RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

041

01/18/07   17:21:21

Fee
---
NPR

| From Serv. Code | To Serv. Code |
|---|---|
| 80000 | 87999 |

HUMANA OF PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

PAGE  22

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

| Serv. Code | ID | Description | Current Price | Relative Value |
|---|---|---|---|---|
| 87391 | INF AGT-IMMUNOASSAY/ HIV-2 | | 20.00 | .000 |
| 87400 | INF AGT-IMMUNOASSAY NX STEP/ INFLUENZA A/B/A | | 37.00 | .000 |
| 87420 | INF AGT-IMMUNOASSAY NX STEP/ SYNCYTIAL R/DTR | | 38.00 | .000 |
| 87425 | INF AGT-IMMUNOASSAY/ ROTAVIRUS | | 38.00 | .000 |
| 87427 | INF AGT-IMMUNOASSAY NX STEP/ SHIGA-LIKE TOXIN | | 38.00 | .000 |
| 87430 | INF AGT-IMMUNOASSAY NX STEP/ STREP GROUP A | | 25.00 | .000 |
| 87449 | INF AGT-IMMUNOASSAY MX STEP/ MOS-EA ORGANISM | | 20.00 | .000 |
| 87450 | INF AGT-IMMUNOASSAY SNGL STEP/ EA ORGANISM | | 40.00 | .000 |
| 87470 | INF AGT-DNA/RNA/ BARTONELLA H & Q-DIR PROBE | | 160.00 | .000 |
| 87471 | INF AGT-DNA/RNA/ BARTONELLA H & Q-AMPL PROBE | | 160.00 | .000 |
| 87472 | INF AGT-DNA/RNA/ BARTONELLA H & Q-QUAN | | .00 | .000 |
| 87475 | INF AGT-DNA/RNA/ BORRELIA BURGDORFERI-DIR PROB | | .00 | .000 |
| 87476 | INF AGT-DNA/RNA/ BORRELIA BURGDORFERI-AMP | | .00 | .000 |
| 87477 | INF AGT-DNA/RNA/ BORRELIA BURGDORFERI-QUAN | | .00 | .000 |
| 87480 | INF AGT-DNA/RNA/ CANDIDA SPECIES-DIRECT PROBE | | .00 | .000 |
| 87481 | INF AGT-DNA/RNA/ CANDIDA SPECIES-AMPLE PROBE | | .00 | .000 |
| 87482 | INF AGT-DNA/RNA/ CANDIDA SPECIES-QUAN | | .00 | .000 |
| 87485 | INF AGT-DNA/RNA/ CHLAMYDIA PNEUMON-DIR PROBE | | .00 | .000 |
| 87486 | INF AGT-DNA/RNA/ CHLAMYDIA PNEUMON-AMPL PROBE | | .00 | .000 |
| 87487 | INF AGT-DNA/RNA/ CHLAMYDIA PNEUMON-QUAN | | .00 | .000 |
| 87490 | INF AGT-DNA/RNA/ CHLAMYDIA TRACHOMATIS-DIRECT | | 56.00 | .000 |
| 87491 | INF AGT-DNA/RNA/ CHLAMYDIA TRACHOMATIS-AMP | | .00 | .000 |
| 87492 | INF AGT-DNA/RNA/ CHLAMYDIA TRACHOMATIS-QUAN | | .00 | .000 |
| 87495 | INF AGT-DNA/RNA/ CYTOMEGALOVIRUS-DIRECT PROBE | | 39.00 | .000 |
| 87496 | INF AGT-DNA/RNA/ CYTOMEGALOVIRUS-AMPL PROBE | | 39.85 | .000 |
| 87497 | INF AGT-DNA/RNA/ CYTOMEGALOVIRUS-QUAN | | .00 | .000 |
| 87510 | INF AGT-DNA/RNA/ GARDNERELLA VAG-DIRECT PROBE | | .00 | .000 |
| 87511 | INF AGT-DNA/RNA/ GARDNERELLA VAG-AMP PROBE | | .00 | .000 |
| 87512 | INF AGT-DNA/RNA/ GARDNERELLA VAG-QUAN | | .00 | .000 |
| 87515 | INF AGT-DNA/RNA/ HEP B VIRUS-DIRECT PROBE | | .00 | .000 |
| 87516 | INF AGT-DNA/RNA/ HEP B VIRUS-AMP PROBE | | 150.00 | .000 |
| 87517 | INF AGT-DNA/RNA/ HEP B VIRUS-QUAN | | 150.00 | .000 |
| 87520 | INF AGT-DNA/RNA/ HEP C-DIRECT PROBE | | 180.00 | .000 |
| 87521 | INF AGT-DNA/RNA/ HEP C-AMP PROBE | | 180.00 | .000 |
| 87522 | INF AGT-DNA/RNA/ HEP C-QUAN | | 180.00 | .000 |
| 87525 | INF AGT-DNA/RNA/ HEP G-DIRECT PROBE | | .00 | .000 |
| 87526 | INF AGT-DNA/RNA/ HEP G-AMPLE PROBE | | .00 | .000 |
| 87527 | INF AGT-DNA/RNA/ HEP G-QUAN | | .00 | .000 |
| 87528 | INF AGT-DNA/RNA/ HERPES SIMPLEX-DIRECT PROBE | | .00 | .000 |
| 87529 | INF AGT-DNA/RNA/ HERPES SIMPLEX-AMP PROBE | | .00 | .000 |
| 87530 | INF AGT-DNA/RNA/ HERPES SIMPLEX-QUAN | | .00 | .000 |
| 87531 | INF AGT-DNA/RNA/ HERPES VIRUS-6-DIRECT PROBE | | .00 | .000 |
| 87532 | INF AGT-DNA/RNA/ HERPES VIRUS-6-AMP PROBE | | .00 | .000 |
| 87533 | INF AGT-DNA/RNA/ HERPES VIRUS-6 QUAN | | .00 | .000 |

CRT:   (REPRODUCE/STOP33)

01/18/07   17:12:21

# HUMANA OF PUERTO RICO, INC.
## FEE SCHEDULE LISTING
### (ACTIVE SERVICE CODES)

HUMANA
AUG 16 2010
Medical Inquiry Unit

| Fee | From Serv. Code | To Serv. Code | Serv. Code | Serv. Code ID | Description | Current Price | Relative Value |
|---|---|---|---|---|---|---|---|
| WPX | 80000 | 87999 | | | | | PAGE 23 |
| | | | 87534 | INF AGT-DNA/RNA; HIV-1-DIRECT PROBE | | 180.00 | .000 |
| | | | 87535 | INF AGT-DNA/RNA; HIV-1-AMP PROBE | | 180.00 | .000 |
| | | | 87536 | INF AGT-DNA/RNA; HIV-1-QUAN | | 180.00 | .000 |
| | | | 87537 | INF AGT-DNA/RNA; HIV-2-DIRECT PROBE | | 180.00 | .000 |
| | | | 87538 | INF AGT-DNA/RNA; HIV-2-AMP PROBE | | .00 | .000 |
| | | | 87539 | INF AGT-DNA/RNA; HIV-2-QUAN | | .00 | .000 |
| | | | 87540 | INF AGT-DNA/RNA; LEGIONELLA PNEUMOPHILA-DIRECT | | .00 | .000 |
| | | | 87541 | INF AGT-DNA/RNA; LEGIONELLA PNEUMOPHILA-AMP | | .00 | .000 |
| | | | 87542 | INF AGT-DNA/RNA; LEGIONELLA PNEUMOPHILA-QUAN | | .00 | .000 |
| | | | 87550 | INF AGT-DNA/RNA; MYCOBACTERIA-DIRECT PROBE | | .00 | .000 |
| | | | 87551 | INF AGT-DNA/RNA; MYCOBACTERIA-AMPLI PROBE | | .00 | .000 |
| | | | 87552 | INF AGT-DNA/RNA; MYCOBACTERIA-QUAN | | .00 | .000 |
| | | | 87554 | INF AGT-DNA/RNA; MYCOBACTERIA TB-DIRECT PROBE | | .00 | .000 |
| | | | 87555 | INF AGT-DNA/RNA; MYCOBACTERIA TB-AMP PROBE | | .00 | .000 |
| | | | 87556 | INF AGT-DNA/RNA; MYCOBACTERIA TB-QUANTATIVE | | .00 | .000 |
| | | | 87560 | INF AGT-DNA/RNA; MYCOBACTERIA AVIUM-DIR PROBE | | .00 | .000 |
| | | | 87561 | INF AGT-DNA/RNA; MYCOBACTERIA AVIUM-AMP PROBE | | .00 | .000 |
| | | | 87562 | INF AGT-DNA/RNA; MYCOBACTERIA AVIUM-QUAN | | .00 | .000 |
| | | | 87580 | INF AGT-DNA/RNA; MYCOPLASMA PNEUMONIAE-DIRECT | | 100.00 | .000 |
| | | | 87581 | INF AGT-DNA/RNA; MYCOPLASMA PNEUMONIAE-AMP | | 100.00 | .000 |
| | | | 87582 | INF AGT-DNA/RNA; MYCOPLASMA PNE QUAN | | .00 | .000 |
| | | | 87590 | INF AGT-DNA/RNA; NEISSERIA GONORRHEA-DIR PROBE | | 33.00 | .000 |
| | | | 87591 | INF AGT-DNA/RNA; NEISSERIA GONORRHEA-AMP PROBE | | .00 | .000 |
| | | | 87592 | INF AGT-DNA/RNA; NEISSERIA GONORRHEA QUAN | | .00 | .000 |
| | | | 87620 | INF AGT-DNA/RNA; PAPILLOMAVIRUS HUMAN-DIRECT | | 110.00 | .000 |
| | | | 87621 | INF AGT-DNA/RNA; PAPILLOMAVIRUS HUMAN-AMP | | 110.00 | .000 |
| | | | 87622 | INF AGT-DNA/RNA; PAPILLOMAVIRUS HUMAN-QUAN | | 42.00 | .000 |
| | | | 87650 | INF AGT-DNA/RNA; STREP GROUP A-DIRECT PROBE | | .00 | .000 |
| | | | 87651 | INF AGT-DNA/RNA; STREP GROUP A-AMP PROBE | | .00 | .000 |
| | | | 87652 | INF AGT-DNA/RNA; STREP GROUP A-QUANTATIVE | | .00 | .000 |
| | | | 87660 | INF AGT-DNA/RNA; TRICHOMONAS DIR PROBE | | .00 | .000 |
| | | | 87797 | INF AGT-DNA/RNA EO&; DIR PROBE EA ORGANISM | | 27.00 | .000 |
| | | | 87798 | INF AGT-DNA/RNA EO&; AMP PROBE-EA ORGANISM | | 40.00 | .000 |
| | | | 87799 | INF AGT-DNA/RNA EO&; QUAN EA ORGANISM | | .00 | .000 |
| | | | 87800 | INF AGT-DNA/RNA MX ORGANISM; DIR PROBE | | 44.00 | .000 |
| | | | 87801 | INF AGT-DNA/RNA MX ORGANISM; AMPLIFIED PROBE | | .00 | .000 |
| | | | 87802 | INF AGT DETECT IMMUNOASSY; STREP GRP B | | 13.00 | .000 |
| | | | 87803 | INF AGT DETECT IMMUNOASSY; C-DIFF TOXIN A | | 20.00 | .000 |
| | | | 87807 | INF AGT DETECT IMMUNOASSY DIR OPTICL OBS; RSV | | 50.00 | .000 |
| | | | 87810 | INF AGT-IMMUNOASSAY W/DIR OBS; CHLAMYDIA TRACH | | 35.00 | .000 |
| | | | 87850 | INF AGT-IMMUNOASSAY W/DIR OBS; NEISERIA GONORRHEA | | 35.00 | .000 |
| | | | 87880 | INF AGT-IMMUNOASSAY W/DIR OBS; STREP GRP A | | 35.00 | .000 |
| | | | 87900 | NCL ACD RPTYP & RTP PREDICT | | .00 | .000 |
| | | | 87901 | INF AGT-GENO-DNA/RNA-HIV 1 EXTRA TRANSCRIPTAS | | 200.00 | .000 |
| | | | 87902 | INF AGT GENTYPE DNA/RNA-HIV 1 REVRSE TRANSCPTASE | | 180.00 | .000 |
| | | | 87903 | INF AGT PHENTYPE ANALY NUCLEIC ACID; HIV 1,1-10 EA TESTED | | 205.00 | .000 |

GXX1. (REPRODUCED/CVXX001)

01/18/07  17:12:21

HUMANA OF PUERTO RICO, INC.
FEE SCHEDULE LISTING
(ACTIVE SERVICE CODES)

PAGE  24

| Fee | From Serv. Code | To Serv. Code | Serv. Code ID | Description | Current Price | Relative Value |
|-----|-----------------|---------------|---------------|-------------|---------------|----------------|
| NTR | 80000 | 87999 | 87904 87999 | RPCT MIT PRPCY RESISTANCE TEES UNLISTED MICROBIOLOGY PROCEDURE | .00 .00 | .000 .000 |

COUNT 1,037

COUNT 1,037

FINAL TOTALS
COUNT 1,037

* * * E N D   O F   R E P O R T  * * *

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

CRT:  (PGPRODNEW/PVCR011)

5

# Cartas De Querella
# Comité de Querellas Humana





*Asociación Puertorriqueña*
*Dueños Laboratorios Clínicos Privados, Inc.*

7 de mayo de 2010

**CERTIFICADA Y CON ACUSE DE RECIBO**

Comité de Querellas
Humana Health Plans of Puerto Rico
383 Ave. FD Roosevelt
San Juan PR 00918-2131

Estimados Señores:

Referente a la carta de Humana del 1 de abril de 2010 (anejo 1) en la cual se reducen las tarifas de las pruebas de laboratorio más comunes (anejo 2), se le informa que dicha acción viola el Artículo 30.050 de la Ley Núm. 104 de 19 de julio de 2002, Ley para el Pago Puntual de Reclamaciones a Proveedores de Servicios de Salud, la cual establece:

"Ningún Asegurador u Organización de Servicios de Salud podrá negarse a pagar una reclamación por servicios prestados por razón de que se hubieren efectuado alteraciones o enmiendas unilaterales a los términos del contrato entre Asegurador u Organización de Servicios de Salud y suscriptor, o entre Asegurador u Organización de Servicios de Salud y proveedor, incluyendo enmiendas a las tarifas;"

La ilegalidad de esta práctica ha sido cosa juzgada por el Comisionado de Seguros en casos previamente registrados, como lo son el de APDLCP vs. Cruz Azul, APDLCP vs. MCS, y APDLCP vs. IMC.

Por lo tanto se le pide que voluntariamente anule las reducciones en las tarifas impuestas en la carta de referencia de forma inmediata. Pasados los 30 día a partir de la entrega de esta carta y de insistir en imponer dichas reducciones, procederemos a radicar una querella formal en la Oficina del Comisionando de Seguros a nombre de todos nuestros asociados según requerido por la Regla 73.

PO Box 11603 • San Juan, Puerto Rico 00922-1603
Tel. & Fax (787) 759-6245



HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

EXHIBIT

6

# Respuesta
# Comité de Querellas Humana



HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

383 Ave. FD Roosevelt
San Juan, PR 00918-2131
humana.pr

# HUMANA.
*Su consejero cuando más lo necesita.*

25 de mayo de 2010

**POR CORREO CERTIFICADO CON ACUSE DE RECIBO**

David Velázquez Camarena
Presidente
Asociación Puertorriqueña Dueños Laboratorios Clínicos Privados, Inc.
P.O. Box 11603
San Juan, Puerto Rico 00922-1603

Estimado señor Velázquez Camarena:

Reciba un cordial saludo. Acuso recibo de su comunicación fechada 7 de mayo de 2010, la cual fue dirigida a mi atención, mediante la cual nos solicita que voluntariamente anulemos las reducciones en las tarifas notificadas en nuestra comunicación del 1 de abril de 2010. Favor de observar que Humana no anulará las referidas reducciones toda vez que dicha determinación fue notificada conforme al contrato así como a las disposiciones de ley del Estado Libre Asociado de Puerto Rico.

Afirmamos, también, que ninguna de las actuaciones de Humana contraviene de manera alguna las disposiciones de la Ley Núm. 104 de 19 de julio de 2002, Ley para el Pago Puntual de Reclamaciones a Proveedores de Servicios de Salud, ya que en ningún momento nos hemos negado o dejado de pagar reclamaciones por servicios prestados.

Agradecemos la oportunidad de atender sus planteamientos. No dude en comunicarse con la suscribiente al 787-622-5754 de tener alguna duda o pregunta respecto a lo anterior.

Cordialmente,

Arlene Marrero
Vicepresidenta
Contrataciones y Red de Proveedores

Cc:    Oficina del Comisionado de Seguros de Puerto Rico
        Oficina de Pronto Pago

HUMANA
RECIBIDO
AUG 1 6 2010
Critical Inquiry Unit

048



GOBIERNO DE PUERTO RICO
## OFICINA DEL COMISIONADO DE SEGUROS

PP-611

5 de septiembre de 2012

Sr. David Krebs
Presidente
P/C Sra. Margarita Lizardi Villanueva
Humana Health Plans of Puerto Rico, Inc.
Avenida F.D. Roosevelt 383
San Juan, PR 00918-2131

Estimado señor Krebs:

Mediante Solicitud de Intervención Número PP-10-12-02-00139 sometida en nuestra Oficina por la Asociación de Dueños de Laboratorios Clínicos Privados (el Proveedor), a través de su representante legal, Lcdo. David Noriega Rodríguez, éste solicitó nuestra intervención sobre la situación que mantiene con Humana Health Plans of Puerto Rico, Inc. (la Organización), relacionada con una alegada reducción unilateral en sus tarifas, anunciada mediante carta circular C-P-03-10 del 1 de abril de 2010, con efectividad al 1 de julio de 2010.

Al amparo del poder de investigación conferido al Comisionado de Seguros por los Artículos 2.030 y 30.080 del Código de Seguros de Puerto Rico, 26 L. P. R. A., secc. 203 y 3007 con el fin de continuar con la intervención del asunto, se le requiere a la Organización que dentro del termino de veinte (20) días, contado a partir de la fecha de esta carta, someta a esta Oficina:

1. Copia de los contratos firmados entre las partes, para el Plan de la Reforma de Salud del Gobierno de Puerto Rico y las tarifas de laboratorios contratadas.

|   | Nombre de Laboratorio | Núm. Licencia | Localización |
|---|------------------------|---------------|--------------|
| 1. | Laboratorio Clínico Rolimar | 877 | Aibonito |
| 2. | Laboratorio Clínico Rolimar-Rivera, Inc. | 424 | Aibonito |
| 3. | Laboratorio Clínico Villa Blanca | 530 | Caguas |
| 4. | Laboratorio Clínico Villa Blanca-Navarro | 543 | Caguas |
| 5. | Laboratorio Clínico López Rivera | 292 | Cayey |
| 6. | Laboratorio Clínico Montellano, Inc. | 958 | Cayey |

PUERTO RICO
LO HACE MEJOR

B5 Calle Tabonuco Suite 216 • PMB 356 • Guaynabo, PR 00968-3029 •
Tel: (787) 304-8686 • Fax: (787) 273-6082
www.ocs.gobierno.pr


VERDE

049

2

| | Nombre de Laboratorio | Núm. Licencia | Localización |
|---|---|---|---|
| 7. | Laboratorio Clínico Instituto Central | 1046 | Cidra |
| 8. | Laboratorio Clínico Coamo | 414 | Coamo |
| 9. | Laboratorio Clínico San Blas I | 691 | Coamo |
| 10 | Laboratorio Clínico San Blas II | 937 | Coamo |
| 11 | Laboratorio Clínico San Blas III | 1029 | Coamo |
| 12 | Laboratorio Clínico Almacigo | 1031 | Coto Laurel |
| 13 | Laboratorio Clínico Coto Laurel | 834 | Coto Laurel |
| 14 | Laboratorio Clínico Del Sur | 290 | Coto Laurel |
| 15 | Laboratorio Clínico Ponceño | 1177 | Coto Lurel |
| 16 | Laboratorio Clínico Guayama | 378 | Guayama |
| 17 | Laboratorio Clínico Melania | 988 | Guayama |
| 18 | Laboratorio Clínico Plaza Guayama | 898 | Guayama |
| 19 | Laboratorio Clínico Guayanillense, CSP | 551 | Guayanilla |
| 20 | Laboratorio Clínico Rivera Gonzalez II | 491 | Gurabo |
| 21 | Laboratorio Clínico Manued | 86 | Humacao |
| 22 | Laboratorio Clínico Oriental | 779 | Humacao |
| 23 | Laboratorio Clínico Licer | 485 | Juncos |
| 24 | Laboratorio Clínico Carmar | 451 | Juncos |
| 25 | Laboratorio Clínico Valenciano I | 1047 | Juncos |
| 26 | Laboratorio Clínico Valenciano II | 1134 | Juncos |
| 27 | Laboratorio Clínico y Bacterelógico Licer | 1035 | Juncos |
| 28 | Laboratorio Clínico April Gardens | 885 | Las Piedras |
| 29 | Laboratorio Clínico Del Este | 515 | Las Piedras |
| 30 | Laboratorio Clínico Rodríguez | 668 | Las Piedras |
| 31 | Laboratorio Clínico Medina | 647 | Naguabo |
| 32 | Laboratorio Clínico Bacterelógico Genesis | 895 | Patillas |
| 33 | Laboratorio Clínico Sonia Sepulveda | 347 | Peñuelas |
| 34 | Laboratorio Clínico La 14 | 908 | Ponce |
| 35 | Laboratorio Clínico La Providencia | 883 | Ponce |
| 36 | Laboratorio Clínico Romi | 825 | Ponce |
| 37 | Laboratorio Clínico Williams | 704 | Ponce |
| 38 | Laboratorio Clínico Ramirez, Inc. | 52 | Ponce |
| 39 | Laboratorio Clínico El Coco | 1008 | Salinas |
| 40 | Laboratorio Clínico Salimar | 518 | Salinas |
| 41 | Laboratorio Clínico Surmed Medical Center | 743 | Salinas |
| 42 | Laboratorio Clínico Plaza Oasis | 1067 | Santa Isabel |
| 43 | Laboratorio Clínico Alfeciza | 667 | Villalba |
| 44 | Laboratorio Clínico Tierra Santa, Inc. | 1021 | Villalba |
| 45 | Laboratorio Clínico Cima II | 900 | Yabucoa |
| 46 | Laboratorio Clínico Cima IV | 270 | Yabucoa |
| 47 | Laboratorio Clínico Colón | 216 | Yabucoa |

3

| | Nombre de Laboratorio | Núm. Licencia | Localización |
|---|---|---|---|
| 48 | Laboratorio Clínico Colón II | 569 | Yabucoa |
| 49 | Laboratorio Clínico Colón III | 1032 | Yabucoa |
| 50 | Laboratorio Clínico Referencia Cima | 811 | Yabucoa |
| 51 | Laboratorio Clínico Bactereológico Gladyan | 1132 | Yabucoa |
| 52 | Laboratorio Clínico Catala-Vicente | 1162 | Yauco |
| 53 | Tecnolab | 314 | Yauco |

2. La contestación a la querella radicada por el Proveedor ante la Organización, el 7 de mayo de 2010.

El no cumplir con este requerimiento, dentro del tiempo concedido para ello, constituirá una obstrucción al poder de investigación que la ley le confiere al Comisionado de Seguros. De igual forma, un incumplimiento de una orden podría conllevar la imposición de sanciones.

De tener alguna duda con lo antes expuesto, favor comunicarse a su mejor conveniencia a la Unidad de Pago Puntual al (787) 304-8686, ext. 2307 ó 2308.

Cordialmente,

Armanda Vázquez Martínez
Analista Principal de Reclamaciones
Unidad de Pago Puntual

c: Lcdo. David Noriega Rodríguez
anejo



*Asociación Puertorriqueña*
*Dueños Laboratorios Clínicos Privados, Inc.*

7 de mayo de 2010

**CERTIFICADA Y CON ACUSE DE RECIBO**

Comité de Querellas
Humana Health Plans of Puerto Rico
383 Ave. FD Roosevelt
San Juan PR 00918-2131

Estimados Señores:

Referente a la carta de Humana del 1 de abril de 2010 (anejo 1) en la cual se reducen las tarifas de las pruebas de laboratorio más comunes (anejo 2), se le informa que dicha acción viola el Artículo 30.050 de la Ley Núm. 104 de 19 de julio de 2002, Ley para el Pago Puntual de Reclamaciones a Proveedores de Servicios de Salud, la cual establece:

> "Ningún Asegurador u Organización de Servicios de Salud podrá negarse a pagar una reclamación por servicios prestados por razón de que se hubieren efectuado alteraciones o enmiendas unilaterales a los términos del contrato entre Asegurador u Organización de Servicios de Salud y suscriptor, o entre Asegurador u Organización de Servicios de Salud y proveedor, **incluyendo enmiendas a las tarifas.**"

La ilegalidad de esta práctica ha sido cosa juzgada por el Comisionado de Seguros en casos previamente registrados, como lo son el de APDLCP vs. Cruz Azul, APDLCP vs. MCS, y APDLCP vs. IMC.

Por lo tanto se le pide que voluntariamente anule las reducciones en las tarifas impuestas en la carta de referencia de forma inmediata. Pasados los 30 día a partir de la entrega de esta carta y de insistir en imponer dichas reducciones, procederemos a radicar una querella formal en la Oficina del Comisionando de Seguros a nombre de todos nuestros asociados según requerido por la Regla 73.

Cualquier duda o pregunta le agradeceré se comunique conmigo al (787) 759-6245 o al APDLCP@yahoo.com.

Cordialmente,

David Velázquez Camarena
Presidente


c.c. Oficina del Comisionado de Seguros de Puerto Rico
Oficina de Pronto Pago

**053**

**Gobierno de Puerto Rico**
**OFICINA DEL COMISIONADO DE SEGUROS**
**B5 Calle Tabonuco, Suite 216, PMB 356**
**Guaynabo, PR  00968-3029**




Sr. David Krebs
Presidente
P/C Sra. Margarita Lizardi Villanueva
Humana Health Plans of Puerto Rico, Inc.
Avenida F.D. Roosevelt 383
San Juan, PR 00918-2131

CERTIFICATE OF
MAILING

EXHIBIT 3

**PIETRANTONI MENDEZ & ALVAREZ LLC**

POPULAR CENTER 19TH FLOOR
208 PONCE DE LEON AVENUE
SAN JUAN, PUERTO RICO 00918

TEL: (787) 274-1212
FAX: (787) 274-1470
WWW.PMALAW.COM

JANITZA M. GARCÍA MARRERO
WRITER'S DIRECT DIAL
(787) 274-4905

ELECTRONIC MAIL
JGARCIA@PMALAW.COM

24 de septiembre de 2012

**POR CORREO ORDINARIO Y**
**FAX (787) 273-6082**

Sra. Armanda Vázquez Martínez
Analista Principal de Reclamaciones
Unidad de Pago Puntual
Oficina del Comisionado de Seguros
B5 Calle Tabonuco Suite 216
PMB 356
Guaynabo, PR 00968-3029

> **Re:  Solicitud de Intervención Núm. PP-**
> **10-12-02-001239; Asociación de**
> **Dueños de Laboratorios Clínicos**
> **Privados v.Humana Health Plans of**
> **Puerto Rico, Inc.**

Estimada señora Vázquez:

Le escribo en representación de mi cliente Humana Health Plans of Puerto Rico, Inc. ("Humana") en relación con el asunto de referencia. Humana ha recibido su comunicación de fecha del 5 de septiembre de 2012, mediante la cual solicita la producción de cierta información y una serie de documentos relacionados con el asunto de referencia en un término de veinte (20) días. Conforme a su comunicación, el término concedido a Humana expira mañana, 25 de septiembre de 2012.

Le informo que el bufete Pietrantoni, Méndez & Álvarez, LLP ha sido contratado recientemente para que asuma la representación legal de Humana en este asunto. Ante ello, Humana solicita que se notifique a los abogados suscribientes de toda orden o notificación ulterior que se emita en el presente asunto a la siguiente dirección:

PIETRANTONI MENDEZ & ALVAREZ LLC

Lcdo. Herman G. Colberg-Guerra y/o
Lcda. Janitza M. García Marrero
PIETRANTONI MÉNDEZ & ALVAREZ LLC
Banco Popular Center, Piso 19
209 Avenida Ponce De León
San Juan, Puerto Rico 00918
Tel: (787) 274-1212; Fax: 274-1470

De otro lado, le informamos que a pesar de los esfuerzos realizados, Humana no ha podido culminar la evaluación de su solicitud de información. Es por ello que le solicitamos un término adicional de veinte (20) días para culminar dicho proceso y responder apropiadamente a la misma.

Cordialmente,

Janitza M. García Marrero

C:   Lcdo. Herman G. Colberg-Guerra
     Lcdo. David Noriega Rodríguez

**056**

EXHIBIT 4

ESTADO LIBRE ASOCIADO DE PUERTO RICO
OFICINA DEL COMISIONADO DE SEGUROS

| | |
|---|---|
| ASOCIACIÓN PUERTORRIQUEÑA DE DUEÑOS DE LABORATORIOS CLÍNICOS PRIVADOS, INC.<br><br>Querellante<br><br>v.<br><br>HUMANA HEALTH PLANS OF PUERTO RICO, INC.<br><br>Querellado | SOLICITUD DE INTERVENCIÓN NUM. PP-10-12-02-00139<br><br>SOBRE:<br><br>VIOLACIÓN AL ARTÍCULO 30.050 DE LA LEY 104 DE 19 DE JULIO DE 2002 |

## IMPUGNACIÓN DE SOLICITUD DE INVESTIGACIÓN

A LA OFICINA DEL COMISIONADO DE SEGUROS:

COMPARECE Humana Health Plans of Puerto Rico, Inc. ("Humana") por conducto de su representación legal que suscribe y muy respetuosamente EXPONE Y SOLICITA:

### I.   INTRODUCCIÓN

El 10 de agosto de 2010, la querellante Asociación Puertorriqueña de Dueños de Laboratorios, Inc. ("Parte Querellante" o "Asociación") presentó una Querella contra Humana ante este Foro. En la Querella, la Asociación alegó que Humana impuso de manera unilateral una reducción en sus tarifas para el reembolso a los proveedores de servicios de laboratorios. Según la Parte Querellante, la reducción de tarifas supuestamente violó el contrato de los laboratorios con Humana y el Artículo 30.050 de la Ley Núm. 104 del 19 de julio de 2002, conocida como la Ley Para el Pago Puntual de Reclamaciones a Proveedores de Servicios de Salud ("Ley de Pago Puntual").

El 5 de septiembre de 2012, la Oficina del Comisionado de Seguros ("OCS") ordenó a Humana a contestar la querella y cursó a Humana una solicitud de información y documentos ("Requerimiento de Información"). En ella, la OCS requirió a Humana copia de los contratos firmados con varios laboratorios para el Plan de Reforma de Salud del Gobierno de Puerto Rico y las tarifas contratadas. Véase carta de Armanda Vázquez dirigida a David Krebs, de fecha de 5 de septiembre de 2012, Anejo A.

Mediante carta del 24 de septiembre de 2012, Humana solicitó un tiempo adicional para evaluar la solicitud de información y responder apropiadamente a la misma. Véase carta de la licenciada Janitza M.

García a Armanda Vázquez, de fecha de 24 de septiembre de 2012, **Anejo B**. Mediante correo electrónico de fecha de 26 de septiembre de 2012 de Armanda Vázquez, la OCS concedió a Humana hasta el 15 de octubre de 2012 para expresarse. <u>Véase</u> <u>Anejo C</u>.

Mediante el presente escrito y la *Solicitud de Desestimación de la Querella* ("Solicitud de Desestimación"), la cual se adopta aquí por referencia, Humana impugna la validez y procedencia de la investigación de la OCS relacionada con la Querella de la Asociación, a tenor con las disposiciones del Artículo 8 de la Regla 1-A, Reglamento Núm. 5266, del Reglamento del Código de Seguros de Puerto Rico ("Regla 1-A").

Primero, según expone Humana en la Solicitud de Desestimación presentada en el día de hoy, la OCS no tiene jurisdicción para atender la Querella presentada por la Asociación. Ello, pues la Asociación carece de legitimación activa para instar la Querella en representación de los intereses de sus miembros. Además, y aún si estuviera legitimada para presentar esta acción, la OCS tampoco tendría jurisdicción para atender la Querella en este caso porque las alegaciones de la Querella no establecen una violación a las disposiciones de la Ley de Pago Puntual.

Segundo, la documentación solicitada por la OCS relativa a los contratos firmados con los laboratorios que surgen de la carta de la Sra. Vázquez constituye información confidencial y/o secretos de negocio protegidos contra divulgación a terceros.

Finalmente, la información solicitada ya está en manos de los laboratorios proveedores, quienes son los únicos acreedores de cualquier acción bajo la Ley de Pago Puntual. Sin embargo, éstos nunca han reclamado violación alguna a la Ley de Pago Puntual. Ante todo ello, Humana respetuosamente solicita que la OCS deje sin efecto el Requerimiento de Información relacionado con la Querella de epígrafe.

## II. DISCUSIÓN

### (A) *Criterio aplicable.*

Nuestro ordenamiento jurídico le reconoce a las agencias administrativas el poder de investigación y, como corolario de ese poder, la facultad de requerir información a las personas naturales y

- 2 -

jurídicas sujetas a su jurisdicción. Dicha facultad surge de la Ley de Procedimiento Administrativo Uniforme ("LPAU"), la cual, en su sección 6.2 dispone lo siguiente:

> Las agencias podrán requerir información de las personas sujetas a su jurisdicción, al amparo de las leyes que administran y dentro de la zona de intereses contempladas en las mismas....

Sección 6.2 de la LPAU, 3 L.P.R.A. § 2192 (énfasis suplido).

Ahora bien, el poder de investigación de las agencias administrativas no es ilimitado. La validez de las investigaciones administrativas está sujeta a determinados criterios de razonabilidad. Esos criterios son los siguientes: (1) que la investigación esté dentro de la autoridad de la agencia; (2) que el requerimiento no sea demasiado indefinido; y (3) que la información solicitada sea pertinente a la investigación. E.L.A. v. Coca Cola Bott. Co., 115 D.P.R. 197, 208 (1984); E.L.A. v. P.R. Tel. Co., 114 D.P.R. 394, 402 (1983); Cooperativa Cafeteros P.R. v. Colón Torres, 84 D.P.R. 278, 285 (1961).

Cónsono con lo anterior, el Artículo 2.030, Inciso 12, del Código de Seguros enmarca el ámbito del poder de investigación de la OCS. El mismo dispone:

> El Comisionado podrá llevar a cabo las investigaciones y exámenes que considere necesarias para asegurar el cumplimiento de las disposiciones del Código, su reglamento y las órdenes que ha emitido, y para obtener toda la información útil a la administración de éstas. Para ello utilizará aquellos mecanismos que estime necesarios. [...]

Artículo 2.030 del Código de Seguros, 26 L.P.R.A. § 235 (énfasis suplido).

Ahora bien, el Artículo 8 de la Regla 1-A provee un mecanismo para que las personas o entidades sujetas a una investigación por la OCS puedan impugnar la misma. Conforme a dicho cuerpo legal, se puede impugnar una investigación de la OCS por las siguientes causas:

> (a) que el requerimiento o solicitud de información sea claramente irrazonable, o
>
> (b) que el requerimiento o solicitud de información exceda la autoridad del Comisionado por no caer dentro del alcance de las investigaciones de éste [...], o no tener relación alguna con la zona de intereses contemplados en las leyes que éste administra.

- 3 -

Como veremos, procede que se deje sin efecto la investigación de la OCS relacionada con la Querella del epígrafe. Ello, pues el requerimiento es irrazonable y se excede de la autoridad de la OCS.

**(B)** **No procede la investigación de la OCS ya que este Honorable Foro no tiene jurisdicción para atender la Querella presentada por la Asociación por alegadas violaciones al Artículo 30.050 de la Ley de Pago Puntual.**

En su Solicitud de Desestimación presentada en el día de hoy, Humana expuso en detalle las razones por las cuales la Querella de la Asociación no está basada en una causa de acción válida bajo la Ley de Pago Puntual. Por un lado, este Honorable Foro no tiene jurisdicción para atender la reclamación de la Asociación, pues ésta carece de legitimación activa para instar la presente Querella. Son los laboratorios proveedores que alegadamente han sido afectados por la reducción de tarifas los únicos que pueden reclamar por alegadas violaciones contractuales y la Ley de Pago Puntual. La Asociación no es proveedora que tenga contrato con Humana, por lo que no puede alegar hecho alguno que demuestre que hubo una violación contractual en su contra.

Además, la Asociación no tiene legitimación activa para reclamar por los intereses de sus miembros. No ha hecho alegaciones suficientes para establecer este hecho. Aún si la Parte Querellante tuviera legitimación activa para instar la presente querella, este Foro tampoco tiene jurisdicción para atender este asunto. A pesar de que la Asociación alega que hubo una reducción de tarifas en violación de contrato, no alega qué contrato se violó, a quién se le violó su derecho contractual, ni cual fue el efecto de dicha violación. Estas alegaciones son necesarias para establecer una reclamación justiciable.

Además, Humana no ha negado pago alguno a los laboratorios miembros de la Asociación. Este caso trata más bien de una reclamación por incumplimiento de contrato, la cual está fuera de la zona de intereses de la OCS y, por ende, este Foro no tiene jurisdicción para atender el reclamo de la Asociación. Por consiguiente, procede la desestimación de la Querella. Véase Solicitud de Desestimación, en las

- 4 -

págs. 3-11. A esos efectos, nos referimos a los argumentos allí esbozados y los hacemos formar parte del presente escrito.

En fin, queda claramente establecido que la Asociación ha instado la Querella del epígrafe sin base alguna. Más aún, dicha Querella ha sido presentada bajo meras especulaciones y conclusiones infundadas, sin esbozar ni una sola alegación que constituya una violación de Humana a la Ley de Pago Puntual. Por ende, el Requerimiento de Información de la OCS está basado en una acción que no tiene base alguna y constituye una expedición de pesca sin límites.

Mediante el requerimiento de información objeto de la presente impugnación, OCS hace lo que el querellante no hizo. El Requerimiento de Información busca los detalles de la imputación realizada por la Asociación cuando le toca a cada unos de sus miembros (no a la OCS, ni ha Humana) demostrar que, en efecto, hubo una violación contractual y sustentarlo. Solicitar información a Humana sobre hechos y alegaciones que le deben constar a cada proveedor individual, quienes no forman parte de la querella y no han hecho hasta el día de hoy reclamación alguna a Humana, constituye un ejercicio irrazonable del poder de investigación de la OCS que no guarda relación alguna con la zona de intereses contemplada en la Ley de Pago Puntual. Por lo tanto, Conforme al Artículo 8 de la Regla 1-A, procede que se deje sin efecto el requerimiento de información de la OCS y se exima a Humana de tener que responder al mismo.

**(C)** *La documentación solicitada por la OCS relativa a los contratos firmados con los laboratorios que surgen del Requerimiento de Información, así como las tarifas contratadas con éstos, constituye información confidencial y/o secretos de negocio protegidos contra divulgación a terceros.*

La LPAU dispone en su sección 3.13(c) que el funcionario que presida una vista administrativa podrá excluir evidencia por fundamentos constitucionales o legales basados en privilegios evidenciarios reconocidos por los tribunales de Puerto Rico. 3 L.P.R.A. § 2163. Entre los privilegios evidenciarios reconocidos por nuestro Tribunal Supremo se encuentran aquéllos reconocidos por las Reglas de Evidencia. Véase Sierra v. Tribunal Superior, 81 D.P.R. 554, 572 (1959). Específicamente, la Regla 513 de las Reglas de Evidencia de 2009 establece que el dueño de un secreto comercial tiene el

- 5 -

privilegio de rehusar divulgarlo y de impedir que otra persona lo divulgue, siempre que ello no tienda a encubrir un fraude o causar una injusticia. 32 L.P.R.A. Ap. VI, R. 513. En caso de que el tribunal ordene la divulgación de un secreto de negocio, la regla dispone además, que el Tribunal "deberá tomar aquellas medidas necesarias para proteger los intereses de la dueña o del dueño del secreto comercial. ...".

El propósito del privilegio de secreto de negocio es proteger el desarrollo del sistema de libre empresa. Véase 1 E.L. Chiesa, Tratado de Derecho Probatorio, 285 (San Juan, Pubs. JTS, 2000). El privilegio protege el interés propietario del dueño del secreto de negocio y abarca toda información de negocio que pueda brindar a su dueño una ventaja competitiva, y cuyo valor aumenta al mantenerse en secreto.[1] Véase Ortiz Mercado v. P.R. Marine Management, 736 F. Supp. 1207 (D.P.R. 1990) (interpretando la derogada Regla 30 de Evidencia sobre privilegio de secreto de negocios y explicando que el privilegio abarca información confidencial que de caer en manos de competidores, podría ocasionar daños a la parte que lo produce).

A pesar de que el Tribunal Supremo de Puerto Rico no ha interpretado el alcance de la Regla 513 sobre privilegio de secreto de negocios, en Colón Cabrera v. Caribbean Petroleum, 170 D.P.R. 582, 595 (2007), el Tribunal reconoció que información sobre las prácticas y métodos de mercadeo de personas privadas sujetas al poder de investigación de la Oficina de Monopolios constituye un secreto de negocio que debe ser protegido. Por ello, el Tribunal ordenó una inspección en cámara de los documentos para limitar la divulgación a información no privilegiada. En modo análogo, en Cooperativa Cafeteros de Puerto Rico v. Colón Torres, el Tribunal reconoció la necesidad de proteger información confidencial de negocios requerida durante una investigación comenzada por una agencia administrativa ya que los competidores del negocio bajo investigación podrían valerse de la información. El Tribunal permitió la inspección de la información

---

[1] En el common law, se ha definido el concepto de "*trade secret*" como: "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."), Restatement of Torts § 757. Véase además Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1001 (1984).

requerida por la agencia, aunque advirtió a la agencia que debía proteger la información de terceras personas y posibles competidores. Cooperativa Cafeteros de Puerto Rico v. Colón Torres, 84 D.P.R., en las págs. 286-87.

Por otro lado, información sobre las operaciones internas de su negocio, incluyendo listas sobre clientes de una empresa constituyen información confidencial protegidas contra divulgación a terceros. Veánse Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc., 216 F.R.D. 533 (M.D.Fla.2003) (resolviendo bajo la ley del estado de Florida que las listas de clientes de un distribuidor estaban protegidas como privilegio de secreto de negocios); Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp. 268 F.R.D.692 (S.D.Fla.2010) (listas sobre los clientes de una compañía aseguradora no están sujetas a descubrimiento por contener información comercial confidencial); Pincheira v. Allstate Insurance Co., 164 P.3d 982 (N.M. Ct. App.2007) (resolviendo que una compañía aseguradora podía válidamente reclamar el privilegio de secreto de negocio en relación a la producción de documentos sobre prácticas internas de la compañía).

Al examinar un reclamo de privilegio de secreto de negocio, el adjudicador debe hacer un balance de intereses entre la sensitividad de la información, su pertinencia, y los intereses de las partes. Veáse Ortiz Mercado, 736 F. Supp. en la pág. 1214.

Mediante el Requerimiento de Información, la OCS ha solicitado copia de los contratos firmados con cincuenta y tres (53) laboratorios que, presuntamente, son miembros de la Asociación. La OCS también solicita información sobre las tarifas contratadas por Humana con los laboratorios proveedores en concepto de servicios médicos prestados bajo el Plan de Reforma de Salud del Gobierno de Puerto Rico. La información solicitada por la OCS incluye información privilegiada y confidencial sobre la operación de Humana. De caer dicha información en manos de los laboratorios miembros de la Asociación, indudablemente tendrían una ventaja competitiva en la negociación de términos de contratos de servicios de salud frente a Humana, y expondría a Humana al riesgo de que la información se revele a otras compañías

- 7 -

aseguradoras que compiten directamente con Humana en el campo de seguros de salud.

Humana mantiene sus contratos al igual que la información sobre tarifas pagadas a éstos bajo una legítima expectativa de confidencialidad. Dicha información típicamente no es divulgada a terceros y por tanto, mantiene un alto valor comercial para Humana que debe ser protegido por este Honorable Foro.     Por tanto, Humana respetuosamente solicita que se deje sin efecto el Requerimiento de Información objeto del presente escrito.

> (D)  *El Requerimiento de Información de la OCS es irrazonable, pues se trata de información que está en manos de los laboratorios proveedores que no han reclamado violación alguna de Humana a la Ley de Pago Puntual.*

Como vimos, la OCS solicita en su Requerimiento de información la producción de los contratos firmados con 53 de sus proveedores de servicios de laboratorios y las tarifas pagadas a éstos. Esta información y documentos solicitados ya se encuentran en manos de los laboratorios proveedores objeto del Requerimiento de Información, quienes son los únicos acreedores de cualquier acción bajo la Ley de Pago Puntual y poseen legitimación activa para reclamar contra Humana bajo dicho cuerpo legal. Sin embargo, éstos nunca han alegado ante la OCS que Humana ha incurrido en violación alguna a la Ley de Pago Puntual. Lo anterior deja claro que el Requerimiento de Información es enteramente irrazonable. Ante ello, Humana respetuosamente solicita que la OCS deje sin efecto el Requerimiento de Información relacionado con la Querella de epígrafe.

### III. CONCLUSIÓN

En fin, queda claro de la discusión que precede que no procede la investigación de la OCS relacionada con la Querella de la Asociación. Por un lado, la OCS no tiene jurisdicción para atender la Querella presentada por la Asociación debido a que carece de legitimación activa para instar la Querella en representación de los intereses de sus miembros. Además, y aún si estuviera legitimada para presentar esta acción, la OCS tampoco tendría jurisdicción para atender la Querella en este caso porque las alegaciones de la Parte Querellante no constituyen una violación a las disposiciones de la Ley de Pago

Puntual. Por ende, la solicitud de la OCS constituye una expedición de pesca contraria a derecho. Además, la documentación solicitada por la OCS relativa a los contratos firmados con los laboratorios proveedores constituye información confidencial y/o secretos de negocio protegidos contra divulgación a terceros. Finalmente, la información solicitada ya está en manos de los laboratorios proveedores, quienes son los únicos acreedores de cualquier acción bajo la Ley de Pago Puntual. Sin embargo, éstos nunca han reclamado violación alguna a la Ley de Pago Puntual. Ante todo ello, Humana respetuosamente invoca las disposiciones del Artículo 8 del Reglamento 1-A y solicita que la OCS deje sin efecto el Requerimiento de Información relacionado con la Querella de epígrafe.

POR TODO LO CUAL, Humana solicita de este Honorable Foro que deje sin efecto el Requerimiento de Información.

RESPETUOSAMENTE SOMETIDA.

En San Juan, Puerto Rico, a 15 de octubre de 2012.

CERTIFICO haber entregado este escrito a la Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, Guaynabo, PR 00968-3029; y enviado copia por correo ordinario y electrónico a la Sra. Armanda Vázquez Martínez, Unidad de pago Puntual, Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, PMB 356, Guaynabo, PR 00968-3029 y al avazquez@ocs.gobierno.pr; y al Lic. David Noriega Rodríguez, NORIEGA RODRÍGUEZ Y NORIEGA COSTAS, Edif. Banco Cooperativo, Ofic. 305-B, 623 Ave. Ponce de León, San Juan, PR 00917 y al bufetenoriega@hotmail.com.

PIETRANTONI MÉNDEZ & ALVAREZ LLC
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918
Tel (787) 274-1212; Fax: 274-1470

Herman G. Colberg-Guerra
RÚA Núm. 11765
hcolberg@pmalaw.com

Janitza M. García Marrero
RÚA Núm. 15126
jgarcia@pmalaw.com

- 9 -

**ANEJO A**



GOBIERNO DE PUERTO RICO
## OFICINA DEL COMISIONADO DE SEGUROS

PP-611

5 de septiembre de 2012

Sr. David Krebs
Presidente
P/C Sra. Margarita Lizardi Villanueva
Humana Health Plans of Puerto Rico, Inc.
Avenida F.D. Roosevelt 383
San Juan, PR 00918-2131

Estimado señor Krebs:

Mediante Solicitud de Intervención Número PP-10-12-02-00139 sometida en nuestra Oficina por la Asociación de Dueños de Laboratorios Clínicos Privados (el Proveedor), a través de su representante legal, Lcdo. David Noriega Rodríguez, éste solicitó nuestra intervención sobre la situación que mantiene con Humana Health Plans of Puerto Rico, Inc. (la Organización), relacionada con una alegada reducción unilateral en sus tarifas, anunciada mediante carta circular C-P-03-10 del 1 de abril de 2010, con efectividad al 1 de julio de 2010.

Al amparo del poder de investigación conferido al Comisionado de Seguros por los Artículos 2.030 y 30.080 del Código de Seguros de Puerto Rico, 26 L. P. R. A., secc. 203 y 3007 con el fin de continuar con la intervención del asunto, se le requiere a la Organización que dentro del termino de veinte (20) días, contado a partir de la fecha de esta carta, someta a esta Oficina:

1. Copia de los contratos firmados entre las partes, para el Plan de la Reforma de Salud del Gobierno de Puerto Rico y las tarifas de laboratorios contratadas.

|   | Nombre de Laboratorio | Núm. Licencia | Localización |
|---|---|---|---|
| 1. | Laboratorio Clínico Rolimar | 877 | Aibonito |
| 2. | Laboratorio Clínico Rolimar-Rivera, Inc. | 424 | Aibonito |
| 3. | Laboratorio Clínico Villa Blanca | 530 | Caguas |
| 4. | Laboratorio Clínico Villa Blanca-Navarro | 543 | Caguas |
| 5. | Laboratorio Clínico López Rivera | 292 | Cayey |
| 6. | Laboratorio Clínico Montellano, Inc. | 958 | Cayey |

PUERTO RICO
LO HACE MEJOR

B5 Calle Tabonuco Suite 216 • PMB 356 • Guaynabo, PR  00968-3029 •
Tel: (787) 304-8686 • Fax: (787) 273-6082
www.ocs.gobierno.pr

VERDE

L I: h Hd S I 1002:

**066**

2

| | Nombre de Laboratorio | Núm. Licencia | Localización |
|---|---|---|---|
| 7. | Laboratorio Clínico Instituto Central | 1046 | Cidra |
| 8. | Laboratorio Clínico Coamo | 414 | Coamo |
| 9. | Laboratorio Clínico San Blas I | 691 | Coamo |
| 10 | Laboratorio Clínico San Blas II | 937 | Coamo |
| 11 | Laboratorio Clínico San Blas III | 1029 | Coamo |
| 12 | Laboratorio Clínico Almacigo | 1031 | Coto Laurel |
| 13 | Laboratorio Clínico Coto Laurel | 834 | Coto Laurel |
| 14 | Laboratorio Clínico Del Sur | 290 | Coto Laurel |
| 15 | Laboratorio Clínico Ponceño | 1177 | Coto Lurel |
| 16 | Laboratorio Clínico Guayama | 378 | Guayama |
| 17 | Laboratorio Clínico Melania | 988 | Guayama |
| 18 | Laboratorio Clínico Plaza Guayama | 898 | Guayama |
| 19 | Laboratorio Clínico Guayanillense, CSP | 551 | Guayanilla |
| 20 | Laboratorio Clínico Rivera Gonzalez II | 491 | Gurabo |
| 21 | Laboratorio Clínico Manued | 86 | Humacao |
| 22 | Laboratorio Clínico Oriental | 779 | Humacao |
| 23 | Laboratorio Clínico Licer | 485 | Juncos |
| 24 | Laboratorio Clínico Carmar | 451 | Juncos |
| 25 | Laboratorio Clínico Valenciano I | 1047 | Juncos |
| 26 | Laboratorio Clínico Valenciano II | 1134 | Juncos |
| 27 | Laboratorio Clínico y Bactereológico Licer | 1035 | Juncos |
| 28 | Laboratorio Clínico April Gardens | 885 | Las Piedras |
| 29 | Laboratorio Clínico Del Este | 515 | Las Piedras |
| 30 | Laboratorio Clínico Rodríguez | 668 | Las Piedras |
| 31 | Laboratorio Clínico Medina | 647 | Naguabo |
| 32 | Laboratorio Clínico Bactereológico Genesis | 895 | Patillas |
| 33 | Laboratorio Clínico Sonia Sepulveda | 347 | Peñuelas |
| 34 | Laboratorio Clínico La 14 | 908 | Ponce |
| 35 | Laboratorio Clínico La Providencia | 883 | Ponce |
| 36 | Laboratorio Clínico Romi | 825 | Ponce |
| 37 | Laboratorio Clínico Williams | 704 | Ponce |
| 38 | Laboratorio Clínico Ramirez, Inc. | 52 | Ponce |
| 39 | Laboratorio Clínico El Coco | 1008 | Salinas |
| 40 | Laboratorio Clínico Salimar | 518 | Salinas |
| 41 | Laboratorio Clínico Surmed Medical Center | 743 | Salinas |
| 42 | Laboratorio Clínico Plaza Oasis | 1067 | Santa Isabel |
| 43 | Laboratorio Clínico Alfeciza | 667 | Villalba |
| 44 | Laboratorio Clínico Tierra Santa, Inc. | 1021 | Villalba |
| 45 | Laboratorio Clínico Cima II | 900 | Yabucoa |
| 46 | Laboratorio Clínico Cima IV | 270 | Yabucoa |
| 47 | Laboratorio Clínico Colón | 216 | Yabucoa |

3

| | Nombre de Laboratorio | Núm. Licencia | Localización |
|---|---|---|---|
| 48 | Laboratorio Clínico Colón II | 569 | Yabucoa |
| 49 | Laboratorio Clínico Colón III | 1032 | Yabucoa |
| 50 | Laboratorio Clínico Referencia Cima | 811 | Yabucoa |
| 51 | Laboratorio Clínico Bactereológico Gladyan | 1132 | Yabucoa |
| 52 | Laboratorio Clínico Catala-Vicente | 1162 | Yauco |
| 53 | Tecnolab | 314 | Yauco |

2. La contestación a la querella radicada por el Proveedor ante la Organización, el 7 de mayo de 2010.

El no cumplir con este requerimiento, dentro del tiempo concedido para ello, constituirá una obstrucción al poder de investigación que la ley le confiere al Comisionado de Seguros.   De igual forma, un incumplimiento de una orden podría conllevar la imposición de sanciones.

De tener alguna duda con lo antes expuesto, favor comunicarse a su mejor conveniencia a la Unidad de Pago Puntual al (787) 304-8686, ext. 2307 ó 2308.

Cordialmente,

Armanda Vázquez Martínez
Analista Principal de Reclamaciones
Unidad de Pago Puntual

c: Lcdo. David Noriega Rodríguez
anejo

068



Asociación Puertorriqueña
Dueños Laboratorios Clínicos Privados, Inc.

7 de mayo de 2010

**CERTIFICADA Y CON ACUSE DE RECIBO**

Comité de Querellas
Humana Health Plans of Puerto Rico
383 Ave. FD Roosevelt
San Juan PR 00918-2131

Estimados Señores:

Referente a la carta de Humana del 1 de abril de 2010 (anejo 1) en la cual se reducen las tarifas de las pruebas de laboratorio más comunes (anejo 2), se le informa que dicha acción viola el Artículo 30.050 de la Ley Núm. 104 de 19 de julio de 2002, Ley para el Pago Puntual de Reclamaciones a Proveedores de Servicios de Salud, la cual establece:

"Ningún Asegurador u Organización de Servicios de Salud podrá negarse a pagar una reclamación por servicios prestados por razón de que se hubieren efectuado alteraciones o enmiendas unilaterales a los términos del contrato entre Asegurador u Organización de Servicios de Salud y suscriptor, o entre Asegurador u Organización de Servicios de Salud y proveedor, <u>incluyendo enmiendas a las tarifas.</u>"

La ilegalidad de esta práctica ha sido cosa juzgada por el Comisionado de Seguros en casos previamente registrados, como lo son el de APDLCP vs. Cruz Azul, APDLCP vs. MCS, y APDLCP vs. IMC.

Por lo tanto se le pide que voluntariamente anule las reducciones en las tarifas impuestas en la carta de referencia de forma inmediata. Pasados los 30 día a partir de la entrega de esta carta y de insistir en imponer dichas reducciones, procederemos a radicar una querella formal en la Oficina del Comisionando de Seguros a nombre de todos nuestros asociados según requerido por la Regla 73.

*PO Box 11603 • San Juan Puerto Rico 00922-1603*
*Tel. & Fax (787) 759-6245*

Cualquier duda o pregunta te agradeceré se comunique conmigo al (787) 759-8245 o al APDLCP@yahoo.com.

Cordialmente,

David Velázquez Camarena
Presidente


c.c. Oficina del Comisionado de Seguros de Puerto Rico
       Oficina de Pronto Pago

**ANEJO B**

**PIETRANTONI MENDEZ & ALVAREZ LLC**
POPULAR CENTER 19TH FLOOR
208 PONCE DE LEON AVENUE
SAN JUAN, PUERTO RICO 00918

TEL: (787) 274-1212
FAX: (787) 274-1470
WWW.PMALAW.COM

JANITZA M. GARCÍA MARRERO
WRITER'S DIRECT DIAL
(787) 274-4905

ELECTRONIC MAIL
JGARCIA@PMALAW.COM

24 de septiembre de 2012

POR CORREO ORDINARIO Y
FAX (787) 273-6082

Sra. Armanda Vázquez Martínez
Analista Principal de Reclamaciones
Unidad de Pago Puntual
Oficina del Comisionado de Seguros
B5 Calle Tabonuco Suite 216
PMB 356
Guaynabo, PR 00968-3029

Re:  Solicitud de Intervención Núm. PP-
10-12-02-001239; Asociación de
Dueños de Laboratorios Clínicos
Privados v.Humana Health Plans of
Puerto Rico, Inc.

Estimada señora Vázquez:

Le escribo en representación de mi cliente Humana Health
Plans of Puerto Rico, Inc. ("Humana") en relación con el asunto
de referencia. Humana ha recibido su comunicación de fecha del 5
de septiembre de 2012, mediante la cual solicita la producción
de cierta información y una serie de documentos relacionados con
el asunto de referencia en un término de veinte (20) días.
Conforme a su comunicación, el término concedido a Humana expira
mañana, 25 de septiembre de 2012.

Le informo que el bufete Pietrantoni, Méndez & Álvarez, LLP
ha sido contratado recientemente para que asuma la
representación legal de Humana en este asunto. Ante ello, Humana
solicita que se notifique a los abogados suscribientes de toda
orden o notificación ulterior que se emita en el presente asunto
a la siguiente dirección:

PIETRANTONI MENDEZ & ALVAREZ LLC

Lcdo. Herman G. Colberg-Guerra y/o
Lcda. Janitza M. García Marrero
PIETRANTONI MÉNDEZ & ALVAREZ LLC
Banco Popular Center, Piso 19
209 Avenida Ponce De León
San Juan, Puerto Rico 00918
Tel: (787) 274-1212; Fax: 274-1470

De otro lado, le informamos que a pesar de los esfuerzos realizados, Humana no ha podido culminar la evaluación de su solicitud de información. Es por ello que le solicitamos un término adicional de veinte (20) días para culminar dicho proceso y responder apropiadamente a la misma.

Cordialmente,

Janitza M. García Marrero

C:   Lcdo. Herman G. Colberg-Guerra
     Lcdo. David Noriega Rodríguez

**ANEJO C**

**Janitza M. García Marrero**

| | |
|---|---|
| **From:** | Armanda Vázquez Martínez [avazquez@ocs.gobierno.pr] |
| **Sent:** | Wednesday, September 26, 2012 11:33 AM |
| **To:** | Yomaira Santiago; Janitza M. García Marrero |
| **Cc:** | Dennise Perez; bufetenoriega@hotmail.com |
| **Subject:** | PP-10-12-02-00139 |

Saludos,

Hacemos referencia a su solicitud de prórroga, en torno a la Solicitud de Intervención del asunto.

Deseamos informarle que hemos aprobado su solicitud de prórroga. La información correspondiente deberá ser recibida por nuestra Oficina, no más tarde del 15 de octubre de 2012.

Se le advierte que el no cumplir con lo aquí requerido será interpretado por esta Oficina como un abierto desafío al poder Investigativo del Comisionado de Seguros, lo que podrá conllevar la imposición de sanciones.

Se le apercibe que toda solicitud para extender el término de tiempo concedido en nuestros requerimientos de información, deberá ser presentada antes de que expire el mismo y deberá estar fundamentada en situaciones que guarden relación con el asunto objeto de dicho Requerimiento.

Cordialmente,

Armanda Vázquez Martínez
Analista Principal de Reclamaciones
Unidad de Pago Puntual
Oficina del Comisionado de Seguros
avazquez@ocs.gobierno.pr
787-304-2308

NOTA SOBRE CONFIDENCIALIDAD: Esta comunicación contiene información que pertenece a la OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO, la cual es confidencial y/o privilegiada. La información es suministrada sólo para el uso del individuo o entidad arriba mencionado. Si usted no es la persona o entidad a quien se ha dirigido esta comunicación, por este medio le notificamos que la divulgación, reproducción, distribución o toma de acción a base del contenido de la información aquí suministrada está estrictamente prohibida. Si usted ha recibido esta comunicación por error, por favor elimínela de sus archivos inmediatamente y notifíquelo de inmediato.

CONFIDENTIALITY NOTE: This communication contains information belonging to the OFFICE OF THE COMMISSIONER OF INSURANCE OF PUERTO RICO which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your files and notify us immediately.

IRS Circular 230 Disclosures: To ensure compliance with requirements imposed by the IRS, we inform you that any United States federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promotions, marketing, or recommending to another party any transaction or matter addressed herein.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
OFICINA DEL COMISIONADO DE SEGUROS

| | |
|---|---|
| ASOCIACIÓN PUERTORRIQUEÑA DE DUEÑOS DE LABORATORIOS CLÍNICOS PRIVADOS, INC.<br><br>Querellante<br><br>v.<br><br>HUMANA HEALTH PLANS OF PUERTO RICO, INC.<br><br>Querellada | SOLICITUD DE INTERVENCIÓN NUM. PP-10-12-02-00139<br><br>SOBRE:<br><br>VIOLACIÓN AL ARTÍCULO 30.050 DE LA LEY 104 DE 19 DE JULIO DE 2002 |

## SOLICITUD DE DESESTIMACIÓN DE LA QUERELLA

A LA OFICINA DEL COMISIONADO DE SEGUROS:

COMPARECE Humana Health Plans of Puerto Rico, Inc. ("Humana") por conducto de su representación legal que suscribe y muy respetuosamente EXPONE Y SOLICITA:

### I.   INTRODUCCIÓN

El 10 de agosto de 2010, la querellante Asociación Puertorriqueña de Dueños de Laboratorios, Inc. ("Parte Querellante" o "Asociación") presentó una Querella contra Humana ante este Foro. En la Querella, la Asociación alegó que Humana impuso de manera unilateral y en contra de los contratos de proveedor de sus miembros, una reducción de tarifas para el reembolso a proveedores de servicios de laboratorios. Según la Asociación, la reducción unilateral de tarifas viola el Artículo 30.050 de la Ley Núm. 104 del 19 de julio de 2002, conocida como la Ley Para el Pago Puntual de Reclamaciones a Proveedores de Servicios de Salud ("Ley de Pago Puntual").

El 5 de septiembre de 2012, la Oficina del Comisionado de Seguros ("OCS") cursó a Humana una orden. En su ella, la OCS solicitó a Humana contestar la querella de autos y copia de los contratos y tarifas contratadas con varios laboratorios para el Plan de Reforma de Salud del Gobierno de Puerto Rico.[1]

No obstante, según se expone a continuación, la Asociación no ha presentado una reclamación que justifique la concesión de un remedio.

---

[1] Mediante carta del 24 de septiembre de 2012, Humana solicitó hasta el día de hoy para responder a la solicitud de información. Así, en el día de hoy, Humana ha instado ante este Foro una Solicitud de Impugnación de la Investigación a tenor con las disposiciones del Artículo 8 de la Regla 1-A, Reglamento Núm. 5266, del Reglamento del Código de Seguros de Puerto Rico ("Regla 1-A"), según enmendada, solicitando que la misma se deje sin efecto.

Primero, no hay jurisdicción para atender la Querella, ni la solicitud de producción amparada en ella, porque la Asociación carece de legitimación activa para instar la presente Querella. Quienes único pueden reclamar alegadas violaciones de contrato por una alegada reducción unilateral de tarifas, son los laboratorios individuales que alegadamente sufrieron una violación de contrato. La Asociación no es proveedor, no tiene contrato con Humana, ni es un laboratorio, por lo que no puede alegar hecho alguno que demuestre que sufrió un daño claro, real y no hipotético por las actuaciones imputadas a Humana.

Segundo, aún si la Parte Querellante tuviera legitimación activa para instar este caso, este Foro tampoco tiene jurisdicción para atender esta reclamación. Las alegaciones de la Querella son insuficientes para establecer una reclamación que justifique un remedio. A pesar de que la Asociación alega que hubo una reducción de tarifas en violación de contrato, no alega qué contrato se violó, a quién se le violó su derecho contractual, ni cual fue el efecto de dicha violación. Estas alegaciones son completamente necesarias para establecer una reclamación justiciable.

Tercero, no se alega en la querella que Humana se haya negado a pago alguno a laboratorios miembros de la Asociación, lo cual es necesario para asumir jurisdicción bajo la Ley de Pago Puntual. Este caso se trata, a lo sumo, de una reclamación por un alegado e indefinido incumplimiento contractual, el cual está fuera de la jurisdicción de la OCS. Por consiguiente, por cualquiera de las anteriores razones, este Foro no tiene jurisdicción para atender el reclamo de la Asociación.

## II.   DISCUSIÓN

**(A)   La Asociación carece de legitimación activa para reclamar alegadas violaciones al Artículo 30.050 de la Ley de Pago Puntual.**

Para que una parte demandante posea legitimación activa ("*standing*") para demandar, ésta debe demostrar que: (1) ha sufrido un daño claro y palpable; (2) el referido daño es real, inmediato y preciso, y no abstracto o hipotético; (3) existe conexión entre el daño sufrido y la causa de acción ejercitada; y (4) la causa de acción surge bajo el palio de la Constitución o de una ley. Fundación

- 2 -

Surfrider, Inc. v. ARPE, 178 D.P.R. 563, 572-573 (2010); Hernández Torres v. Gobernador, 129 D.P.R. 824, 835 (1992); Solís v. Municipio de Caguas, 120 D.P.R. 53, 58 (1987).

En el caso de las asociaciones, éstas pueden demandar a nombre propio o a nombre de sus integrantes. Fundación Surfrider, Inc. v. ARPE, 178 D.P.R., en la pág. 572; Asoc. de Maestros P.R. v. Srio. Educación, 137 D.P.R. 528, 536 (1994); Col. Ópticos de P.R. v. Vani Visual Center, 124 D.P.R. 559, 566 (1989). Para tener legitimación activa para reclamar a nombre propio, la organización debe probar que cumple con los cuatro requisitos esbozados en el párrafo anterior.

Por otro lado, en el caso de que la asociación intente representar los intereses de sus miembros, ésta debe demostrar, además, que: (1) los miembros de la organización tendrían legitimación activa para demandar a nombre propio; (2) los intereses que se pretenden proteger están relacionados con los objetivos de la organización; y (3) la reclamación y el remedio solicitado no requieren la participación individual de los miembros en el pleito. Col. Peritos Electricistas de P.R. v. Aut. Energía Eléctrica, 150 D.P.R. 327 (2000); Asoc. Maestros P.R. v. Srio. Educación, 137 D.P.R. 528, 536 (1994); Col. Ópticos de P.R. v. Vani Visual Center, 124 D.P.R., en la pág. 566; véase además Hunt v. Washington State Apple Advertising Comission, 432 U.S. 333, 343 (1977).[2]

El último de estos factores es particularmente relevante a la controversia de este caso. Al evaluar si una asociación cumple con el tercer requisito, los tribunales examinan tanto la naturaleza de la reclamación como la del remedio solicitado. Véase Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343 (1977)("neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit"). Sobre ello, nuestro Tribunal

---

[2] Los primeros dos requisitos son de carácter constitucional. Véase Hunt, supra. El tercer requisito (la reclamación y el remedio solicitado), constituye una limitación prudencial que la Legislatura únicamente puede abrogar. Id.; véase además Ronald D. Rotunda y John E. Nowak, I Treatise on Constitucional Law: Substance and Procedure, Third Edition, West Group, 1999, a la pág. 266 (Supl. 2006). Esto quiere decir que cuando una asociación no cumpla con el tercer requisito mencionado en la jurisprudencia (de requerirse la participación individual de cada miembro), los tribunales podrán conferirle legitimación activa a una asociación únicamente si una ley así lo dispone. Véase United Food and Comercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544 (1996).

- 3 -

Supremo ha sido enfático al expresar que la "determinación de legitimación para incoar un pleito depende de la naturaleza del remedio solicitado". Col. Ópticos de P.R. v. Vani Visual Center, 124 D.P.R., a la pág. 566 (citando el tratado de derecho constitucional de Rotunda, Nowak y Young, el Tribunal Supremo de Puerto Rico determinó que una parte tenía legitimación activa porque el remedio que solicitó trataba de una petición de naturaleza interdictal); véase además Asoc. de Maestros P.R. v. Srio. Educación, 137 D.P.R. 528, 542-5 (1994)(en donde se determinó que la Asociación tenía legitimación activa por que únicamente cuestionaba la constitucionalidad de una ley).

En este caso, la Asociación alega específicamente que comparece en representación y en beneficio de sus miembros para rectificar una alegada violación de contratos. Véase Querella ¶ 2-4. Por ende, para poder gozar de legitimación activa para instar la Querella contra Humana, es preciso que la Asociación demuestre que sus miembros tienen legitimación activa para demandar a nombre propio, que los intereses que pretende proteger la Parte Querellante están relacionados con los objetivos de la organización y que la reclamación y el remedio solicitado no requieren la participación individual de los laboratorios miembros en el pleito.

La Asociación no cumple con estos requisitos. Por ende, no cuenta con legitimación activa para reclamar contra Humana en este caso.

La Asociación alega Humana modificó sus tarifas para el reembolso de servicios de laboratorios de manera unilateral en alegada violación a los contratos de proveedor de sus miembros y el Artículo 30.050 de la Ley de Pago Puntual, 26 L.P.R.A. § 3004. Véase Querella ¶ 3. La Asociación pide como remedio que se dejen sin efecto las reducciones de tarifas y se ajusten los pagos realizados con la tarifa reducida. Véase Súplica de la Querella, en la pág. 2.

Sin embargo, la Asociación no indica la manera en que la alegada violación por parte de Humana afecta a sus miembros, de modo que pueda demostrar que éstos tendrían legitimación para demandar a nombre propio. De hecho, a pesar de que la Asociación alega que hubo una reducción de tarifas en violación de contrato, no alega qué contrato se violó, a quién se le violó su derecho contractual, ni cual fue el

- 4 -

077

efecto de dicha violación. La Asociación tampoco alega la manera en que los intereses que pretende proteger al instar la presente Querella se relacionan, si en algo, con los objetivos de la Asociación.

Más importante aún, para poder solicitar como remedio que se dejen sin efecto las reducciones de tarifas y se ajusten los pagos realizados con la tarifa reducida, se requiere la participación de cada uno de los laboratorios miembros de la Asociación en esta Querella para poder determinar, si se violó el contrato y la cantidad que procedería reembolsar si las actuaciones fuesen una violación de contrato. Los laboratorios individuales son los únicos acreedores de esta reclamación.

A esos efectos, debe recordarse que el principio de la relatividad de los contratos establecido en el Artículo 1209 del Código Civil dispone que los contratos sólo surten efecto entre las partes que los otorgan y sus herederos. 31 L.P.R.A. §3374. A base de dicho principio, el Tribunal Supremo de Puerto Rico ha expresado que "la reglamentación que crea [el contrato], con su cortejo de derechos, facultades y obligaciones, no le es aplicable [al tercero], ni en su provecho ni en su daño." Muñiz Olivari v. Stiefel Laboratorios, Inc., 174 D.P.R. 813, 822 (2008); Mun. de Ponce v. Auto. De Carreteras, 153 D.P.R. 1 (2000). En este caso, los contratos pertinentes y que dan base a la Querella son entre Humana y los laboratorios proveedores. Humana no tiene contrato alguno con la Asociación. Además, de las alegaciones de la Querella no surge ni tan siquiera cuáles son los laboratorios alegadamente afectados por el cambio en las tarifas, ni las cantidades que procedería reembolsarles. Dicho remedio sólo puede reclamarse por cada uno de los laboratorios proveedores que entiendan que se vean afectados por el cambio mencionado en las tarifas de reembolso.

De otro lado, es preciso destacar que, asumiendo que la Asociación reclama a nombre propio en este caso, la Parte Querellante igualmente carecería de legitimación para reclamar alguna violación a la Ley de Pago Puntual. Ello pues, la Asociación no es proveedor de servicios de salud con contrato con Humana.

En fin, la OCS no tiene jurisdicción para atender la reclamación de la Asociación, pues ésta carece de legitimación activa para instar la presente Querella. Quienes único pueden reclamar por alegadas violaciones por la alegada reducción en las tarifas de reembolso son los laboratorios proveedores que alegadamente han sido afectados por la reducción de las tarifas. La Asociación no es proveedor, ni tiene contrato con Humana, por lo que no tiene base alguna para alegar un daño a causa de las violaciones contractuales imputadas a Humana. Procede, pues, la desestimación de la Querella.

> **(B)** *Este Honorable Foro no tiene jurisdicción para atender la presente controversia debido a que en la Querella no se alegan hechos constitutivos de una violación al Artículo 30.050 de la Ley de Pago Puntual.*

Conforme a la Querella, el único fundamento por el cual reclama la Asociación contra Humana en este caso es por una alegada violación contractual, al amparo del Artículo 30.050 de la Ley de Pronto Pago, 26 L.P.R.A. § 3004. Según la Parte Querellante, Humana violó dicha disposición debido a que alegadamente modificó las tarifas de reembolso a proveedores (no identificados) de servicios de laboratorios de manera unilateral y en contra de los contratos de proveedores vigentes (tampoco identificados). Esto es insuficiente para alegar una violación a la Ley de Pago Puntual que le otorgue jurisdicción a este Honorable Foro.

Primero, las alegaciones de la Querella son insuficientes para establecer una reclamación que justifique un remedio. A pesar de que la Asociación alega que hubo una reducción de tarifas en violación de contrato, no alega qué contrato se violó, a quién se le violó su derecho contractual, ni cual fue el efecto de dicha violación. Estas alegaciones son necesarias para establecer una reclamación justiciable. Sin ellas, estamos ante alegaciones descarnadas de incumplimiento que no tienen base en hechos, por no identificar propiamente quiénes son las personas afectadas por los incumplimientos imputados. Es decir, si se tomara como cierta la Querella, no habría remedio que otorgar pues no se identifican los contratos violados, ni laboratorios objeto de dichos contratos.

Además, como vimos, la Asociación carece de legitimación activa para reclamar por una violación a la Ley de Pago Puntual en representación de sus miembros. Esto es suficiente para desestimar la Querella. No obstante, aún si la Asociación tuviera legitimación activa para instar la presente Querella - lo que negamos - este Honorable Foro no tiene jurisdicción para atender la misma. Las alegaciones de la Asociación, lejos de configurar alguna violación de la Ley de Pago Puntual, configuran a lo sumo una reclamación contractual, la cual queda fuera de los poderes delegados a la OCS.

El Artículo 30.050 de la Ley de Pronto Pago dispone en lo pertinente:

> Ningún asegurador u organización de servicios de salud podrá **negarse a pagar una reclamación** por servicios prestados por razón de que se hubieren efectuado **alteraciones o enmiendas unilaterales a los términos del contrato entre asegurador u organización de servicios de salud y suscriptor, o entre asegurador u organización de servicios de salud y proveedor**, incluyendo enmiendas a las tarifas. 26 L.P.R.A. § 3004

En la Querella, la Asociación únicamente alega que Humana "impuso de manera unilateral una reducción en sus tarifas para el [reembolso] a los proveedores de servicios de laboratorios [...]". Querella ¶ 3. Sin embargo, dicha conducta no violenta el citado Artículo 30.050 de la Ley de Pronto Pago. Dicha disposición únicamente prohíbe que un asegurador <u>se niegue a pagar una reclamación por servicios prestados</u> por razón de que se hubiesen efectuado enmiendas unilaterales a los términos del contrato, incluyendo enmiendas a las tarifas. No obstante, la Asociación no alega - porque no puede hacerlo - que Humana se haya negado a pagar alguna reclamación por servicios prestados por alguno de los miembros de la Asociación. En vista de ello, es incorrecta e infundada la alegación de la Parte Querellante a los efectos de que la conducta que se le imputa a Humana constituye una violación a la Ley de Pago Puntual.

A lo sumo, las alegaciones de la Asociación versan sobre un alegado incumplimiento de los contratos entre Humana y los laboratorios miembros de la Asociación. No obstante, como surge de la discusión que sigue, la OCS no tiene el poder delegado para atender

reclamaciones de índole contractual entre aseguradoras y proveedores de servicios de salud.

Es preciso recordar que las leyes habilitadoras de las agencias prescriben las normas bajo las cuales deben regirse las personas que están sujetas al ámbito de su jurisdicción. "La clara implicación del desvío del cumplimiento de las normas es la imposición de la sanción prescrita estatutariamente." D. Fernández Quiñones, Derecho Administrativo, Forum, pág. 73. En ese proceder, la agencia administrativa ejerce el poder de adjudicar, si le fue delegado, análogo al poder que ejercen los tribunales. Id., a la pág. 78. Sin embargo, los poderes cuasi-judiciales otorgados a las agencias no son plenos, sino limitados.[3]

En vista de que la agencia administrativa es una criatura de la Asamblea Legislativa, los actos u órdenes que trascienden lo dispuesto en su ley habilitadora no sólo son erróneos, sino también nulos. Raimundi Meléndez v. Productora de Agregados, Inc., 162 D.P.R. 215 (2004) (donde se resolvió que la agencia administrativa no tenía facultad en la ley ni para emitir la orden de cese y desista ni para imponerle a una empresa privada la obligación de indemnizar en daños y perjuicios); Caribe Communications, Inc. v. P.R.T.C., 157 D.P.R. 203 (2002).

El Artículo 2.030, Inciso 14, del Código de Seguros confiere a este Foro la facultad de adjudicar controversias sobre alegadas violaciones a dicho cuerpo legal. 26 L.P.R.A. § 235. A tono con dicho poder, la Ley de Pago Puntual le confiere a la OCS "jurisdicción original respecto a las controversias que surjan entre proveedores participantes y aseguradores [...], al amparo de este capítulo". Artículo 30.080 de la Ley de Pago Puntual, 26 L.P.R.A. § 3007. Así,

---

[3] La delegación de poderes cuasi-judiciales incluye la potestad de resolver controversias, así como también la facultad de dictar remedios. La facultad de conceder remedios descansa exclusivamente en los estatutos orgánicos. A manera de ejemplo, el Tribunal Supremo ha avalado la potestad de los organismos administrativos al conceder daños o compensaciones monetarias en aquellos casos donde se establece específicamente tal remedio en la legislación o cuando implícitamente se deja consignado en la amplia facultad de confeccionar remedios que propicien la implantación de la política pública que inspiró la ley. Raimundi Meléndez v. Productora de Agregados, Inc., 162 D.P.R. 215 (2004); Caribe Communications, Inc. v. P.R.T.C., 157 D.P.R. 203 (2002); Quiñones Irizarry v. San Rafael Estate, 143 D.P.R. 756 (1997).

conforme a las disposiciones expresas de la Ley de Pago Puntual, la jurisdicción de este Honorable Foro se circunscribe a dilucidar controversias entre aseguradoras y sus proveedores basadas en alegadas violaciones a la Ley de Pago Puntual.

Como vimos, en este caso, la Parte Querellante no alega hechos que constituyan una alegada violación al Artículo 30.050 de la Ley Para el Pago Puntual. Ello, pues no se ha alegado que Humana se haya negado a pagar reclamación alguna de uno de los miembros de la Asociación por razón de las enmiendas unilaterales a las tarifas de reembolso. La Asociación meramente se queja de que Humana alegadamente redujo las tarifas de reembolso a los laboratorios proveedores. Dichas alegaciones, lejos de constituir una supuesta violación a la Ley de Pago Puntual, constituyen alegaciones alusivas a un supuesto incumplimiento de Humana con los contratos con sus proveedores de servicios de laboratorios. La OCS no tiene el poder delegado para atender reclamaciones de incumplimiento contractual bajo el Código Civil. Por ende, este Honorable Foro no tiene jurisdicción para atender la controversia planteada por la Parte Querellante.

### III. CONCLUSIÓN

Resulta claro de la discusión que antecede que la Parte Querellante no tiene una causa de acción que justifique la concesión de algún remedio. Por un lado, este Honorable Foro no tiene jurisdicción para atender la reclamación de la Asociación, pues ésta carece de legitimación activa para instar la presente Querella. Son los laboratorios proveedores que alegadamente han sido afectados por la reducción de tarifas los únicos que pueden reclamar por alegadas violaciones a sus contratos por la alegada reducción en las tarifas de reembolso. La Asociación no es proveedora que tenga contrato con Humana, por lo que no puede alegar hecho alguno que demuestre que haya sufrido un daño claro y real.

Además, la Asociación no tiene legitimación activa para reclamar por los intereses de sus miembros. No obstante, aún si la Parte Querellante tuviera legitimación activa, este Foro tampoco tiene jurisdicción para atender este asunto, ya que aún si aún que la Asociación alega que hubo una reducción de tarifas en violación de contrato, no

- 9 -

alega qué contrato se violó, a quién se le violó su derecho contractual, ni cual fue el efecto de dicha violación. Estas alegaciones son necesarias para establecer una reclamación justiciable. Además, Humana no ha negado pago alguno a los laboratorios miembros de la Asociación. Este caso trata más bien de una reclamación por incumplimiento de contrato, la cual está fuera de la zona de intereses de la OCS y, por ende, este Foro no tiene jurisdicción para atender el reclamo de la Asociación. Por consiguiente, procede la desestimación de la Querella.

POR TODO LO CUAL, Humana solicita de este Honorable Foro que desestime la Querella presentada el 10 de agosto de 2010.

RESPETUOSAMENTE SOMETIDA.

En San Juan, Puerto Rico, a 15 de octubre de 2012.

CERTIFICO haber entregado este escrito a la Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, Guaynabo, PR 00968-3029; y enviado copia por correo ordinario y electrónico a la Sra. Armanda Vázquez Martínez, Unidad de pago Puntual, Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, PMB 356, Guaynabo, PR 00968-3029 y al avazquez@ocs.gobierno.pr; y al Lic. David Noriega Rodríguez, NORIEGA RODRÍGUEZ Y NORIEGA COSTAS, Edif. Banco Cooperativo, Ofic. 305-B, 623 Ave. Ponce de León, San Juan, PR 00917 y al bufetenoriega@hotmail.com.

PIETRANTONI MÉNDEZ & ALVAREZ LLC
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918
Tel.: (787) 274-1212; Fax: 274-1470

Herman G. Colberg Guerra
RÚA Núm. 11765
hcolberg@pmalaw.com

Janitza M. García Marrero
RÚa Núm. 15126
jgarcia@pmalaw.com

- 10 -

EXHIBIT 6

EN LA OFICINA DEL COMISIONADO DE SEGUROS
SAN JUAN, PUERTO RICO

RECEIVED
OCT 2 3 2012
PMLA

| | |
|---|---|
| ASOCIACIÓN PUERTORRIQUEÑA DE DUEÑOS DE LABORATORIOS CLÍNICOS PRIVADOS, INC. | SOLICITUD DE INTERVENCIÓN NÚM. PP-10-12-02-00139 |
| Querellante | SOBRE: |
| Vs. | |
| HUMANA HEALTH PLANS OF PUERTO RICO, INC. | VIOLACIÓN AL ARTÍCUL 30.050 DE LA LEY104 DE 19 DE JULIO DE 2002 |
| Querellados | |

**OPOSICIÓN A**
**SOLICITUD DE DESESTIMACIÓN E**
**IMPUGNACIÓN DE SOLICITUD DE INVESTIGACIÓN**

**AL HONORABLE COMISIONADO DE SEGUROS:**

COMPARECE la Asociación Puertorriqueña de Dueños de Laboratorios Clínicos Privados de Puerto Rico, representada por su Abogado y respetuosamente expone y solicita:

I.     La parte querellada plantea la desestimación de la Querella e impugna la investigación de la Oficina del Comisionado de Seguros (OCS) por los siguientes motivos :

1.     La APDLCP carece de legitimación activa para establecer una reclamación que justifique remedio.

2.     Las alegaciones de la Querella son insuficientes para establecer una reclamación que justifique remedio.

3.     No se alega que HUMANA se haya negado a pago alguno a los Laboratorios, lo cual es necesario para asumir jurisdicción bajo la Ley de Pago Puntual.

4.     Los contratos solicitados y documentación solicitada por la OCS constituyen información confidencial y/o secretos de negocio protegido contra la divulgación a terceros.

II.    Argumentación

Introducción:

Los razonamientos planteados por HUMANA para la desestimación de la Querella e impugnación de investigación ya han sido declarados sin méritos por la OCS y por los Tribunales; véase **Comisionado de Seguros de Puerto Rico v Humana Health Plans of Puerto Rico, Inc.**, PP-215, Resolución del 21 de febrero de 2007 ; y **OCSP v MCS Life Insurance Company**, *Certiorari* KLRA2010-00485, denegado por el Tribunal Supremo de Puerto Rico.  De hecho, esos casos constituyen la Ley del caso.

### La alegada insuficiencia en la redaccion de la Querella

En OCSPR v Humana, *supra*, la Querella o Solicitud de Intervención de la APDLCP fue redactada en similares términos que la Querella en el caso de epígrafe.   Humana no la impugnó como insuficiente ni impugnó la facultad investigativa de la OCSPR.   Al contrario, Humana sometió los documentos que le solicitó la OCS y pagó dos multas administrativas, una por haber violado el Art. 3.050 de la Ley de Pago Puntual, y otra por no cumplir con la Resolución inicial; además de restituir lo dejado de pagar al Laboratorio Irizarry Guasch.   En ese caso, igual que en éste, Humana expuso que no se alegó que ella se hubiese negado a pagar alguna reclamación.

La OCS determinó que no pagar las tarifas pactadas con el proveedor por una enmienda unilateral de la aseguradora, constituye una violación al Art. 3.050 de la Ley de Pago Puntual.  En OCSPR v MCS Life Insurance Co., *supra*, página 13, el Tribunal determinó que pagar una cantidad menor a la que el proveedor tiene derecho, es en efecto, negarse a pagar la reclamación.

### LA ALEGADA CARENCIA DE PODER DE INVESTIGACION

El Comisionado de Seguros de Puerto Rico tiene amplios poderes de investigación bajo el Código de Seguros de Puerto Rico; véase Artículos 2.030 (3) y 30.080, 26 LPRA, § 203(3) y 3008. Véase además Artículos 2.010 y 2.020, Código de Seguros, 26 LPRA § 201 y 202. El Comisionado de Seguros no es un tercero. El Comisionado es el regulador. Los contratos de seguro están revestidos de un *alto interés* público, **Assoc. Ins. Agencies, Inc.** v. **Comisionado Seguros**, 144 DPR 425, 442 (1997). En este caso, el interés público es mayor porque se trata de contratos que implantan la política pública del gobierno de Puerto Rico en materia de salud (Reforma). Por tanto, la invocación de «secretos de negocios» o información confidencial de la querellada para negarse a entregar documentos e información es totalmente improcedente. A lo anterior, se añade que lo que la OCS solicitó a Humana fue copia de los contratos suscritos con los laboratorios. Se puede tomar conocimiento oficial de que se trata de contratos maestros (master contracts) que en lo único que difieren es en la fecha de comienzo por cada laboratorio. Por tanto, lo solicitado no es oneroso.

### LA ALEGADA AUSENCIA DE LEGITIMACION ACTIVA

En OCS v MCS, *supra*, se decidió que la Asociación de Laboratorios tiene legitimación activa para representar a sus socios en un caso bajo la Ley de Pago Puntual. El Tribunal destacó que la querellada, al contestar la reclamación inicial, así lo reconoció. Es de notar, que en el caso de epígrafe, la querellada también contestó la reclamación inicial de la Asociación y negó tener responsabilidad. Véase página 10 OCSPR v MCS, *supra*. En ese caso también se resolvió que la participación individual de los socios de la Asociación no es necesaria, véase página 11.

**LA DOCTRINA SOBRE MOCIONES DE DESESTIMACION**

Al resolver una moción de desestimación hay que considerar como ciertas las alegaciones de la Querella y cualesquier duda hay que resolverla en contra de la parte promovente de la desestimación, véase **First Federal Savings v Asoc. de Condómines**, 114 DPR 426 (1983).

III.    Conclusión

La Solicitud de Desestimación y la Impugnación a la Investigación deben ser declaradas NO HA LUGAR. Todos los argumentos expuestos en esas mociones ya han sido resueltos en contra de Humana. Se solicita se Ordene a Humana someter los documentos e información solicitada en un término perentorio y se le imponga una multa diaria por cada día de incumplimiento.

En San Juan, Puerto Rico, a  /9 de octubre de 2012.

Certifico: Que en esta fecha envié copia de este escrito a la Lcda. Janitza García Marrero.

**NORIEGA RODRÍGUEZ Y NORIEGA COSTAS**
BanCoop Plaza, Oficina 305-B
623 Ave. Ponce de León
San Juan, Puerto Rico  00917
Teléfonos:  274-8361;  fax: 766-0624
bufetenoriega@hotmail.com

DAVID NORIEGA RODRÍGUEZ 4680 (3415)



*NORIEGA RODRÍGUEZ y NORIEGA COSTAS*
Abogados - Notarios

BanCorp Plaza, Oficina 305-B
Ave. Ponce de León 623
San Juan, Puerto Rico 00917

Lcda. Janitza García Marrero
Banco Popular Center, Piso 19
Ave. Ponce de León 208
San Juan, Puerto Rico 00918

EXHIBIT 7

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**OFICINA DEL COMISIONADO DE SEGUROS**

| | |
|---|---|
| ASOCIACIÓN PUERTORRIQUEÑA DE DUEÑOS DE LABORATORIOS CLÍNICOS PRIVADOS, INC.<br><br>Querellante<br><br>v.<br><br>HUMANA HEALTH PLANS OF PUERTO RICO, INC.<br><br>Querellada | SOLICITUD DE INTERVENCIÓN NUM. PP-10-12-02-00139<br><br>SOBRE:<br><br>VIOLACIÓN AL ARTÍCULO 30.050 DE LA LEY 104 DE 19 DE JULIO DE 2002 |

**MOCIÓN INFORMATIVA EN TORNO A "*OPOSICIÓN A SOLICITUD DE DESESTIMACIÓN E IMPUGNACIÓN DE SOLICITUD DE INVESTIGACIÓN*" DE LA PARTE QUERELLANTE**

A LA OFICINA DEL COMISIONADO DE SEGUROS:

COMPARECE Humana Health Plans of Puerto Rico, Inc. ("Humana") por conducto de su representación legal que suscribe y muy respetuosamente EXPONE Y SOLICITA:

1.  El 15 de octubre de 2012, Humana presentó dos escritos titulados "*Solicitud de Desestimación de la Querella*" e "*Impugnación de Solicitud de Investigación*". En dichos escritos, Humana sostuvo los fundamentos que justifican la desestimación de la Querella presentada por la Asociación Puertorriqueña de Dueños de Laboratorios, Inc. ("Parte Querellante" o "Asociación") y que se deje sin efecto la investigación iniciada por este Honorable Foro.

2.  En respuesta a dichos escritos, la Asociación notificó a Humana su "*Oposición a Solicitud de Desestimación e Impugnación de Solicitud de Investigación*" ("Oposición"). Aunque la Oposición de la Parte Querellante tiene fecha de 19 de octubre de 2012, la misma fue notificada a Humana posteriormente, el 22 de octubre de 2012.

3.  En su Oposición, la Asociación presenta argumentos enteramente errados e improcedentes en derecho para intentar persuadir a este Foro para que l-desestque las solicitudes fundamentadas de Humana. Ante estas Humana respetuosamente

informa que estará presentando una respuesta a la Oposición de la Asociación para aclarar los argumentos equivocados presentados en la misma y reiterar las razones por las cuales procede la desestimación de la Querella presentada por la Parte Querellante y que se deje sin efecto la investigación en este caso.

4.   Humana tiene previsto presentar su escrito dentro de los próximos quince (15) días.

POR TODO LO CUAL, Humana solicita de este Honorable Foro que tome conocimiento de lo antes informado.

RESPETUOSAMENTE SOMETIDA.

En San Juan, Puerto Rico, a 7 de noviembre de 2012.

CERTIFICO haber entregado este escrito a la Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, Guaynabo, PR 00968-3029; y enviado copia por correo ordinario y electrónico a la Sra. Armanda Vázquez Martínez, Unidad de Pago Puntual, Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, PMB 356, Guaynabo, PR 00968-3029 y al avazquez@ocs.gobierno.pr; y al Lic. David Noriega Rodríguez, NORIEGA RODRÍGUEZ Y NORIEGA COSTAS, Edif. Banco Cooperativo, Ofic. 305-B, 623 Ave. Ponce de León, San Juan, PR 00917 y al bufetenoriega@hotmail.com.

PIETRANTONI MÉNDEZ & ALVAREZ LLC
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918
Tel: (787) 274-1212; Fax: 274-1470


Herman G. Colberg-Guerra
RÚA Núm. 11765
hcolberg@pmalaw.com


Janitza M. García Marrero
RÚA Núm. 15126
jgarcia@pmalaw.com

2012 NOV -7 PM 1:44

COMISIONADO DE SEGUROS
RECIBIDO OFICINA

- 2 -

EXHIBIT 8

ESTADO LIBRE ASOCIADO DE PUERTO RICO
OFICINA DEL COMISIONADO DE SEGUROS

| | |
|---|---|
| ASOCIACIÓN PUERTORRIQUEÑA DE DUEÑOS DE LABORATORIOS CLÍNICOS PRIVADOS, INC.<br><br>Querellante<br><br>v.<br><br>HUMANA HEALTH PLANS OF PUERTO RICO, INC.<br><br>Querellada | SOLICITUD DE INTERVENCIÓN NUM. PP-10-12-02-00139<br><br>SOBRE:<br><br>VIOLACIÓN AL ARTÍCULO 30.050 DE LA LEY 104 DE 19 DE JULIO DE 2002 |

SOLICITUD DE PRORROGA

A LA OFICINA DEL COMISIONADO DE SEGUROS:

COMPARECE Humana Health Plans of Puerto Rico, Inc. ("Humana") por conducto de su representación legal que suscribe y muy respetuosamente EXPONE Y SOLICITA:

1. El día 7 de noviembre de 2012 Humana presentó "Moción Informativa en torno a 'Oposición a Solicitud de Desestimación e Impugnación de Solicitud de Investigación' de la Parte Querellante" en la cual indicaba que Humana estará presentando una respuesta a la Oposición de la Asociación dentro de quince (15) días.

2. La abogada que suscribe ha estado trabajando en el referido escrito. Sin embargo, debido a las festividades y días libres de la pasada semana de Acción de Gracias y que se ha visto obligada a atender otros compromisos profesionales, el escrito no podrá presentarse en el día de hoy.

3. En vista de lo anterior, muy respetuosamente se solicita un breve término adicional de diez (10) días para presentar el escrito.

4. El breve término adicional solicitado no tiene intención de atrasar los procesos de este caso, sino de poner a la Oficina del Comisionado de Seguros en mejor posición de poder resolver los asuntos planteados por Humana de manera completa y conforme a derecho.

**POR TODO LO CUAL**, Humana solicita de este Honorable Foro que conceda el término adicional solicitado de diez (10) días a partir de la fecha de hoy, o hasta el 6 de diciembre de 2012, para presentar su respuesta a la Oposición de la Parte Querellante.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, a 26 de noviembre de 2012.

**CERTIFICO** haber entregado este escrito a la **Oficina del Comisionado de Seguros de Puerto Rico**, B5 Calle Tabonuco Suite 216, Guaynabo, PR 00968-3029; y enviado copia por correo ordinario y electrónico a la **Sra. Armanda Vázquez Martínez**, Unidad de Pago Puntual, Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, PMB 356, Guaynabo, PR 00968-3029 y al avazquez@ocs.gobierno.pr; y al **Lic. David Noriega Rodríguez**, Noriega Rodríguez Y Noriega Costas, Edif. Banco Cooperativo, Ofic. 305-B, 623 Ave. Ponce de León, San Juan, PR 00917 y al bufetenoriega@hotmail.com.

PIETRANTONI MÉNDEZ & ALVAREZ LLC
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918
Tel: (787) 274-1212; Fax: 274-1470

Herman G. Colberg-Guerra
RÚA Núm. 11765
hcolberg@pmalaw.com

Janitza M. García Marrero
RÚA Núm. 15126
jgarcia@pmalaw.com

- 2 -

RECE
NOV 29 2012
PMA

EN LA OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO
Guaynabo, Puerto Rico

| COMISIONADO DE SEGUROS DE PUERTO RICO | SOLICITUD DE INTERVENCIÓN NÚM. PP-10-12-02-00139 |
|---|---|
| VS | |
| HUMANA HEALTH PLAN OF PUERTO RICO, INC. | SOBRE: Violación al Artículo 30.050 de la Ley 104 de 19 de julio de 2002 |

## RESOLUCIÓN INTERLOCUTORIA

Examinada la petición de impugnación de investigación sometida por la parte investigada, resolvemos denegar la misma de plano toda vez que no se incluyeron fundamentos específicos, en que se basa la impugnación. Esta decisión está basada en las disposiciones provistas por la Regla I-A promulgada el 3 de julio de 1995, sección 8.

De no estar de acuerdo la parte investigada con la acción aquí tomada, se le **ADVIERTE** de su derecho a solicitar vista sobre los pormenores de esta Resolución Interlocutoria, dentro del término de veinte (20) días, contado a partir de la fecha de notificación de la misma. A tenor con lo dispuesto en el Artículo 2.190(2) del Código de Seguros de Puerto Rico, la solicitud de vista deberá ser por escrito, expresando específicamente los extremos en que la persona que la solicita ha sido perjudicada y los fundamentos o la disposición legal en que ampara su solicitud. Se advierte, además, a la parte investigada de su derecho a comparecer a la vista asistido de abogado y a traer consigo y someter toda la evidencia que considere necesaria para sostener sus alegaciones.

De no solicitar vista dentro del término concedido, se entenderá que la parte investigada renuncia a su derecho a ser oído, por lo que esta Resolución Interlocutoria advendrá final y firme.

No obstante, la investigación no será paralizada por esta determinación. Recordamos a la parte investigada que cualquier dilación o entorpecimiento innecesario a esta investigación podrá conllevar sanciones administrativas.

2

**NOTIFÍQUESE.**

En Guaynabo, Puerto Rico, a ⁀ de noviembre de 2012.

LCDA. ANA·MARÍA LÓPEZ ERQUICIA
SUBCOMISIONADA DE SEGUROS

**CERTIFICACIÓN:**

YO, JOHANNA MULERO BARRETO, ASISTENTE ADMINISTRATIVO de la

Oficina del Comisionado de Seguros, CERTIFICO que copia fiel y exacta del escrito que

antecede, cuyo original debidamente firmado obra en los expedientes de la OCS, ha

sido enviada en el día de hoy por correo regular a:

Sr. Earl M. Harper
Presidente
P/C Sra. Margarita Lizardi Villanueva
Humana Health Plans of Puerto Rico, Inc.
Avenida F.D. Roosevelt 383
San Juan, PR 00918-2131

Lcdo. Herman G. Colberg Guerra
Pietrantoni Méndez & Álvarez LLC
208 Avenida Ponce De León
San Juan, Puerto Rico 00918

En Guaynabo, Puerto Rico, a 27 de noviembre de 2012.

JOHANNA MULERO BARRETO
ASISTENTE ADMINISTRATIVO

**OFICINA DEL COMISIONADO DE SEGUROS**
Estado Libre Asociado de Puerto Rico
B5 CALLE TABONUCO, SUITE 216, PMB 356
GUAYNABO, PR 00968-3029

324.491

UNITED STATES POSTAGE
$ 00.45°
03 1A
0004352791    NOV 28 2012
MAILED FROM ZIP CODE 00968

Lcdo. Herman G. Colberg Guerra
Pietrantoni Méndez & Álvarez LLC
208 Avenida Ponce De León
San Juan, Puerto Rico 00918

RECEIVED

NOV 29 2012

EN LA OFICINA DEL COMISIONADO DE SEGUROS DEL **EXHIBIT 10**
Guaynabo, Puerto Rico

| | |
|---|---|
| COMISIONADO DE SEGUROS DE PUERTO RICO | CASO NÚMERO: PP-2012-160 |
| VS | ASUNTO: Incumplimiento con el Requerimiento de Información del 5 de septiembre de 2012. Solicitud de Intervención Núm. 10-12-02-00139 |
| HUMANA HEALTH PLAN OF PUERTO RICO, INC. | |

## ORDEN

POR CUANTO, Humana Health Plan of Puerto Rico, Inc., en adelante denominada "la Organización", es una organización de servicios de salud debidamente autorizada por la Oficina del Comisionado de Seguros de Puerto Rico, en adelante denominada "la OCS", para tramitar seguros en esta jurisdicción.

POR CUANTO, el día 5 de septiembre de 2012, mediante carta PP-611, la OCS emitió un Requerimiento de Información dirigido a la Organización, para que suministrara en el término de 20 días, la información que se le solicitaba.

POR CUANTO, el 24 de septiembre de 2012, la Organización solicitó un término adicional de 20 días, para someter la información requerida por la OCS.

POR CUANTO, el 26 de septiembre de 2012, la OCS le concedió a la Organización hasta el 15 de octubre de 2012, para someter la información requerida.

POR CUANTO, el Requerimiento de Información advirtió a la Organización, que de no cumplir con lo requerido, la omisión constituiría una obstrucción al poder de investigación que la ley le confirió a la OCS y un incumplimiento a una Orden válidamente emitida, lo que acarrearía la imposición de sanciones administrativas.

POR CUANTO, el 15 de octubre de 2012, en contestación al requerimiento de información de la OCS, la Organización sometió una Solicitud de Desestimación de la Querella e Impugnación de Solicitud de Investigación.

POR CUANTO, en la Impugnación de la Solicitud de Investigación, la Organización indicó que aunque no reconoce la legitimación de la Asociación para instar la Querella en representación de los intereses de sus miembros, la OCS tampoco

2

tendría jurisdicción para atender la Querella porque las alegaciones incluidas en la misma no establecen una violación a las disposiciones del Código de Seguros. Además, la documentación solicitada por la OCS relativa a los contratos firmados con los laboratorios, constituye información confidencial o secretos de negocio, protegidos contra divulgación a terceros. También indicó que la información solicitada por la OCS está en manos de los laboratorios, quienes son los únicos acreedores de cualquier acción bajo la Ley de Pago Puntual, y estos nunca han reclamado violación alguna a dicha Ley, por lo que la Organización solicita que la OCS deje sin efecto el requerimiento de información relacionado con la Querella.

POR CUANTO, con su omisión, la Organización incumplió con una orden válidamente emitida por el Comisionado de Seguros, por lo que incurrió en violación al Código de Seguros de Puerto Rico.

POR CUANTO, el Artículo 2.030(12) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 235(12), dispone lo siguiente:

> "(12) El Comisionado podrá llevar a cabo las investigaciones y exámenes que considere necesarias para asegurar el cumplimiento de las disposiciones del Código, su Reglamento y las órdenes que ha emitido, y para obtener toda la información útil a la administración de éstas. Para ello utilizará aquellos mecanismos que estime necesarios. La investigación o examen podrá extenderse a cualquier persona o entidad que tenga o haya tenido negocios de seguros y a aquellas entidades comerciales o empresas que tengan relación comercial con éstas. El alcance de la investigación o examen podrá extenderse fuera de la jurisdicción de Puerto Rico."

POR CUANTO, el Artículo 2.130(1) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 245(1), dispone lo siguiente:

> "(1) Toda persona que sea investigada, sus funcionarios, empleados, agentes y representantes deberán presentar y hacer libremente accesibles al Comisionado o sus examinadores las cuentas, expedientes, documentos, archivos, capital y asuntos en su poder o bajo su dominio relativos a la materia objeto de la investigación, y deberán en cualquiera otra forma facilitar la investigación." (Subrayado nuestro)

POR CUANTO, el poder de investigación de que está investido el Comisionado de Seguros y la correlativa obligación de facilitar la investigación que el Artículo 2.130 del Código de Seguros de Puerto Rico, supra, le impone a todos los investigados, son de vital importancia para el descargo apropiado de la responsabilidad que tiene la OCS en hacer cumplir las disposiciones del Código de Seguros.

3

POR CUANTO, la Sección 6 de la Regla I-A del Reglamento del Código de Seguros de Puerto Rico, establece lo siguiente:

"Toda persona investigada deberá cooperar plenamente con la investigación que, en el ejercicio de su poder, realice el Comisionado, y a esos efectos deberá responder a los mecanismos de investigación señalados en la Sección 3, cumpliendo con las obligaciones que impone el Artículo 2.130 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 213. Se considerará que los siguientes actos obstruyen u obstaculizan el poder investigador del Comisionado:

(1)   ...
(6)   No ofrecer las contestaciones a las solicitudes de información que se le cursen o no ofrecerlas dentro del término estipulado para ello."

POR CUANTO, de igual manera la Sección 7 de la Regla I-A del Reglamento del Código de Seguros de Puerto Rico, dispone lo siguiente:

"La persona investigada viene obligada a comparecer, a testificar y a presentar prueba en relación con la investigación que se lleve a cabo, si así se le requiere..."

POR CUANTO, la conducta de la Organización ha obstaculizado la labor investigativa de la OCS.

POR CUANTO, el Artículo 30.080 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 3008, dispone lo siguiente:

"A fin de asegurar el cumplimiento de las disposiciones de este capítulo, el Comisionado tendrá las siguientes facultades y deberes:

(a) Imponer multas administrativas o sanciones por violación a las disposiciones de este capítulo, conforme a las disposiciones de este Código, a iniciativa del Comisionado o luego de presentada una querella por un proveedor participante por motivo de dicho incumplimiento. "

POR CUANTO, al Artículo 19.230(1) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 1923(1), dispone lo siguiente:

"(1) En adición a la suspensión o revocación del certificado de autoridad o en lugar de la misma, a cualquier organización que violare una disposición de este capítulo podrá imponérsele las penalidades prescritas para los aseguradores."

POR CUANTO, el Artículo 3.210(1) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 321(1), dispone lo siguiente:

"El Comisionado podrá, luego de una vista, denegar, suspender o revocar la autorización de un asegurador para concertar seguros, cuando dicho asegurador, en adición a otras razones para ello prescritas en este código:

4

(1) Dejare de cumplir o violare una disposición de este código, que no sea ninguna de las disposiciones con respecto a las cuales es obligatoria la negativa, suspensión o revocación por incumplimiento o infracción."

POR CUANTO, el Artículo 3.211 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 321a, dispone lo siguiente:

"En adición a la denegación, revocación o suspensión de la autorización de un asegurador para concertar seguro, o en lugar de la misma, a cualquier asegurador que viole una disposición de este código podrá imponérsele una multa administrativa que no excederá de cinco mil (5,000) dólares."

POR CUANTO, la conducta de la Organización es causal para la imposición de sanciones.

POR TANTO, YO, RAMÓN L. CRUZ COLÓN, Comisionado de Seguros, conforme a los poderes y facultades que me confiere el Código de Seguros de Puerto Rico, determino lo siguiente:

1. ORDENO a la Organización que someta la información requerida en el Requerimiento de Información de la carta PP- 611, cursado el 5 de septiembre de 2012, en el término improrrogable de cinco (5) días.

2. IMPONGO a la Organización una multa administrativa ascendente a $10,0000 por la violación al Artículo 2.130(1) del Código de Seguros de Puerto Rico, supra.

Dicha multa deberá ser satisfecha por la Organización en el término de veinte (20) días, contado a partir de la notificación de la presente Orden. Transcurrido dicho término, la cuantía de la multa impuesta que no haya sido satisfecha comenzará a devengar intereses legales hasta que sea pagada en su totalidad. Se computarán los intereses al tipo que para sentencias judiciales de naturaleza civil fije por reglamento la Junta Financiera, según el mismo sea certificado por el Comisionado de Instituciones Financieras de Puerto Rico y que éste en vigor al momento de dictarse la Orden.

3. ORDENO a la Organización que, sino cumple con lo establecido en el inciso uno (1), comparezca a una vista administrativa que se celebrará el 21 de diciembre de 2012, a las 9:00am, en la Oficina del Comisionado de Seguros de Puerto Rico, sita en el Condominio GAM Tower, Calle Tabonuco B5, Suite 216, Guaynabo, Puerto Rico, en la

5

cual mostrará causa por la cual no se le deba suspender o revocar su licencia de persona autorizada para llevar a cabo negocios de seguros en esta jurisdicción por incumplir las órdenes de la OCS.

Se le advierte también a la Organización de su derecho a comparecer a la reunión asistida de abogado y traer consigo y someter toda la evidencia que considere necesaria para sostener sus alegaciones.

NOTIFIQUESE.

En Guaynabo, Puerto Rico, a 27 de noviembre de 2012.

RAMÓN L. CRUZ-COLÓN, CPCU, ARe, AU
COMISIONADO DE SEGUROS

CERTIFICACIÓN:

YO, CARMEN L. ALEJANDRINO FRANQUI, Administradora de Sistemas de Oficina, CERTIFICO que copia fiel y exacta del escrito que antecede, cuyo original debidamente firmado obra en los expedientes de esta Oficina, ha sido enviada en el día de hoy, por acuse y correo certificado a:

> Sr. Earl M. Harper
> Presidente
> P/C Sra. Margarita Lizardi Villanueva
> Humana Health Plans of Puerto Rico, Inc.
> Avenida F.D. Roosevelt 383
> San Juan, PR 00918-2131
>
> Lcdo. Herman G. Colberg Guerra
> Pietrantoni Méndez & Álvarez LLC
> 208 Avenida Ponce De León
> San Juan, Puerto Rico 00918

y por correo interno a:

> Lcda. Ana María López Erquicia
> Subcomisionada de Seguros
> Oficina del Comisionado de Seguros

En Guaynabo, Puerto Rico, a 27 de noviembre de 2012.

por: Johanna Multire Barreto
CARMEN L. ALEJANDRINO FRANQUI
ADMINISTRADORA DE SISTEMAS DE OFICINA

Gobierno de Puerto Rico
**OFICINA DEL COMISIONADO DE SEGUROS**
B5 Calle Tabonuco, Suite 216, PMB 356
Guaynabo, PR 00968-3029





7011 3500 0002 5490 9501



$ 05.95⁰
MAILED FROM ZIP CODE 00968



324.00|

Lcdo. Herman G. Colberg Guerra
Pietrantoni Méndez & Álvarez LLC
208 Avenida Ponce De León
San Juan, Puerto Rico 00918

CERTIFICADA CON ACUSE DE RECIBO

00918-1010 C017

101

EXHIBIT 11

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**OFICINA DEL COMISIONADO DE SEGUROS**

| | |
|---|---|
| COMISIONADO DE SEGUROS DE PUERTO RICO<br><br>v.<br><br>HUMANA HEALTH PLANS OF PUERTO RICO, INC. | CASO NUM. PP-2012-160<br><br>SOBRE:<br><br>Incumplimiento con el Requerimiento de Información del 5 de septiembre de 2012. Solicitud de Intervención 10-12-02-00139 |

## MOCIÓN INFORMATIVA EN CUMPLIMIENTO DE ORDEN Y SOLICITUD DE BREVE PRORROGA

A LA OFICINA DEL COMISIONADO DE SEGUROS:

COMPARECE Humana Health Plans of Puerto Rico, Inc. ("Humana") por conducto de su representación legal que suscribe y muy respetuosamente EXPONE Y SOLICITA:

1. En la tarde del jueves, 29 de noviembre de 2012, Humana recibió copia de una Orden del Comisionado de Seguros de fecha de 27 de noviembre de 2012 en la cual, entre otros asuntos, ordenó a Humana a someter la información requerida en el requerimiento de información de la carta PP-611 en el término de cinco (5) días. A pesar de que la Certificación de Notificación de dicha orden indica que la misma fue notificada por correo certificado con acuse de recibo el 27 de noviembre de 2012, la Orden del Comisionado de Seguros fue depositada en correo al día siguiente, el 28 de noviembre de 2012.

2. En cumplimiento con lo ordenado por el Comisionado de Seguros, al recibo de la Orden antes referida, Humana inmediatamente comenzó a recopilar los contratos requeridos en el Requerimiento de Información número PP-611, cuya cantidad excede 50 contratos. Ahora bien, a pesar de los esfuerzos realizados, y dado el corto término brindado, Humana prevé que no será posible proveer los documentos requeridos en el día de hoy. Para ello, Humana muy respetuosamente solicita que se le

**102**

conceda un breve término adicional hasta el jueves, 6 de diciembre de 2012, para someter los contratos requeridos.

3.    Humana muy respetuosamente aclara que estará produciendo los contratos objeto del Requerimiento de Información de la carta PP-611 sin renunciar a los argumentos vertidos en su Moción de Desestimación de fecha de 15 de octubre de 2012 respecto a la falta de jurisdicción de este Honorable Foro por ausencia de legitimación activa de la Asociación de Laboratorios ("Asociación") para instar la querella objeto del caso PP-10-12-02-00139. Además, se aclara que Humana producirá los documentos requeridos únicamente bajo los poderes de investigación del Comisionado de Seguros. Humana solicita que se le brinde confidencialidad a lo que sea producido.

4.    De otra parte, la Asociación no puede, ni tiene derecho a revisar los contratos de los proveedores de Humana, ni a cuestionar tarifas a nombre de ningún laboratorio contratado por Humana. Por tanto, la información a producirse se hace bajo el entendimiento de que no será compartida con la Asociación.

5.    Finalmente, Humana se reserva el derecho de levantar las defensas antes mencionadas nuevamente en la medida que se utilice la información como parte de alguna querella iniciada por una parte sin legitimación activa, y que no presente una reclamación válida en derecho contra Humana.

POR TODO LO CUAL, Humana solicita de este Honorable Foro que conceda el término adicional solicitado.

RESPETUOSAMENTE SOMETIDA.

En San Juan, Puerto Rico, a 3 de diciembre de 2012.

CERTIFICO haber entregado este escrito a la Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, Guaynabo, PR 00968-3029; y enviado copia por electrónico a la Sra. Armanda Vázquez Martínez, Unidad de Pago Puntual, Oficina del Comisionado de Seguros de Puerto Rico, al avazquez@ocs.gobierno.pr.

- 2 -

**PIETRANTONI MÉNDEZ & ALVAREZ LLC**
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918
Tel: (787) 274-1212; Fax: 274-1470

Hernán G. Colberg-Guerra
RÚA Núm. 11765
hcolberg@pmalaw.com

Janitza M. García Marrero
RÚA Núm. 15126
jgarcia@pmalaw.com

PIETRANTONI MENDEZ & ALVAREZ LLC   EXHIBIT 12

POPULAR CENTER 19TH FLOOR
208 PONCE DE LEON AVENUE
SAN JUAN, PUERTO RICO 00918

JANITZA M. GARCÍA MARRERO
WRITER'S DIRECT DIAL
(787) 274-4905

TEL: (787) 274-1212
FAX (787) 274-1470
WWW.PMALAW.COM

**DOCUMENTO CONFIDENCIAL**
**A LA MANO**

6 de diciembre de 2012

Sra. Armanda Vázquez Martínez
Analista Principal de Reclamaciones
Unidad de Pago Puntual
Oficina del Comisionado de Seguros
B5 Calle Tabonuco Suite 216
PMB 356
Guaynabo, PR 00968-3029

                    Re:   Solicitud de Intervención Núm. PP-
                          10-12-02-001239; Asociación de
                          Dueños de Laboratorios Clínicos
                          Privados v.Humana Health Plans of
                          Puerto Rico, Inc.

Estimada señora Vázquez:

    En respuesta al requerimiento número PP-611, mi cliente
Humana Health Plans of Puerto Rico, Inc. ("Humana"), somete para
la consideración de la Oficina del Comisionado de Seguros
("OCS") un (1) CD que contiene copia de los contratos
solicitados que están disponibles al momento (42 contratos).
Humana está realizando todos los esfuerzos posibles para obtener
los restantes contratos firmados con los proveedores de
servicios de laboratorio objeto de su solicitud.

    Se aclara que los siguientes proveedores no surgen del
sistema de Humana:

          1. Laboratorio Clínico Blanca-Navarro
          2. Laboratorio Clínico Surmed Medical Center
          3. Laboratorio Clínico Colón III

    Humana respetuosamente solicita que se deje sin efecto la
multa de $10,000 impuesta mediante orden de fecha de 27 de

**105**

**PIETRANTONI MENDEZ & ALVAREZ LLC**

DOCUMENTO CONFIDENCIAL
Sra. Armanda Vázquez Martínez
6 de diciembre de 2012
2

noviembre de 2012 en el asunto número PP-2012-160. Contrario a lo indicado en dicha orden, Humana no se negó a someter la información requerida, sino que sometió a la OCS los puntos de derecho por los que entendía que no procedía el requerimiento número PP-611.

Humana está produciendo los contratos objeto del Requerimiento de Información de la carta PP-611 sin renunciar a los argumentos vertidos en su Moción de Desestimación de fecha de 15 de octubre de 2012 respecto a la falta de jurisdicción de OCS por ausencia de legitimación activa de la Asociación de Laboratorios ("Asociación") para instar la querella objeto del caso PP-10-12-02-00139.

Además, se aclara que Humana somete los documentos requeridos únicamente bajo los poderes de investigación del Comisionado de Seguros. Humana solicita que se le brinde confidencialidad a lo que sea producido y que no sea compartida con la Asociación.

Cordialmente,

Janitza M. García Marrero

C:   Lcdo. Herman G. Colberg-Guerra

2012 DEC -6 PM 3:33

COMISIONADO DE SEGUROS
ESTADO DE PUERTO RICO

EXHIBIT 13

ESTADO LIBRE ASOCIADO DE PUERTO RICO
OFICINA DEL COMISIONADO DE SEGUROS

| | |
|---|---|
| COMISIONADO DE SEGUROS DE PUERTO RICO<br><br>v.<br><br>HUMANA HEALTH PLANS OF PUERTO RICO, INC. | CASO NUM. PP-2012-160<br><br>SOBRE:<br><br>Incumplimiento con el Requerimiento de Información del 5 de septiembre de 2012. Solicitud de Intervención 10-12-02-00139 |

## MOCIÓN DE RECONSIDERACIÓN Y SOLICITUD DE RESEÑALAMIENTO DE VISTA

A LA OFICINA DEL COMISIONADO DE SEGUROS:

COMPARECE Humana Health Plans of Puerto Rico, Inc. ("Humana") por conducto de su representación legal que suscribe y muy respetuosamente EXPONE Y SOLICITA:

1. El jueves, 29 de noviembre de 2012, Humana recibió copia de una Orden emitida por la Oficina del Comisionado de Seguros ("OCS") de fecha de 27 de noviembre de 2012. En dicha Orden, la OCS determinó que Humana incumplió con el Requerimiento de Información PP-611 relacionado con la Querella instada por la Asociación de Laboratorios ("Asociación") en el caso PP-10-12-02-00139. Según la OCS, Humana se negó sin justificación a someter la información requerida por la OCS. Como resultado de dicha determinación, la OCS impuso a Humana una multa ascendente a $10,000 y le ordenó a someter la información requerida en el requerimiento de información de la carta.[1] Finalmente, la OCS ordenó a Humana a comparecer a una vista administrativa a celebrarse el 21 de diciembre de 2012, a las 9:00am, en el caso de que no produjera los documentos requeridos.

2. Humana respetuosamente solicita que la OCS reconsidere su Orden y deje sin efecto la imposición de la multa de $10,000. Contrario a lo indicado en la Orden, Humana no se negó a someter la información solicitada en el requerimiento número PP-611. Humana contestó la solicitud de producción de información y solicitó orden protectora de producción, exponiendo los puntos de derecho por los que

---

[1] A pesar de que la Certificación de Notificación de dicha Orden indica que la misma fue notificada por correo certificado con acuse de recibo el 27 de noviembre de 2012, la Orden del Comisionado de Seguros fue depositada en correo al día siguiente, el 28 de noviembre de 2012.

entendía improcedente la solicitud, conforme lo autorizan las disposiciones del Artículo 8 de la Regla 1-A, Reglamento Núm. 5266, del Reglamento del Código de Seguros de Puerto Rico ("Regla 1-A").

3. El Artículo 8 de la Regla 1-A provee un mecanismo para que las personas o entidades sujetas a una investigación por la OCS puedan impugnar la misma. Conforme a dicho cuerpo legal, se puede impugnar una investigación de la OCS por las siguientes causas:

(a) que el requerimiento o solicitud de información sea claramente irrazonable, o

(b) que el requerimiento o solicitud de información exceda la autoridad del Comisionado por no caer dentro del alcance de las investigaciones de éste […], o no tener relación alguna con la zona de intereses contemplados en las leyes que éste administra.

4. Así, y conforme a las disposiciones antes citadas, el 15 de octubre de 2012, Humana presentó una "Impugnación de Solicitud de Investigación" en la que solicitó que se dejara sin efecto la investigación de la OCS. En dicho escrito, Humana expuso argumentos de derecho fundamentados por los cuales entendía que el requerimiento era irrazonable y se excedía de la autoridad de la OCS. En ánimos de no ser repetitivos, Humana hace referencia a los argumentos vertidos en la Impugnación y los incorpora al presente escrito.

5. En fin, el proceder de Humana al impugnar la investigación de la OCS no puede interpretarse como un desafío o incumplimiento con el poder investigativo de dicho Foro. Por el contrario, al impugnar la investigación de la OCS, Humana utilizó los mecanismos de derecho que tenía a su disposición para impugnar una investigación que entendía era improcedente. Por ende, entendemos muy respetuosamente que no se justifica la imposición de la multa objeto de la Orden.

6. Además, cabe aclarar que en cumplimiento con lo ordenado por el Comisionado de Seguros, al recibo de la Orden antes referida, Humana inmediatamente recopiló los contratos disponibles que habían sido solicitados en el Requerimiento de Información número PP-611 y produjo los contratos disponibles, cuya cantidad excede 50 contratos. Es decir, Humana cumplió con lo requerido por la OCS. Además, en el día de hoy dialogamos con el licenciado Antonio Quiñones de la OCS y Humana estará suplementando la producción de contratos solicitados

- 2 -

para incluir los relativos al Plan de Reforma vigentes al mes de abril de 2010, según solicitado.

7.   De otro lado, Humana respetuosamente solicita que se reseñale la vista señalada para el 21 de diciembre de 2012 debido a un conflicto de calendario de la representación legal que suscribe. Se sugiere como fechas alternas el 31 de enero de 2013 y el 4 ó 5 de febrero de 2013.

8.   Finalmente, Humana se reserva el derecho de levantar las defensas vertidas en su Moción de Desestimación de fecha de 15 de octubre de 2012, respecto a la falta de jurisdicción de la OCS por ausencia de legitimación activa de la Asociación para instar la querella objeto del caso PP-10-12-02-00139, nuevamente. Ello, en la medida que se presente en su contra alguna querella iniciada por una parte sin legitimación activa, y que no presente una reclamación válida en derecho contra Humana.

POR TODO LO CUAL, Humana solicita de este Honorable Foro que reconsidere su Orden del 27 de noviembre de 2012 y que reseñale la vista pautada para el 21 de diciembre de 2012 para cualquiera de los días 31 de enero de 2013 y el 4 ó 5 de febrero de 2013.

RESPETUOSAMENTE SOMETIDA.

En San Juan, Puerto Rico, a 17 de diciembre de 2012.

CERTIFICO haber entregado este escrito a la Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, Guaynabo, PR 00968-3029; y enviado copia por correo electrónico a la Sra. Armanda Vázquez Martínez, Unidad de Pago Puntual, Oficina del Comisionado de Seguros de Puerto Rico, al avazquez@ocs.gobierno.pr.

PIETRANTONI MÉNDEZ & ALVAREZ LLC
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918
Tel: (787) 274-1212, Fax: 274-1470

Herman G. Colberg-Guerra
RÚA Núm. 11765
hcolberg@pmalaw.com

Janitza M. García Marrero
RÚA Núm. 15126
jgarcia@pmalaw.com

- 3 -

| | |
|---|---|
| From: | Herman Colberg |
| Sent: | Tuesday, December 18, 2012 5:09 PM |
| To: | Herman Colberg; Armanda Vázquez Martínez |
| Cc: | Yomaira Santiago;  Doris E. Diaz Diaz ; Rosana Benitez Perales; Janitza M. García Marrero |
| Subject: | RE: Comisionado de Seguros de PR v. Humana Health of PR |

324.491
C/C

Saludos Armanda,

Mañana mismo vamos a producir los contratos de Reforma. Gracias!

Herman G. Colberg

Pietrantoni Méndez & Alvarez LLC
Popular Center 19th Floor
208 Ponce de León Ave.
San Juan, PR 00918
Tel. (787)274-4907 Fax (787)274-1470
www.pmalaw.com

CONFIDENTIALITY NOTE: This electronic transmission contains information belonging to Pietrantoni Méndez & Alvarez LLC, which is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail or telephone that this message has been inadvertently transmitted to you and delete this e-mail from your system. If you have received this transmission in error, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited.

**From:** Herman Colberg
**Sent:** Tuesday, December 18, 2012 12:10 PM
**To:** Armanda Vázquez Martínez
**Cc:** Yomaira Santiago; Doris E. Diaz Díaz
**Subject:** Re: Comisionado de Seguros de PR v. Humana Health of PR

Gracias Armanda. Ya hemos recopilado cerca de la mitad.  Voy a confirmar en Humana y le dejo saber. Gracias

Herman G. Colberg

Pietrantoni Méndez & Alvarez LLC
Popular Center 19th Floor
208 Ponce de León Ave.
San Juan, PR 00918
Tel. (787)274-4907 Fax (787)274-1470
www.pmalaw.com

CONFIDENTIALITY NOTE: This electronic transmission contains information belonging to Pietrantoni Méndez & Alvarez LLC, which is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail or telephone that this message has been inadvertently transmitted to you and delete this e-mail from your system. If you have received this transmission in error, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited.

On Dec 18, 2012, at 11:17 AM, "Armanda Vázquez Martínez" <avazquez@ocs.gobierno.pr> wrote:

Saludos,

1

sería el tiempo mínimo en el cual someter dicha información, para nosotros poder considerar la aprobación del mismo.

Cordialmente,

Armanda Vázquez Martínez
**Analista Principal de Reclamaciones**
**Unidad de Pago Puntual**
**Oficina del Comisionado de Seguros**
avazquez@ocs.gobierno.pr
787-304-2308

NOTA SOBRE CONFIDENCIALIDAD: Esta comunicación contiene información que pertenece a la OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO, la cual es confidencial y/o privilegiada. La información es suministrada sólo para el uso del individuo o entidad arriba mencionado. Si usted no es la persona o entidad a quien se ha dirigido esta comunicación, por este medio le notificamos que la divulgación, reproducción, distribución o toma de acción a base del contenido de la información aquí suministrada está estrictamente prohibida. Si usted ha recibido esta comunicación por error, por favor elimínela de sus archivos inmediatamente y notifíquelo de inmediato.

CONFIDENTIALITY NOTE: This communication contains information belonging to the OFFICE OF THE COMMISSIONER OF INSURANCE OF PUERTO RICO which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your files and notify us immediately.

**From:** Armanda Vázquez Martínez
**Sent:** martes, 18 de diciembre de 2012 09:08 a.m.
**To:** 'Herman Colberg'
**Cc:** Janitza M. García Marrero; Yomaira Santiago; 'Mariela Santiago'; Antonio Quinones Rivera
**Subject:** RE: Re: Comisionado de Seguros de PR v. Humana Health of PR

Saludos:

Los contratos solicitados son los mencionados en nuestra carta PP-611 del 5 de septiembre de 2012. Dichos contratos corresponden al plan de la Reforma de Salud.

Armanda Vázquez Martínez
**Analista Principal de Reclamaciones**
**Unidad de Pago Puntual**
**Oficina del Comisionado de Seguros**
avazquez@ocs.gobierno.pr
787-304-2308

NOTA SOBRE CONFIDENCIALIDAD: Esta comunicación contiene información que pertenece a la OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO, la cual es confidencial y/o privilegiada. La información es suministrada sólo para el uso del individuo o entidad arriba mencionado. Si usted no es la persona o entidad a quien se ha dirigido esta comunicación, por este medio le notificamos que la divulgación, reproducción, distribución o toma de acción a base del contenido de la información aquí suministrada está estrictamente prohibida. Si usted ha recibido esta comunicación por error, por favor elimínela de sus archivos inmediatamente y notifíquelo de inmediato.

CONFIDENTIALITY NOTE: This communication contains information belonging to the OFFICE OF THE COMMISSIONER OF INSURANCE OF PUERTO RICO which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your files and notify us immediately.

2

**To:** Armanda Vázquez Martínez
**Cc:** Janitza M. García Mari    , Yomaira Santiago; 'Mariela Santiago'
**Subject:** RE: Re: Comisionado de Seguros de PR v. Humana Health of PR

Saludos Armanda,

Estamos recopilando los contratos bajo Reforma también. Espero tenerlos
bien pronto y estaremos dando seguimiento para no atrasar el proceso.

Cualquier cosa, me dejan saber.

Gracias!

Herman G. Colberg

Pietrantoni Méndez & Alvarez LLC
Popular Center 19th Floor
208 Ponce de León Ave.
San Juan, PR 00918
Tel. (787)274-4907 Fax (787)274-1470
www.pmalaw.com

CONFIDENTIALITY NOTE: This electronic transmission contains information
belonging to Pietrantoni Méndez & Alvarez LLC, which is confidential or
legally privileged. If you are not the intended recipient, please
immediately advise the sender by reply e-mail or telephone that this
message has been inadvertently transmitted to you and delete this e-mail
from your system. If you have received this transmission in error, you are
hereby notified that any disclosure, copying, distribution or the taking of
any action in reliance on the contents of the information is strictly
prohibited.

**From:** Yomaira Santiago
**Sent:** Monday, December 17, 2012 5:24 PM
**To:** 'avazquez@ocs.gobierno.pr'
**Cc:** Janitza M. García Marrero; Herman Colberg
**Subject:** Re: Comisionado de Seguros de PR v. Humana Health of PR

Buenas Tardes:

Por instrucciones de la Lcda. J. García, adjunto Moción de Reconsideración y Solicitud de
Reseñalamiento de Vista, radicado en el día de hoy.

Muchas gracias y Felicidades,

Yomaira Santiago
Administrative Assistant

Pietrantoni Méndez & Alvarez LLC
Popular Center 19th Floor
208 Ponce de León Ave.
San Juan, PR 00918
Tel. (787)274-1212 Fax (787)274-1470

IRS Circular 230 Disclosures: To ensure compliance with requirements imposed by the IRS,
we inform you that any United States federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used, for the
purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promotions,
marketing, or recommending to another party any transaction or matter addressed herein.

3

we inform you that any United States federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promotions, marketing, or recommending to another party any transaction or matter addressed herein. IRS Circular 230 Disclosures: To ensure compliance with requirements imposed by the IRS, we inform you that any United States federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promotions, marketing, or recommending to another party any transaction or matter addressed herein.

IRS Circular 230 Disclosures: To ensure compliance with requirements imposed by the IRS, we inform you that any United States federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promotions, marketing, or recommending to another party any transaction or matter addressed herein.

4

## PIETRANTONI MENDEZ & ALVAREZ LLC
POPULAR CENTER 19TH FLOOR
208 PONCE DE LEON AVENUE
SAN JUAN, PUERTO RICO 00918

JANITZA M. GARCÍA MARRERO
WRITER'S DIRECT DIAL
(787) 274-4905

TEL: (787) 274-1212
FAX: (787) 274-1470
WWW.PMALAW.COM

RECIBIDO POR:_____

**DOCUMENTO CONFIDENCIAL**
**A LA MANO**

FECHA:_____HORA:_____

19 de diciembre de 2012

Sra. Armanda Vázquez Martínez
Analista Principal de Reclamaciones
Unidad de Pago Puntual
Oficina del Comisionado de Seguros
B5 Calle Tabonuco Suite 216
PMB 356
Guaynabo, PR 00968-3029

> Re:   Solicitud de Intervención Núm. PP-
> 10-12-02-001239; Asociación de
> Dueños de Laboratorios Clínicos
> Privados v.Humana Health Plans of
> Puerto Rico, Inc.

Estimada señora Vázquez:

En respuesta suplementaria al requerimiento número PP-611, mi cliente Humana Health Plans of Puerto Rico, Inc. ("Humana"), somete para la consideración de la Oficina del Comisionado de Seguros ("OCS") un (1) CD que contiene copia de los contratos solicitados para el Plan de Reforma de Salud del Gobierno de Puerto Rico que están disponibles al momento (38 contratos).

Se aclara que los siguientes contratos solicitados para el Plan de Reforma de Salud del Gobierno de Puerto Rico no surgen del sistema de Humana:

1.    Laboratorio Clínico Villa Blanca-Navarro
2.    Laboratorio Clínico Montellano, Inc.
3.    Laboratorio Clínico San Blas II
4.    Laboratorio Clínico San Blas III
5.    Laboratorio Clínico La 14
6.    Laboratorio Clínico La Providencia
7.    Laboratorio Clínico Ramírez, Inc.

PIETRANTONI MENDEZ & ALVAREZ LLC

DOCUMENTO CONFIDENCIAL
Sra. Armanda Vázquez Martínez
19 de diciembre de 2012
2

8.   Laboratorio Clínico Surmed Medical Center
9.   Laboratorio Clínico Colón III
10.  Tecnolab
11.  Laboratorio Clínico Guayanillense

Humana respetuosamente aclara que está produciendo los contratos objeto del Requerimiento de Información de la carta PP-611 sin renunciar a las reservas de derecho indicadas en la carta de la suscribiente de fecha de 6 de diciembre de 2012.

Cordialmente,

Janitza M. García Marrero

C:   Lcdo. Herman G. Colberg-Guerra

EXHIBIT 16

ESTADO LIBRE ASOCIADO DE PUERTO RICO
OFICINA DEL COMISIONADO DE SEGUROS

| | |
|---|---|
| COMISIONADO DE SEGUROS DE PUERTO RICO<br><br>v.<br><br>HUMANA HEALTH PLANS OF PUERTO RICO, INC. | CASO NUM. PP-2012-160<br><br>SOBRE:<br><br>Incumplimiento con el Requerimiento de Información del 5 de septiembre de 2012. Solicitud de Intervención 10-12-02-00139 |

## MOCIÓN EN CUMPLIMIENTO DE RESOLUCIÓN INTERLOCUTORIA SOBRE RESEÑALAMIENTO DE VISTA

A LA OFICINA DEL COMISIONADO DE SEGUROS:

COMPARECE Humana Health Plans of Puerto Rico, Inc. ("Humana") por conducto de su representación legal que suscribe y muy respetuosamente EXPONE Y SOLICITA:

1. El 17 de diciembre de 2012, Humana presentó una "Moción de Reconsideración y Solicitud de Reseñalamiento de Vista" ("Moción de Reconsideración"). En dicho escrito, Humana solicitó de este Honorable Foro que reconsiderara su Orden del 27 de noviembre de 2012, notificada por correo certificado el 28 de noviembre de 2012, y que reseñalara la vista pautada para el 21 de diciembre de 2012 para cualquiera de los días 31 de enero de 2013 y el 4 ó 5 de febrero de 2013 debido a un conflicto de calendario de la representación legal que suscribe.

2. Al día siguiente, el 18 de diciembre de 2012, la Oficina del Comisionado de Seguros ("OCS") emitió una Resolución Interlocutoria en la que ordenó a Humana a someter en el día de hoy evidencia de que el compromiso contraído por la representación legal de Humana es anterior al señalamiento objeto de la Orden del 27 de noviembre de 2012, notificada a las partes el 28 de noviembre de 2012.

3. En cumplimiento con lo ordenado por la OCS, respetuosamente se informa que el licenciado Herman Colberg estará representando a Humana en la vista objeto de la Orden antes mencionada. Su participación en dicha vista es crucial, pues este servidor ha ostentado la representación legal de Humana desde los inicios de la querella instada por la Asociación de Laboratorios, por lo que es el

117

abogado que más conocimiento tiene de los hechos de este caso. No obstante, para el 21 de diciembre de 2012, fue pautada una deposición en el caso <u>Rico Suárez v. AT&T Mobility of Puerto Rico, Inc</u>., Civil Núm. K AC 2012-0581, ante el Tribunal Superior de San Juan, en la cual el licenciado Herman Colberg ha sido citado como testigo. El acuerdo sobre la fecha de dicha deposición fue verbal, por lo que este abogado no cuenta con evidencia escrita de dicho señalamiento. No obstante, se informa que las partes en dicho caso habían discutido la toma de dicha deposición en esa fecha desde inicios del mes de noviembre de 2012. Además, se aclara que será prácticamente imposible recalendarizar dicha deposición para otra fecha, pues en ese caso está señalada una vista evidenciaria para el 9 de enero de 2013, por lo que el tiempo para llevar a cabo el descubrimiento de prueba en el caso mencionado es sumamente limitado. <u>Véase</u>, <u>Anejo A</u>.

4.      De otra parte, la licenciada Janitza García, quien ha estado asistiendo al licenciado Colberg en este caso, estará de vacaciones y fuera de sus labores de oficina el 21 de diciembre de 2012 con motivo la actividad de Navidad del centro de cuidado de su hija de 10 meses de nacida. <u>Véase</u>, evidencia de dicha actividad, <u>Anejo B</u>. Nótese que para el 28 de noviembre, fecha en que la licenciada García hizo el compromiso antes referido, aún no había recibido copia de la Orden con el señalamiento de vista para el 21 de diciembre de 2012. Dicha Orden fue notificada por la OCS el 28 de noviembre de 2012, por lo que no fue sino hasta el 29 de noviembre de 2012, que la representación legal de Humana advino en conocimiento de dicho señalamiento. <u>Véase,</u> acuse de recibo de la Orden, <u>Anejo C</u>.

5.      En vista de todo lo antes expuesto, Humana respetuosamente solicita que la OCS quede informada de lo antes expuesto, dé por cumplida su Resolución Interlocutoria del 18 de diciembre de 2012 y, por ende, reseñale la vista señalada para el 21 de diciembre de 2012 para cualquiera de las fechas alternas sugeridas en la Moción de Reconsideración de Humana.

POR TODO LO CUAL, Humana solicita de este Honorable Foro que quede informado de lo antes expuesto, dé por cumplida su Resolución Interlocutoria del 18 de diciembre de 2012 y, por ende, que reseñale

- 2 -

la vista pautada para el 21 de diciembre de 2012 para cualquiera de los días 31 de enero de 2013 y el 4 ó 5 de febrero de 2013.

RESPETUOSAMENTE SOMETIDA.

En San Juan, Puerto Rico, a 19 de diciembre de 2012.

CERTIFICO haber entregado este escrito a la Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, Guaynabo, PR 00968-3029; y enviado copia por correo electrónico a la Sra. Armanda Vázquez Martínez, Unidad de Pago Puntual, Oficina del Comisionado de Seguros de Puerto Rico, al avazquez@ocs.gobierno.pr.

PIETRANTONI MÉNDEZ & ALVAREZ LLC
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918
Tel: (787) 274-1212; Fax: 274-1470

Herman G. Colberg-Guerra
RÚA Núm. 11765
hcolberg@pmalaw.com

Janitza M. García Marrero
RÚA Núm. 15126
jgarcia@pmalaw.com

Caso                                                                **ANEJO A**

Fecha y hora de la consulta : 19/12/2012 - 10:25
Caso          K AC2012-0501
Demandante    RICO SUAREZ, MANUEL
Demandado     AT&T MOBILITY PUERTO RICO, INC.
Región        SAN JUAN
Tribunal      SUPERIOR
Asunto        CIVIL
Materia       ACCION CIVIL
Estatus       ACTIVO

| Información general | | Señalamientos | | Movimientos | | Notificaciones | | Documentos |
|---|---|---|---|---|---|---|---|---|

| | |
|---|---|
| Fecha | 09/01/2013 |
| Hora | 09:00 |
| Tipo | VISTA EVIDENCIARIA |
| Salón de sesiones | 0503 CIVIL CONTENCIOSO |
| Juez | LAUREANA PEREZ PEREZ |
| Fecha de la vista | |
| Resultado de la vista | |
| Fecha | 06/12/2012 |
| Hora | 09:00 |
| Tipo | VISTA DE EMBARGO |
| Salón de sesiones | 0503 CIVIL CONTENCIOSO |
| Juez | LAUREANA PEREZ PEREZ |
| Fecha de la vista | |
| Resultado de la vista | |
| Fecha | 29/10/2012 |
| Hora | 09:00 |
| Tipo | CONFERENCIA INICIAL |
| Salón de sesiones | 0503 CIVIL CONTENCIOSO |
| Juez | LAUREANA PEREZ PEREZ |
| Fecha de la vista | |
| Resultado de la vista | |

Nota: La información suministrada es solamente para fines de orientación y
no sustituye las comunicaciones oficiales del Tribunal General de Justicia.

Imprimir

**120**

**ANEJO B**

 Janitza Garcia

---

## Calendario de Diciembre
1 message

---

Wed, Nov 28, 2012 at 4:29 PM

Bcc: janitzagarcia

Saludos!

Oficialmente comenzó la Navidad! Felicidades!!  Adjunto enviamos el Calendario de Diciembre y la promoción de nuestra próxima actividad
        Christmas Party at the Park"

Xiomara Rodriguez

..

Exceculive Childcare. Gym and Learning Center

---

2 attachments

🗎 **Christmas Party at Park.pdf**
   213K

🗎 **Calendario December.pdf**
   139K

**121**



Estimados Padres:

Te invitamos a que nos acompañes junto a tu chiquito a celebrar la Navidad en nuestro:

### Christmas Party at the Park

¿Cuándo?  Viernes, 21 de diciembre de 2012

¿Horario?   10:00 am – 1:00 pm

¿Dónde?  Parque Luis Muñoz Rivera (Área de Juegos)

¿Aportación? $25.00*

* Habrá almuerzo para todos  y recibiremos la visita de Santa Claus…así que antes del 19 de diciembre trae un regalito (sencillo y módico) a                  para que los duendecitos lo guarden y Santa se lo entregue a tu chiquito(a) en la actividad…

Shhh es un secreto!!

2012 DEC 19 PM 2:47

EXHIBIT 7

*324. 491.*

*h*

EN LA OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO
Guaynabo, Puerto Rico

COMISIONADO DE SEGUROS DE
PUERTO RICO

VS

HUMANA HEALTH PLANS OF
PUERTO RICO, INC.

CASO NÚMERO: PP-2012-160

ASUNTO:     Incumplimiento     con     el
Requerimiento de Información del 5 de
septiembre de 2012.     Solicitud de
Intervención Núm. 10-12-02-00139

RECEIVED
DEC 2 0 2012
PMA

## RESOLUCIÓN INTERLOCUTORIA

Examinada la Moción de Reconsideración y Solicitud de Reseñalamiento de Vista presentada por la representación legal de Humana Health Plans of Puerto Rico, Inc., el 17 de diciembre de 2012, se le concede hasta mañana, 19 de diciembre de 2012, para que someta evidencia de que el compromiso referido fue contraído con anterioridad a la notificación del 27 de noviembre de 2012, señalando la vista.  Adviértase que el Artículo 2.200 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 252, dispone que el aviso de vista se emitirá y el procedimiento de vista se conducirá conforme a lo dispuesto en la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada.  A su vez, la Sección 3.12 de la Ley Núm. 170, supra, 3 L.P.R.A. sec. 2162, establece lo siguiente:

> "El funcionario que presida el procedimiento adjudicativo no podrá suspender una vista ya señalada, excepto que se solicite por escrito con expresión de las causas que justifican dicha suspensión. Dicha solicitud será sometida con cinco (5) días de anticipación a la fecha de dicha vista. La parte peticionaria deberá enviar copias de su solicitud a las demás partes e interventores en el procedimiento, dentro de los cinco (5) días señalados."

Una vez presentada la evidencia solicitada, se dispondrá sobre la solicitud de transferencia de vista.

NOTIFÍQUESE.

En Guaynabo, Puerto Rico, a   18   de diciembre de 2012.

ARELYS E. NIEVES PÉREZ
OFICIAL EXAMINADORA

**123**

**CERTIFICACIÓN:**

YO, AWILDA SANTOS BAEZ, Administradora de Sistemas de Oficina de la Oficina del Comisionado de Seguros de Puerto Rico, CERTIFICO que copia fiel y exacta del escrito que antecede, cuyo original debidamente firmado obra en los expedientes de esta Oficina, ha sido archivada en autos y enviada en el día de hoy, por correo regular y fax, a:

> Humana Health Plans of Puerto Rico, Inc.
> P/C Lcdo. Herman G. Colberg Guerra
> Lcda. Janitza M. García Marrero
> Pietrantoni Méndez & Alvarez LLC
> Banco Popular Center, Piso 19
> 208 Avenida Ponce de León
> San Juan, Puerto Rico 00918
> Fax: (787) 274-1470

y por correo interno a:

> Lcda. Ana María López Erquicia
> Subcomisionada de Seguros
> Oficina del Comisionado de Seguros

En Guaynabo, Puerto Rico, a  *18*  de diciembre de 2012.

AWILDA SANTOS BAEZ
ADMINISTRADORA DE SISTEMAS DE OFICINA

Gobierno de Puerto Rico
OFICINA DEL COMISIONADO DE SEGUROS
B5 Calle Tabonuco, Suite 216, PMB 356
Guaynabo, PR 00968-3029

00519S1000 0017

Humana Health Plans of Puerto Rico, Inc.
P/C Lcdo. Herman G. Colberg Guerra
Lcda. Janitza M. García Marrero
Pietrantoni Méndez & Alvarez LLC
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918



$ 00.45⁰

125

## Janitza M. García Marrero

| From: | Janitza M. García Marrero |
|---|---|
| Sent: | Friday, December 28, 2012 3:17 PM |
| To: | Armanda Vázquez Martinez |
| Cc: | Herman Colberg |
| Subject: | RE: Comisionado de Seguros de PR v. Humana Health of PR |
| Attachments: | Carta Sra. Armanda Vázquez Martínez.pdf |

Estimada Armanda:

Saludos y muchas felicidades.

Le incluyo comunicación relacionada con el asunto de referencia.

Cordialmente,


Janitza M. García Marrero

Pietrantoni Méndez & Alvarez LLC
Popular Center 19th Floor
208 Ponce de León Ave.
San Juan, PR 00918
Tel. (787) 274-4905 Fax. (787) 274-1470
www.pmalaw.com
CONFIDENTIALITY NOTE: This electronic transmission contains information belonging to Pietrantoni Méndez & Alvarez LLC, which is confidential or legally privileged If you are not the intended recipient, please immediately advise the sender by reply e-mail or telephone that this message has been inadvertently transmitted to you and delete this e-mail from your system. If you have received this transmission in error, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited.

**From:** Herman Colberg
**Sent:** Tuesday, December 18, 2012 5:09 PM
**To:** Herman Colberg; Armanda Vázquez Martínez
**Cc:** Yomaira Santiago; Doris E. Diaz Díaz ; Rosana Benitez Perales; Janitza M. García Marrero
**Subject:** RE: Comisionado de Seguros de PR v. Humana Health of PR

Saludos Armanda,

Mañana mismo vamos a producir los contratos de Reforma. Gracias!


Herman G. Colberg

Pietrantoni Méndez & Alvarez LLC
Popular Center 19th Floor
208 Ponce de León Ave.
San Juan, PR 00918
Tel. (787)274-4907 Fax (787)274-1470
www.pmalaw.com

CONFIDENTIALITY NOTE: This electronic transmission contains information belonging to Pietrantoni Méndez & Alvarez LLC, which is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail or telephone that this message has been inadvertently transmitted to you and delete this e-mail from your system. If you have received this transmission in error, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited.

**From:** Herman Colberg
**Sent:** Tuesday, December 18, 2012 12:10 PM
**To:** Armanda Vázquez Martínez
**Cc:** Yomaira Santiago; Doris E. Diaz Díaz
**Subject:** Re: Comisionado de Seguros de PR v. Humana Health of PR

Gracias Armanda. Ya hemos recopilado cerca de la mitad.  Voy a confirmar en Humana y le dejo saber. Gracias

Herman G. Colberg

Pietrantoni Méndez & Alvarez LLC
Popular Center 19th Floor
208 Ponce de León Ave.
San Juan, PR 00918
Tel. (787)274-4907 Fax (787)274-1470
www.pmalaw.com

CONFIDENTIALITY NOTE: This electronic transmission contains information belonging to Pietrantoni Méndez & Alvarez LLC, which is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail or telephone that this message has been inadvertently transmitted to you and delete this e-mail from your system. If you have received this transmission in error, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited.

On Dec 18, 2012, at 11:17 AM, "Armanda Vázquez Martínez" <avazquez@ocs.gobierno.pr> wrote:

Saludos,

Con relación a los contratos del Plan de Salud de la Reforma, necesitamos que nos informe, cuál sería el tiempo mínimo en el cual sometería dicha información, para nosotros poder considerar la aprobación del mismo.

Cordialmente,

Armanda Vázquez Martínez
Analista Principal de Reclamaciones
Unidad de Pago Puntual
Oficina del Comisionado de Seguros
avazquez@ocs.gobierno.pr
787-304-2308

NOTA SOBRE CONFIDENCIALIDAD: Esta comunicación contiene información que pertenece a la OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO, la cual es confidencial y/o privilegiada. La información es suministrada sólo para el uso del individuo o entidad arriba mencionado. Si usted no es la persona o entidad a quien se ha dirigido esta comunicación, por este medio le notificamos que la divulgación, reproducción, distribución o toma de acción a base del contenido de la información aquí suministrada está estrictamente prohibida. Si usted ha recibido esta comunicación por error, por favor elimínela de sus archivos inmediatamente y notifíquelo de inmediato.

CONFIDENTIALITY NOTE: This communication contains information belonging to the OFFICE OF THE COMMISSIONER OF INSURANCE OF PUERTO RICO which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your files and notify us immediately.

**From:** Armanda Vázquez Martínez
**Sent:** martes, 18 de diciembre de 2012 09:08 a.m.
**To:** 'Herman Colberg'

**Cc:** Janitza M. García Marrero; Yomaira Santiago; 'Mariela Santiago'; Antonio Quinones Rivera
**Subject:** RE: Re: Comisionado de Seguros de PR v. Humana Health of PR

Saludos:

Los contratos solicitados son los mencionados en nuestra carta PP-611 del 5 de septiembre de 2012. Dichos contratos corresponden al plan de la Reforma de Salud.

Armanda Vázquez Martínez
Analista Principal de Reclamaciones
Unidad de Pago Puntual
Oficina del Comisionado de Seguros
avazquez@ocs.gobierno.pr
787-304-2308

NOTA SOBRE CONFIDENCIALIDAD: Esta comunicación contiene información que pertenece a la OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO, la cual es confidencial y/o privilegiada. La información es suministrada sólo para el uso del individuo o entidad arriba mencionado. Si usted no es la persona o entidad a quien se ha dirigido esta comunicación, por este medio le notificamos que la divulgación, reproducción, distribución o toma de acción a base del contenido de la información aquí suministrada está estrictamente prohibida. Si usted ha recibido esta comunicación por error, por favor elimínela de sus archivos inmediatamente y notifíquelo de inmediato.

CONFIDENTIALITY NOTE: This communication contains information belonging to the OFFICE OF THE COMMISSIONER OF INSURANCE OF PUERTO RICO which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of said information is strictly prohibited. If you have received this communication by error, please delete it from your files and notify us immediately.

**From:** Herman Colberg [mailto:HColberg@pmalaw.com]
**Sent:** lunes, 17 de diciembre de 2012 05:27 p.m.
**To:** Armanda Vázquez Martínez
**Cc:** Janitza M. García Marrero; Yomaira Santiago; 'Mariela Santiago'
**Subject:** RE: Re: Comisionado de Seguros de PR v. Humana Health of PR

Saludos Armanda,

Estamos recopilando los contratos bajo Reforma también. Espero tenerlos bien pronto y estaremos dando seguimiento para no atrasar el proceso.

Cualquier cosa, me dejan saber.

Gracias!

Herman G. Colberg

Pietrantoni Méndez & Alvarez LLC
Popular Center 19th Floor
208 Ponce de León Ave.
San Juan, PR 00918
Tel. (787)274-4907 Fax (787)274-1470
www.pmalaw.com

CONFIDENTIALITY NOTE: This electronic transmission contains information belonging to Pietrantoni Méndez & Alvarez LLC, which is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail or telephone that this message has been inadvertently transmitted to you and delete this e-mail from your system. If you have received this transmission in error, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited.

**From:** Yomaira Santiago
**Sent:** Monday, December 17, 2012 5:24 PM
**To:** 'avazquez@ocs.gobierno.pr'
**Cc:** Janitza M. García Marrero; Herman Colberg
**Subject:** Re: Comisionado de Seguros de PR v. Humana Health of PR

Buenas Tardes:

Por instrucciones de la Lcda. J. García, adjunto Moción de Reconsideración y Solicitud de Reseñalamiento de Vista, radicado en el día de hoy.

Muchas gracias y Felicidades,

Yomaira Santiago
Administrative Assistant

Pietrantoni Méndez & Alvarez LLC
Popular Center 19th Floor
208 Ponce de León Ave.
San Juan, PR 00918
Tel. (787)274-1212 Fax (787)274-1470

IRS Circular 230 Disclosures: To ensure compliance with requirements imposed by the IRS, we inform you that any United States federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promotions, marketing, or recommending to another party any transaction or matter addressed herein. IRS Circular 230 Disclosures: To ensure compliance with requirements imposed by the IRS, we inform you that any United States federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promotions, marketing, or recommending to another party any transaction or matter addressed herein. IRS Circular 230 Disclosures: To ensure compliance with requirements imposed by the IRS, we inform you that any United States federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promotions, marketing, or recommending to another party any transaction or matter addressed herein.

IRS Circular 230 Disclosures: To ensure compliance with requirements imposed by the IRS, we inform you that any United States federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promotions, marketing, or recommending to another party any transaction or matter addressed herein.

**PIETRANTONI MENDEZ & ALVAREZ LLC**
POPULAR CENTER 19TH FLOOR
208 PONCE DE LEON AVENUE
SAN JUAN, PUERTO RICO 00918

JANITZA M. GARCÍA MARRERO
WRITER'S DIRECT DIAL
(787) 274-4905

TEL: (787) 274-1212
FAX: (787) 274-1470
WWW.PMALAW.COM

<u>**DOCUMENTO CONFIDENCIAL**</u>
<u>**POR CORREO ELECTRÓNICO**</u>

28 de diciembre de 2012

Sra. Armanda Vázquez Martínez
Analista Principal de Reclamaciones
Unidad de Pago Puntual
Oficina del Comisionado de Seguros
B5 Calle Tabonuco Suite 216
PMB 356
Guaynabo, PR 00968-3029

> Re: **Solicitud de Intervención Núm. PP-10-12-02-001239; Asociación de Dueños de Laboratorios Clínicos Privados v.Humana Health Plans of Puerto Rico, Inc.**

Estimada señora Vázquez:

Con el propósito de aclarar la respuesta suplementaria de mi cliente Humana Health Plans of Puerto Rico, Inc. ("Humana") al requerimiento número PP-611, a continuación le proveo información adicional sobre los once (11) contratos que no fueron sometidos a la Oficina del Comisionado de Seguros el pasado 19 de diciembre de 2012.

Los siguientes laboratorios objeto del requerimiento número PP-611 no son proveedores de Humana. Por ende, no existen contratos responsivos a la solicitud.

> 1. Laboratorio Clínico Villa Blanca-Navarro
> 2. Laboratorio Clínico Surmed Medical Center
> 3. Laboratorio Clínico Colón III

En adición, los siguientes proveedores no suscribieron contrato con Humana para el Plan de Reforma de Salud del Gobierno de Puerto Rico. Éstos sí tienen contratos suscritos

PIETRANTONI MENDEZ & ALVAREZ LLC

DOCUMENTO CONFIDENCIAL
Sra. Armanda Vázquez Martínez
28 de diciembre de 2012
2

para el Programa Mi Salud, los cuales se proveyeron el 6 de
diciembre de 2012. Por ende, no existen los contratos
solicitados para las siguientes entidades:

1. Laboratorio Clínico Montellano, Inc.
2. Laboratorio Clínico San Blas II
3. Laboratorio Clínico San Blas III
4. Laboratorio Clínico Guayanillense
5. Laboratorio Clínico La 14
6. Laboratorio Clínico La Providencia
7. Laboratorio Clínico Ramírez, Inc.
8. Tecnolab

De necesitar información adicional sobre este asunto, no
dude en comunicarse con el licenciado Herman Colberg-Guerra o
con esta servidora.

Cordialmente,

Janitza M. García Marrero

C:   Lcdo. Herman G. Colberg-Guerra

EXHIBIT 19

EN LA OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO
Guaynabo, Puerto Rico

| | |
|---|---|
| COMISIONADO DE SEGUROS DE PUERTO RICO<br><br>VS<br><br>HUMANA HEALTH PLANS OF PUERTO RICO, INC. | CASO NÚMERO: PP-2012-160<br><br>ASUNTO: Incumplimiento con el Requerimiento de Información del 5 de septiembre de 2012. Solicitud de Intervención Núm. 10-12-02-00139 |

RECEIVED
FEB 25 2013
PMA

## RESOLUCIÓN INTERLOCUTORIA

En atención a la solicitud presentada por las partes de epígrafe el 4 de febrero de 2013, día señalado para la vista administrativa, se concedió hasta el 14 de febrero de 2013, para la presentación de una Estipulación. Transcurrido el término concedido sin que obre en el expediente administrativo la Estipulación anunciada, ni escrito alguno al respecto, se concede a las partes hasta el 28 de febrero de 2013, para la presentación de los acuerdos alcanzados.

En caso de que las partes incumplan con lo antes dispuesto, se celebrará la vista administrativa el 1 de marzo de 2013, a las 8:30 a.m., en el mismo lugar indicado anteriormente.

NOTIFÍQUESE.

En Guaynabo, Puerto Rico, a 22 febrero de 2013.

ARELYS E. NIEVES PÉREZ
OFICIAL EXAMINADORA

CERTIFICACIÓN:

YO, AWILDA SANTOS BÁEZ, Administradora de Sistemas de Oficina de la Oficina del Comisionado de Seguros de Puerto Rico, CERTIFICO que copia fiel y exacta del escrito que antecede, cuyo original debidamente firmado obra en los expedientes de esta Oficina, ha sido archivada en autos y enviada en el día de hoy, por correo regular y fax, a:

2

Humana Health Plans of Puerto Rico, Inc.
P/C Ledo. Herman G. Colberg Guerra
Lcda. Janitza M. García Marrero
Pietrantoni Méndez & Alvarez LLC
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918
Fax: (787) 274-1470

y por correo interno a:

División de Asuntos Legales
Oficina del Comisionado de Seguros

En Guaynabo, Puerto Rico, a 2 2 de febrero de 2013.

AWILDA SANTOS BÁEZ
ADMINISTRADORA DE SISTEMAS DE OFICINA

Gobierno de Puerto Rico
**OFICINA DEL COMISIONADO DE SEGUROS**
B5 Calle Tabonuco, Suite 216, PMB 356
Guaynabo, PR  00968-3029



Humana Health Plans of Puerto Rico, Inc.
P/C Lcdo. Herman G. Colberg Guerra
Lcda. Janitza M. García Marrero
Pietrantoni Méndez & Alvarez LLC
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918

**134**

EXHIBIT 20

EN LA OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO
Guaynabo, Puerto Rico

| | |
|---|---|
| COMISIONADO DE SEGUROS DE PUERTO RICO | CASO NÚM.: PP-2012-160 |
| | ASUNTO: Incumplimiento con Requerimiento de Información de 5 de septiembre de 2012. Solicitud de Intervención Núm. 10-12-02-00139 |
| **VS** | |
| HUMANA HEALTH PLANS OF PUERTO RICO, INC. | |

## ESTIPULACIÓN

A LA OFICIAL EXAMINADORA:

Comparecen las partes del caso de epígrafe, por conducto de sus respectivos representantes legales, y respetuosamente, someten la siguiente Estipulación:

### PREÁMBULO

1. El 27 de noviembre de 2012, la Oficina del Comisionado de Seguros de Puerto Rico, en adelante "la OCS", expidió una Orden, en la cual se le impuso una multa administrativa de mil dólares ($1,000.00) a Humana Health Plans of Puerto Rico, Inc., en adelante "la Organización", por haber incurrido en violación al Artículo 2.130(1) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 245(1), al no haber contestado, dentro del término concedido para ello, un Requerimiento de Información de 5 de septiembre de 2012.

2. A raíz de la expedición de la Orden objeto del caso de epígrafe, la Organización ha manifestado su interés en resolver los pormenores de la referida Orden, de la manera más ágil, eficiente y cooperadora.

3. La Organización, así como la OCS, en aras de dar por concluido el presente procedimiento y de no incurrir en gastos adicionales al mismo, han decidido llegar al siguiente:



2013 FEB 27 AM 11: 10

## ACUERDO

4. La Organización reconoce y no objeta los señalamientos que surgen de la Orden de 27 de noviembre de 2012. Sin embargo, la Organización plantea que en ningún momento fue su intención incumplir con sus obligaciones para con la OCS, sino que, por recomendación de su representante legal, ésta procedió a impugnar la investigación de la OCS, con arreglo a lo dispuesto en la Regla 1-A del Reglamento del Código de Seguros de Puerto Rico.

5. Por otra parte, la Organización proveyó toda la información que se le requiriese mediante el Requerimiento de Información de 5 de septiembre de 2012, y así fue constatado por la Unidad de Pago Puntual de la OCS.

6. La Organización se compromete a evitar que situaciones como las del caso de epígrafe sean susceptibles de repetición.

7. Habida cuenta de la aceptación y del compromiso de la Organización de tomar las medidas necesarias para evitar situaciones similares en el futuro, la Comisionada de Seguros de Puerto Rico acepta reducir la cuantía de la multa administrativa impuesta en la Orden objeto de este caso a quinientos dólares ($500.00), pagaderos al momento de la firma de este documento.

8. La Organización acepta la modificación de la multa impuesta, según expuesto en este acuerdo, bajo apercibimiento de que un subsiguiente incumplimiento podría conllevar sanciones ulteriores.

9. De esta manera, ambas partes dan por terminada la presente controversia y expresan que la misma dispone de este caso en forma final, firme e inapelable, ya que la Organización renuncia a su derecho a solicitar reconsideración o revisión judicial sobre el asunto que dio margen a la Orden de 27 de noviembre de 2012.

POR TODO LO CUAL, se solicita respetuosamente a este Honorable Foro que tome conocimiento del acuerdo habido entre las partes y proceda a emitir Resolución, mediante la cual se ordene el cierre y archivo del caso de epígrafe.

3

En Guaynabo, Puerto Rico, a 21 de febrero de 2013.

Lcdo. Herman Colberg - Guerra
Representante Legal de
Humana Health Plans of Puerto Rico, Inc.
Pietrantoni Méndez & Álvarez LLP
Popular Center 19th Floor
209 Muñoz Rivera Ave.
Hato Rey, PR 00918
Tel (787) 274-1212
Fax (787) 274-1470

Lcdo. Antonio Quiñones Rivera
División de Asuntos Legales
Oficina del Comisionado de Seguros de
Puerto Rico
B-5 Calle Tabonuco Suite 216 PMB-356
Guaynabo, Puerto Rico  00968-3029
Tel. 787-304-8686  Ext. 3100

**HUMANA.**
P.O. Box 740083
Louisville, KY 40202

WACHOVIA
North Carolina

66-144
531

**0012268194**

DATE  25-FEB-13

$***** 500.00

*VOID IF NOT PRINTED WITH BLUE BACKGROUND*     VOID IF NOT CASHED IN 180 DAYS

Five Hundred Dollars And 00 Cents*********************************

PAY TO THE
ORDER OF

SECRETARIO DE HACIENDA
383 FD ROOSEVELT AVE

SAN JUAN  PR  00918-2131

AGENT OF THE CORPORATION

AGENT OF THE CORPORATION

⑈0012268194⑈ ⑆053101561⑆ 207990013797⑈6⑈

| IF TOLL-FREE NUMBER NOT PROVIDED IN DESCRIPTION ABOVE, DIRECT INQUIRIES TO- | HUMANA INC 321 WEST MAIN STREET LOUISVILLE, KY 40202 502-710-4127 | TO LI PAYEE | SECRETARIO DE HACIENDA SAN JUAN PR 00918-2131 | CHECK NO DATE CHECK AMT. | 0012268194 25-FEB-13 $500.00 |

| INVOICE NUMBER | INVOICE DATE | GROSS AMOUNT | DISCOUNT AMOUNT | NET AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| Caso PP-2012-160 Compensacion de Seguro PR Tr | 19 FEB 13 | 500.00 | 0.00 | 500.00 | |

| TOTAL | | | | 500.00 | |

BNK 1 - Humana Inc
Wachovia-25-FEB-2013 07 59 19    1018763

62 - 1 SHAP

Estado Libre Asociado de Puerto Rico

Modelo 3C 1036(3AIR)        OFICINA DEL COMISIONADO DE SEGUROS

18 Mar 96                         Recibo Oficial

Fecha de Recibo:        27-Feb-2013              Recibo Número: 2013009719
Cifra de Depositante:   1454                     Año Económico:         1998
Número de Recaudador:   454    JAIME D. ADORNO CANALES    Sector Económico:    11

Información de Recibo

| Recibí De | Concepto | Importe | Valor Recibido |
|-----------|----------|---------|----------------|
| HUMANA | MULTA PE-2012-160 | $ 500.00 | 12255194 |
| | Total de Recibo: | $ 500.00 | |

_____
Oficial Recaudador

EN LA OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO
Guaynabo, Puerto Rico

| | |
|---|---|
| COMISIONADO DE SEGUROS DE PUERTO RICO<br><br><br>VS<br><br><br>HUMANA HEALTH PLANS OF PUERTO RICO, INC. | CASO NÚMERO: PP-2012-160<br><br>ASUNTO: Incumplimiento con el Requerimiento de Información del 5 de septiembre de 2012. Solicitud de Intervención Núm. 10-12-02-00139 |

RECEIVED
MAR 0 7 2013
PMA

## RESOLUCIÓN

El 27 de noviembre de 2012, la Oficina del Comisionado de Seguros de Puerto Rico, en adelante "la OCS", emitió una Orden contra Humana Health Plans of Puerto Rico, Inc., en adelante "la Organización", imputándole haber incumplido con un Requerimiento de Información de 5 de septiembre de 2012, e incurrido en violación del Artículo 2.130(1) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 245(1), por lo que le impuso una multa administrativa de $10,0000 [sic]. Además, le ordenó someter la información requerida en un término improrrogable de cinco (5) días y le advirtió que, de no presentar la información dentro del referido término, debía comparecer a una vista administrativa, el 21 de diciembre de 2012, a los fines de mostrar causa por la cual no se le debía suspender o revocar su certificado de autoridad. Se le apercibió, además, de su derecho a comparecer a la vista asistida de abogado y a traer consigo toda la evidencia que considerase necesaria para sostener sus alegaciones.

El 17 de diciembre de 2012, la Organización presentó una Moción de Reconsideración y Solicitud de Reseñalamiento de Vista, en atención a lo cual se transfirió la vista para el 4 de febrero de 2013.

El día de la vista, las partes informaron que estaban en conversaciones para un posible acuerdo por lo que solicitaron, y se concedió, hasta el 14 de febrero de 2013, para la presentación de un escrito de Estipulación.

2

Transcurrido el término concedido sin que en el expediente administrativo obrase el escrito de estipulación anunciado, ni escrito alguno al respecto, mediante Resolución Interlocutoria de 22 de febrero de 2013, se concedió a las partes hasta el 28 de febrero de 2013, para la presentación de los acuerdos alcanzados. Se advirtió que, en caso de incumplir con lo ordenado, se celebraría la vista administrativa el 1 de marzo de 2013.

El 27 de febrero de 2013, las partes presentaron un escrito de Estipulación, mediante el cual informaron que, en aras de dar por concluido el presente caso y no incurrir en gastos adicionales, habían determinado llegar a los siguientes acuerdos:

"4. La Organización reconoce y no objeta los señalamientos que surgen de la Orden de 27 de noviembre de 2012. Sin embargo, la Organización plantea que en ningún momento fue su intención incumplir con sus obligaciones para con la OCS, sino que, por recomendación de su representante legal, ésta procedió a impugnar la investigación de la OCS, con arreglo a lo dispuesto en la Regla 1-A del Reglamento del Código de Seguros de Puerto Rico.

5. Por otra parte, la Organización proveyó toda la información que se le requiriese mediante el Requerimiento de Información de 5 de septiembre de 2012, y así fue constatado por la Unidad de Pago Puntual de la OCS.

6. La Organización se compromete a evitar que situaciones como las del caso de epígrafe sean susceptibles de repetición.

7. Habida cuenta de la aceptación y del compromiso de la Organización de tomar las medidas necesarias para evitar situaciones similares en el futuro, la Comisionada de Seguros de Puerto Rico acepta reducir la cuantía de la multa administrativa impuesta en la Orden objeto de este caso a quinientos dólares ($500.00), pagaderos al momento de la firma de este documento.

8. La Organización acepta la modificación de la multa impuesta, según expuesto en este acuerdo, bajo apercibimiento de que un subsiguiente incumplimiento podría conllevar sanciones ulteriores.

9. De esta manera, ambas partes dan por terminada la presente controversia y expresan que la misma dispone de este caso en forma final, firme e inapelable, ya que la Organización renuncia a su derecho a solicitar reconsideración o revisión judicial sobre el asunto que dio margen a la Orden de 27 de noviembre de 2012."

Las partes sometieron, junto con la Estipulación, evidencia del pago efectuado por la Organización al Secretario de Hacienda por la cantidad de $500.00, en concepto de la multa administrativa impuesta. Las partes, además, solicitaron el cierre y archivo del caso.

3

Examinada la Estipulación presentada, y luego de determinar que la misma sirve al mejor interés público, se le imparte nuestra aprobación.

## DECISIÓN

En mérito de lo antes expuesto, YO, ÁNGELA WEYNE ROIG, Comisionada de Seguros de Puerto Rico, en virtud de los poderes y facultades que me confiere el Código de Seguros de Puerto Rico, ORDENO el CIERRE y ARCHIVO del caso de epígrafe.

Asimismo, APERCIBO a la Organización que, en lo sucesivo, deberá dar estricto cumplimiento a las disposiciones del Código de Seguros de Puerto Rico.

NOTIFIQUESE.

En Guaynabo, Puerto Rico, a    6   de marzo de 2013.

ÁNGELA WEYNE ROIG
COMISIONADA DE SEGUROS

CERTIFICACIÓN:

YO, AWILDA SANTOS BÁEZ, Administradora de Sistemas de Oficina de la Oficina del Comisionado de Seguros de Puerto Rico, CERTIFICO que copia fiel y exacta del escrito que antecede, cuyo original debidamente firmado obra en los expedientes de esta Oficina, ha sido archivada en autos y enviada en el día de hoy, por correo certificado con acuse de recibo, a:

Sr. Earl Harper
Presidente
Humana Health Plans of Puerto Rico, Inc.
Avenida F.D. Roosevelt 383
San Juan, Puerto Rico 00918-2131

Ledo. Herman G. Colberg Guerra
Leda. Janitza M. García Marrero
Pietrantoni Méndez & Álvarez LLC
Banco Popular Center, Piso 19
San Juan, Puerto Rico 00918

y por correo interno a:

Leda. Frances Cifuentes Gómez
Directora
División de Asuntos Legales
Oficina del Comisionado de Seguros

**143**

4

En Guaynabo, Puerto Rico, a    6    de marzo de 2013.

AWILDA SANTOS BAEZ
ADMINISTRADORA DE SISTEMAS DE OFICINA

Gobierno de Puerto Rico
OFICINA DEL COMISIONADO DE SEGUROS
B5 Calle Tabonuco, Suite 216, PMB 356
Guaynabo, PR 00968-3029





RECEIVED
MAR 07 2013
PMA

324.49!

CERTIFICADA CON ACUSE DE RECIBO



**CERTIFIED MAIL**™

Lcdo. Herman G. Colberg Guerra
Lcda. Janitza M. García Marrero
Pietrantoni Méndez & Álvarez LLC
Banco Popular Center, Piso 19
San Juan, Puerto Rico 00918

7011 3500 0002 5490 6586

00918$1010 C017

EXHIBIT 22

EN LA OFICINA DEL COMISIONADO DE SEGUROS DE PUERTO RICO
Guaynabo, Puerto Rico

| | |
|---|---|
| COMISIONADO DE SEGUROS DE PUERTO RICO<br><br><br>VS<br><br><br>HUMANA HEALTH PLAN OF PUERTO RICO, INC | CASO NÚM.: PP-2013-29<br><br>ASUNTO: Violación al Artículo 30.050 del Código de Seguros de Puerto Rico 26 L.P.R.A., sec. 3004; Solicitud de Intervención presentada por la Asociación de Dueños de Laboratorios Clínicos Privados; PP-10-12-02-00139 |

## ORDEN

**POR CUANTO,** Humana Health Plan of Puerto Rico, Inc., en adelante denominada "la Organización", es una organización de servicios de salud debidamente autorizada por la Oficina del Comisionado de Seguros de Puerto Rico, en adelante denominada "la OCS", para ofrecer planes de cuidado de salud en esta jurisdicción.

**POR CUANTO,** mediante solicitud de intervención presentada el 16 de agosto de 2010, la Asociación de Dueños de Laboratorios Clínicos Privados, en adelante denominado "el Proveedor", solicitó la intervención de la OCS para que investigáramos una alegada reducción unilateral en sus tarifas, anunciada mediante carta circular C-P-03-10 con fecha de 1 de abril de 2010, con efectividad al 1 de julio de 2010, por parte de la Organización.

**POR CUANTO,** de la información presentada por las partes durante la investigación realizada por la OCS, se desprende lo siguiente:

1. Mediante carta certificada del 7 de mayo de 2010, el Proveedor presentó una querella ante el Comité de Querellas de la Organización, denunciando una reducción unilateral de tarifas anunciada por la Organización, mediante carta circular C-P-03-10 con fecha de 1 de abril de 2010, con efectividad al 1 de julio de 2010.

2. El 25 de mayo de 2010, la Organización contestó la querella radicada por el Proveedor indicando que no anularía las referidas reducciones debido a que

2

fueron notificadas conforme al contrato firmado entre las partes. Además, indicó que nunca se negó o dejó de pagar las reclamaciones por servicios prestados.

3. De la información recopilada por la OCS se encontró que las tarifas de los laboratorios forman parte del contrato de servicios entre las partes, por lo que un cambio en las mismas, representaba una enmienda al contrato. En este caso, en la medida en que la enmienda proviene únicamente de parte de la Organización, el cambio en las tarifas constituye una enmienda unilateral al contrato de servicios entre las partes, y la misma no podía implantarse dentro de la vigencia de dicho contrato. Dicho de otra forma, la Organización sólo podía renegociar sus tarifas, en la fecha de renovación del contrato con el Proveedor.

4. Para continuar con la investigación, mediante carta PP-611 del 5 de septiembre de 2012, la OCS le requirió a la Organización que sometiera copia de los contratos firmados entre las partes, para el Plan de Salud del Gobierno de Puerto Rico y las tarifas de laboratorios contratadas, así como también se requirió la contestación a la querella radicada por el Proveedor ante la Organización, el 7 de mayo de 2010.

5. El 15 de octubre de 2012, mediante Impugnación de Solicitud de Investigación, la Organización impugnó la validez y procedencia de la investigación de la OCS relacionada con la Querella del Proveedor. Argumentó la Organización, que la OCS no tiene jurisdicción para atender la Querella presentada por la Asociación de Dueños de Laboratorios Clínicos Privados (la Asociación) debido a que la Asociación carece de legitimación activa para instar la Querella en representación de los intereses de sus miembros y, si la tuviera, las alegaciones de la Querella no establecen una violación a la Ley de Pago Puntual. También indicó que los contratos firmados por el Proveedor y la Organización constituyen información confidencial y/o secretos de negocio, protegidos contra divulgación a terceros; y que el Proveedor cuenta con dichos contratos y éstos nunca han reclamado violación a la Ley de Pago Puntual. Basada en estos argumentos, la Organización solicitó se dejara sin efecto el requerimiento de la OCS.

3

6. El 27 de noviembre de 2012, la OCS emitió la Orden PP-2012-160 contra la Organización, por Incumplimiento con el requerimiento de información del 5 de septiembre de 2012. En dicha Orden, la OCS le ordenó a la Organización someter la información solicitada en el requerimiento en un término improrrogable de cinco (5) días, a partir de la fecha de dicha Orden.

7. De los cincuenta y tres (53) Laboratorios incluidos en la querella que radicó el 7 de mayo de 2010 ante la Organización el Proveedor, sólo los siguientes tenían contrato con la Organización para el Plan de Salud de la Reforma del Gobierno de Puerto Rico:

| Nombre | Número de Licencia | Localización | Fecha del Contrato |
|---|---|---|---|
| Laboratorio Clínico Rolimar | 877 | Aibonito | 12/4/00 |
| Laboratorio Clínico Rolimar-Rivera, Inc. | 424 | Aibonito | 16/4/07 |
| Laboratorio Clínico Villa Blanca | 530 | Caguas | 17/8/99 |
| Laboratorio Clínico López Rivera | 292 | Cayey | 8/2/02 |
| Laboratorio Clínico Montellano, Inc. | 958 | Cayey | 5/5/99 |
| Laboratorio Clínico Instituto Central | 1046 | Cidra | 6/11/02 |
| Laboratorio Clínico Coamo | 414 | Coamo | 10/12/02 |
| Laboratorio Clínico San Blas I | 691 | Coamo | 1/3/96 |
| Laboratorio Clínico Almacigo | 1031 | Coto Laurel | 22/8/01 |
| Laboratorio Clínico Coto Laurel | 834 | Coto Laurel | 27/1/03 |
| Laboratorio Clínico Del Sur | 290 | Coto Laurel | 28/10/99 |
| Laboratorio Clínico Ponceño | 1177 | Coto Lurel | 7/1/09 |
| Laboratorio Clínico Guayama | 378 | Guayama | 1/4/97 |
| Laboratorio Clínico Melania | 988 | Guayama | 9/11/99 |
| Laboratorio Clínico Plaza Guayama | 898 | Guayama | 1/4/97 |
| Laboratorio Clínico Rivera Gonzalez II | 491 | Gurabo | 22/01/02 |
| Laboratorio Clínico Manued | 86 | Humacao | 24/2/09 |
| Laboratorio Clínico Oriental | 779 | Humacao | 8/2/02 |
| Laboratorio Clínico Licer | 485 | Juncos | 8/2/02 |
| Laboratorio Clínico Carmar | 451 | Juncos | 2/2/00 |
| Laboratorio Clínico Valenciano I | 1047 | Juncos | 21/6/02 |
| Laboratorio Clínico Valenciano II | 1134 | Juncos | 16/10/07 |
| Laboratorio Clínico y Bacteriológico Licer | 1035 | Juncos | 8/2/02 |
| Laboratorio Clínico April Gardens | 885 | Las Piedras | 15/1/05 |
| Laboratorio Clínico Del Este | 515 | Las Piedras | 7/7/07 |
| Laboratorio Clínico Rodriguez | 668 | Las Piedras | 3/1/02 |
| Laboratorio Clínico Medina | 647 | Naguabo | 9/1/02 |
| Laboratorio Clínico Bacteriológico Génesis | 895 | Patillas | 11/3/97 |
| Laboratorio Clínico Sonia Sepúlveda | 347 | Peñuelas | 13/8/09 |
| Laboratorio Clínico Romi | 825 | Ponce | 2/9/99 |
| Laboratorio Clínico Williams | 704 | Ponce | 23/5/96 |
| Laboratorio Clínico El Coco | 1008 | Salinas | 12/7/00 |
| Laboratorio Clínico Salimar | 518 | Salinas | 4/3/97 |
| Laboratorio Clínico Plaza Oasis | 1067 | Santa Isabel | 30/6/03 |
| Laboratorio Clínico Alfeciza | 667 | Villalba | 18/12/95 |

4

| Laboratorio Clínico Tierra Santa, Inc. | 1021 | Villalba | 14/4/01 |
| Laboratorio Clínico Cima II | 900 | Yabucoa | 14/10/08 |
| Laboratorio Clínico Cima IV | 270 | Yabucoa | 14/10/08 |
| Laboratorio Clínico Colón | 216 | Yabucoa | 15/5/07 |
| Laboratorio Clínico Colón II | 569 | Yabucoa | 15/5/07 |
| Laboratorio Clínico Referencia Cima | 811 | Yabucoa | 8/2/02 |
| Laboratorio Clínico Bacteriológico Gladyan | 1132 | Yabucoa | 31/8/07 |
| Laboratorio Clínico Cátala-Vicente | 1162 | Yauco | 27/8/08 |

8. Mediante carta del 28 de diciembre de 2012, la Organización notificó que los siguientes Laboratorios no mantienen un contrato firmado con ésta, por lo que son Proveedores No Participantes:

- Laboratorio Clínico Villa Blanca-Navarro
- Laboratorio Clínico Surmed Medical Center
- Laboratorio Clínico Colón III

Además, indicó que los siguientes Laboratorios tienen contratos suscritos para el Programa Mi Salud y no para el Plan de la Reforma de Salud:

- Laboratorio Clínico Montellano, Inc.
- Laboratorio Clínico San Blas II
- Laboratorio Clínico San Blas III
- Laboratorio Clínico Guayanillense
- Laboratorio Clínico La 14
- Laboratorio Clínico La Providencia
- Laboratorio Clínico Ramírez, Inc.
- Laboratorio Clínico Tecnolab

9. El 17 y 23 de enero de 2013, el Proveedor sometió copia de los contratos correspondientes a los siguientes Laboratorios:

- Laboratorio Clínico Colón
- Laboratorio Clínico Sur-Med I y II
- Laboratorio Clínico Montellano, Inc.
- Laboratorio Clínico Villa Blanca
- Laboratorio Clínico Tecnolab
- Laboratorio Clínico Ramírez
- Laboratorio Clínico Guayanísense

De la evaluación realizada a dichos contratos se encontró que, sólo el contrato del Laboratorio Clínico Montellano, tenía vigencia a partir del 5 de mayo de 1999, período en que estuvo vigente el Plan de la Reforma de Salud.

10. Del examen de los contratos se identificó, que existía una cláusula que le permitía a la Organización anunciar enmiendas al contrato de forma unilateral, siempre y cuando lo notificara con anterioridad a los miembros del proveedor.

11. La enmienda al contrato anunciada por la Organización para variar las tarifas contratadas con los miembros del Proveedor fueron objetadas por éste.

POR CUANTO, el Artículo 30.050 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 3004, dispone lo siguiente:

"...

Ningún asegurador u organización de servicios de salud podrá negarse a pagar una reclamación por servicios prestados por razón de que se hubieren efectuado alteraciones o enmiendas unilaterales a los términos del contrato entre un asegurador u organización de servicios de salud y suscriptor, o entre asegurador u organización de servicios de salud y proveedor, incluyendo enmiendas a las tarifas".

POR CUANTO, la Organización, dentro de la vigencia del contrato, de forma unilateral enmendó las tarifas contratadas con los miembros del Proveedor al incluir cláusulas contrarias a la ley que le permiten llevar a cabo dicha práctica.

POR CUANTO, el Artículo 30.080 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 3008, dispone lo siguiente:

"A fin de asegurar el cumplimiento de las disposiciones de este capítulo, el Comisionado tendrá las siguientes facultades y deberes:

(a) Imponer multas administrativas o sanciones por violación a las disposiciones de este capítulo, conforme a las disposiciones de este Código, a iniciativa del Comisionado o luego de presentada una querella por un proveedor participante por motivo de dicho incumplimiento. "

POR CUANTO, al Artículo 19.230(1) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 1923(1), dispone lo siguiente:

"(1) En adición a la suspensión o revocación del certificado de autoridad o en lugar de la misma, a cualquier organización que viole una disposición de este capítulo podrá imponérsele las penalidades prescritas para los aseguradores."

POR CUANTO,  el Artículo 3.210(1) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 321(1), dispone lo siguiente:

"El Comisionado podrá, luego de una vista, denegar, suspender o revocar la autorización de un asegurador para concertar seguros, cuando dicho asegurador, en adición a otras razones para ello prescritas en este código:
(1) Dejare de cumplir o violare una disposición de este código, que no sea ninguna de las disposiciones con respecto a las cuales es obligatoria la negativa, suspensión o revocación por incumplimiento o infracción."

POR CUANTO, el Artículo 3.211 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 321a, dispone lo siguiente:

6

"En adición a la denegación, revocación o suspensión de la autorización de un asegurador para concertar seguro, o en lugar de la misma, a cualquier asegurador que violare una disposición de este código podrá imponérsele una multa administrativa que no excederá de cinco mil (5,000) dólares por cada violación; Disponiéndose, que el total de multas por diferentes violaciones no excederá de cincuenta mil dólares ($50,000)."

POR CUANTO, la conducta de la Organización es causal para la imposición de sanciones.

POR TANTO, YO, ÁNGELA WEYNE RIOG, Comisionada de Seguros de Puerto Rico, DETERMINO lo siguiente:

1. IMPONGO a la Organización una multa administrativa de $5,000.00, por la violación al Artículo 30.050 del Código de Seguros de Puerto Rico 26 L.P.R.A., sec. 3004, supra.

2. ORDENO a la Organización, para los Laboratorios que tenían contrato firmado con ésta para brindar servicios al Plan de la Reforma de Salud, restaurar las tarifas que estaban vigentes previo a los cambios notificados al Proveedor; y ajustar las reclamaciones incurridas desde la fecha en que puso en vigor los cambios en tarifas; pagar la diferencia que resulte de tal ajuste, y presentar prueba de ello a la OCS dentro del término de veinte (20) días, contado a partir de la fecha de notificación de la presente Orden.

La multa aquí impuesta deberá ser satisfecha por la Organización dentro del término de veinte (20) días, contados a partir de la fecha de notificación de esta Orden. Transcurrido dicho término, la cuantía de la multa impuesta que no haya sido satisfecha comenzará a devengar intereses al tipo que para sentencias judiciales de naturaleza civil fije por Reglamento la Junta Financiera de Puerto Rico, según el mismo sea certificado por el Comisionado de Instituciones Financieras de Puerto Rico, y que esté en vigor al momento de dictarse esta Orden.

ASIMISMO, se apercibe a la Organización que de continuar con la práctica de enmendar unilateralmente las tarifas contratadas con los proveedores, dentro de la vigencia del contrato, se le impondrá sanciones más severas, según lo establecido en el Código de Seguros de Puerto Rico para ello.

7

De no estar de acuerdo la Organización con la acción aquí tomada, se le ADVIERTE de su derecho a solicitar vista dentro del término de veinte (20) días, contado a partir de la fecha de notificación de la misma. Conforme al Artículo 2.190(2) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 251(2), la solicitud de vista deberá ser por escrito y expresando los fundamentos o la disposición legal en que ampara su solicitud. Se advierte también a la Organización de su derecho a comparecer a la vista asistida de abogado, y a traer consigo y someter toda la evidencia que considere necesaria para sostener sus alegaciones.

De solicitar vista dentro del término concedido, la acción tomada en el primer y segundo párrafo de este POR TANTO quedará sin efecto legal alguno y, en ese caso, este escrito tendrá únicamente la naturaleza de un pliego de imputaciones.

De no solicitar vista dentro del término concedido, se entenderá que la Organización renuncia a su derecho a ser oída, por lo que esta Orden advendrá final y firme.

NOTIFÍQUESE.

En Guaynabo, Puerto Rico, a 28 de marzo de 2013.

ÁNGELA WEYNE ROIG
COMISIONADA DE SEGUROS

CERTIFICACIÓN:

YO, CARMEN ALEJANDRINO FRANQUI, Administradora de Sistemas de Oficina, CERTIFICO que copia fiel y exacta de este escrito, cuyo original debidamente firmado obra en los expedientes de la OCS, ha sido enviada en el día de hoy por correo regular a:

Sr. Earl M. Harper
Presidente
Humana Health Plans of Puerto Rico, Inc.
Avenida F.D. Roosevelt 383
San Juan, Puerto Rico 00918-2131

Sra. Margarita Lizardi Villanueva
Oficial de Cumplimiento
Humana Health Plans of Puerto Rico, Inc.
Avenida F.D. Roosevelt 383
San Juan, Puerto Rico 00918-2131

8

Lcdo. David Noriega Rodríguez
Banco Cooperativo, Oficina 305-B
Ave. Ponce de León 623
San Juan, Puerto Rico 00917

Sr. José R. Sánchez Zayas
Presidente
Asociación de Dueños de Laboratorios Clínico Privados
P. O. Box 11603
San Juan, Puerto Rico 00922-1303

Lcda. Frances Cifuentes Gómez
Directora
División de Asuntos Legales
Oficina del Comisionado de Seguros

En Guaynabo, Puerto Rico, a 1ro. de abril de 2013.

CARMEN ALEJANDRINO FRANQUI
ADMINISTRADORA DE SDISTEMAS DE OFICINA

ESTADO LIBRE ASOCIADO DE PUERTO RICO
OFICINA DEL COMISIONADO DE SEGUROS

| | |
|---|---|
| ASOCIACIÓN PUERTORRIQUEÑA DE DUEÑOS DE LABORATORIOS CLÍNICOS PRIVADOS, INC. | SOLICITUD DE INTERVENCIÓN NUM. PP-10-12-02-00139; Caso Núm. PP-10-12-02-00139 |
| Querellante | |
| v. | SOBRE: |
| HUMANA HEALTH PLANS OF PUERTO RICO, INC. | VIOLACIÓN AL ARTÍCULO 30.050 DE LA LEY 104 DE 19 DE JULIO DE 2002 |
| Querellada | |

### SOLICITUD DE DESESTIMACIÓN Y RECONSIDERACIÓN

A LA OFICINA DEL COMISIONADO DE SEGUROS:

COMPARECE Humana Health Plans of Puerto Rico, Inc. ("Humana"), por conducto de su representación legal que suscribe y muy respetuosamente EXPONE Y SOLICITA:

### I.   INTRODUCCIÓN

El 10 de agosto de 2010, la Asociación Puertorriqueña de Dueños de Laboratorios, Inc. ("Querellante" o "Asociación") presentó una Querella contra Humana. En ella, la Asociación alegó que Humana impuso de manera unilateral una reducción de tarifas en contravención a los contratos de proveedor de Humana con sus miembros y al Artículo 30.050 de la Ley Núm. 104-2002, Ley Para el Pago Puntual de Reclamaciones a Proveedores de Servicios de Salud ("Ley de Pago Puntual"). En virtud de esa querella, el 5 de septiembre de 2012, la Oficina del Comisionado de Seguros ("OCS") emitió una Orden solicitando a Humana contestar la querella y proveer copia de los contratos que tuvo con los miembros de la Asociación bajo el Plan de Reforma de Salud del Gobierno de Puerto Rico.

Humana no contestó la querella. En vez, presentó una Moción de Desestimación e impugnó separadamente la solicitud de producción de información mediante sendas mociones el 15 de octubre de 2012. La solicitud de desestimación se basó,

primeramente, en que la Asociación carece de legitimación activa
toda vez que ésta no es proveedor, no tiene contrato con Humana,
ni es una entidad reconocida por Humana para ningún propósito.
Por lo tanto, no puede llevar a nombre de sus miembros acciones
por una alegada violación de un contrato del que no es parte.
Segundo, Humana sostuvo en su Moción de Desestimación que aun si
la Asociación tuviera legitimación activa, la Querella no
establece una reclamación que justifique la concesión de un
remedio porque no alega qué contrato se violó, a quién se le
violó, ni el efecto de dicha violación. De hecho, no trae ningún
ejemplo de ningún proveedor que hubiese objetado la reducción de
tarifas propuesta por Humana. Por último, se cuestionó la
jurisdicción de la OCS para atender una causa de incumplimiento
contractual. Humana, sin embargo, produjo la información
solicitada por la OCS, sin renunciar a las alegaciones expuestas
en la petición de desestimación.

Así las cosas, el 1 de abril de 2013 la OCS notificó la
Orden ("la Orden"), cuya reconsideración solicitamos mediante el
presente escrito. En la misma, la OCS no resolvió la moción de
desestimación presentada por Humana, ni le permitió a ésta
contestar la querella. A pesar de ello, la OCS determinó que
Humana enmendó unilateralmente los contratos con los miembros de
la Asociación. Aunque no hay evidencia de que algún laboratorio
haya objetado las enmiendas propuestas por Humana, la OCS
erróneamente concluyó que la objeción de la Asociación a las
enmiendas es equivalente a una objeción individual de todos sus
miembros a dichas enmiendas y, por lo tanto, Humana no podía
hacer los cambios de tarifas propuestos.

A pesar de que Humana se reserva aquí el derecho a acudir
al Tribunal de Distrito Federal en *removal* antes de la fecha
límite para ello (30 de abril de 2013), Humana presenta la
solicitud de reconsideración de autos con el objetivo de

preservar su derecho ante la OCS en la medida que Humana decida no acudir al Foro Federal o para el caso en que el mencionado Tribunal devuelva el caso a la OCS sin resolver la controversia en su totalidad.

Según exponemos a continuación, la OCS emitió una resolución incorrecta en cuanto a los hechos y el derecho, avalando así una acción ilegal de la Asociación y sus miembros. No hay duda de que los laboratorios miembros de la Asociación se han unido para eliminar la competencia entre ellos con el propósito de lograr mejores términos económicos. Esto, incuestionablemente, constituye "boycott", lo cual está completamente vedado sin consideración ulterior alguna, según dispuesto en reiteradas ocasiones por el Tribunal Supremo de los Estados Unidos al amparo de la sección 1 del Sherman Act. Véase, e.g., FTC v. Superior Court Trial Lawyers Ass'n, 493 U.S. 411 (1990). Siendo ello así, la OCS no puede, ni debe en un futuro, condonar y/o avalar esta conducta.

Irrespectivo de lo anterior y sin interpretase como una renuncia al derecho de Humana de remover el presente caso al Tribunal Federal, Humana expone que la Orden es incorrecta por un varias razones adicionales. *Primero*, tal y como se expuso en la moción de desestimación, la Asociación no tiene legitimación activa, ni expone una reclamación que justifique un remedio en su Querella, ni trae a este Foro una controversia que esté dentro de la jurisdicción de la OCS. De esta manera, se adopta por referencia los planteamientos expuestos en la moción de desestimación y el relato sobre esos argumentos contenidos en la introducción.

*Segundo*, <u>cada uno de los proveedores miembros de la Asociación consintió a la reducción de tarifas al suscribir los contratos MiSalud</u> en el año 2010. En otros términos, cada uno de estos proveedores, que la Asociación insiste en plantear que

- 3 -

representa en esta reclamación contra Humana, avaló las tarifas objeto de la Orden, pues formaron parte del contrato MiSalud. Por lo tanto, la reclamación de autos es académica, tal y como se desprende los contratos MiSalud que fueron previamente producidos a la OCS.

Además, el que los proveedores firmaran todos los contratos MiSalud demuestra que la Asociación nunca tuvo autorización para actuar o vincular a los proveedores con Humana. Las comunicaciones autorizadas por los contratos de proveedor son únicamente entre Humana y el proveedor; no hay autorización para comunicaciones con la Asociación. Así pues, el intento de negociar en conjunto a través de la Asociación constituyó un incumplimiento de contrato y una actuación *ultra vires* que no tiene efecto alguno en la relación contractual entre los proveedores y Humana.

En vista de lo anterior, y sin renunciar a la remoción del presente caso al Tribunal Federal, se solicita respetuosamente a esta Honorable Foro que reconsidere la Orden referida y desestime la querella de autos.

## II.  DISCUSIÓN

(A) *La Asociación carece de legitimación activa para reclamar alegadas violaciones al Artículo 30.050 de la Ley de Pago Puntual.*

Para que una parte demandante posea legitimación activa ("*standing*") para demandar, ésta debe demostrar que: (1) ha sufrido un daño claro y palpable; (2) el referido daño es real, inmediato y preciso, y no abstracto o hipotético; (3) existe conexión entre el daño sufrido y la causa de acción ejercitada; y (4) la causa de acción surge bajo el palio de la Constitución o de una ley. Fundación Surfrider, Inc. v. ARPE, 178 D.P.R. 563, 572-573 (2010); Hernández Torres v. Gobernador, 129 D.P.R. 824, 835 (1992); Solís v. Municipio de Caguas, 120 D.P.R. 53, 58 (1987).

- 4 -

En el caso de las asociaciones, éstas pueden demandar a nombre propio o a nombre de sus integrantes. Fundación Surfrider, Inc. v. ARPE, 178 D.P.R., en la pág. 572; Asociación de Maestros P.R. v. Secretario de Educación, 137 D.P.R. 528, 536 (1994); Colegio de Ópticos de P.R. v. Vani Visual Center, 124 D.P.R. 559, 566 (1989). Para tener legitimación activa para reclamar a nombre propio, la organización debe probar que cumple con los cuatro requisitos esbozados en el párrafo anterior.

En el caso de que la asociación intente representar los intereses de sus miembros, ésta debe demostrar, además, que: (1) los miembros de la organización tendrían legitimación activa para demandar a nombre propio; (2) los intereses que se pretenden proteger están relacionados con los objetivos de la organización; y (3) la reclamación y el remedio solicitado no requieren la participación individual de los miembros en el pleito. Colegio Peritos Electricistas de P.R. v. Autoridad de Energía Eléctrica, 150 D.P.R. 327 (2000); Asociación de Maestros P.R. v. Secretario de Educación, 137 D.P.R. a la pág. 536; Colegio de Ópticos de P.R. v. Vani Visual Center, supra; véase, además, Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 343 (1977).[1]

El último de estos factores - si la reclamación y el remedio solicitado no requieren la participación individual de los miembros en el pleito - es particularmente relevante a la controversia de este caso. En ese sentido, al evaluar si una asociación cumple con el tercer requisito, los tribunales deben

---

[1] Los primeros dos requisitos son de carácter constitucional. Véase, Hunt v. Washington State Apple Adverstinsing Commission, supra. El tercer requisito (la reclamación y el remedio solicitado), constituye una limitación prudencial que únicamente la Asamblea Legislatiba puede abrogar. Id.; véase además Ronald D. Rotunda y John E. Nowak, I Treatise on Constitucional Law: Substance and Procedure, Third Edition, West Group, 1999, a la pág. 266 (Supl. 2006). Esto quiere decir que cuando una asociación no cumpla con el tercer requisito mencionado en la jurisprudencia (de requerirse la participación individual de cada miembro), los tribunales podrán conferirle legitimación activa a una asociación únicamente si una ley así lo dispone. Véase United Food and Comercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544 (1996).

- 5 -

examinar tanto la naturaleza de la reclamación como la del remedio solicitado. Véase, Hunt v. Washington State Apple Advertising Commission, *supra*. Sobre ello, nuestro Tribunal Supremo ha sido enfático al expresar que la "determinación de legitimación para incoar un pleito depende de la naturaleza del remedio solicitado". Colegio Ópticos de P.R. v. Vani Visual Center, 124 D.P.R., a la pág. 566 (citando el tratado de derecho constitucional de Rotunda, Nowak y Young, el Tribunal Supremo de Puerto Rico determinó que una parte tenía legitimación activa porque el remedio que solicitó trataba de una petición de naturaleza interdictal); véase, además, Asoc. de Maestros P.R. v. Secretario de Educación, 137 D.P.R. a las págs. 542-545 (determinó que la Asociación tenía legitimación activa por que únicamente cuestionaba la constitucionalidad de una ley).

Conforme a lo anterior, para gozar de legitimación activa, es preciso que la Asociación demuestre que sus miembros tienen legitimación activa para demandar a nombre propio, que los intereses que pretende proteger están relacionados con los objetivos de la organización y que la reclamación y el remedio solicitado no requieren la participación individual de los laboratorios miembros en el pleito. La Asociación no cumple con ninguno de estos requisitos. Por lo tanto, no cuenta con legitimación activa para continuar con la reclamación.

La Asociación alega que Humana modificó unilateralmente sus tarifas para el reembolso de servicios de laboratorio en violación a los contratos de sus miembros. Véase Querella ¶ 3. La Asociación solicita que se dejen sin efecto las reducciones de tarifas y se ajusten los pagos realizados con la tarifa anterior. Véase Súplica de la Querella, en la pág. 2.

Sin embargo, la Asociación no indica la manera en que se perpetuó la alegada violación a sus miembros, de modo que pueda demostrar que éstos tendrían legitimación para demandar a nombre

- 6 -

propio. De hecho, a pesar de que la Asociación alega que hubo una violación de contrato, no alegó qué contrato se violó, cómo se violó, a quién se le violó, ni cuál fue el efecto de dicha violación. Esto cobra más importancia en la medida que la actuación en conjunto de los miembros de una Asociación para rechazar tarifas **es ilegal** porque, según se expone más adelante, competidores no pueden negociar en conjunto. Por lo tanto, se requiere precisamente en este caso "la participación individual de los miembros." Colegio de Peritos Electricistas de P.R. v. Aut. Energía Eléctrica, 150 D.P.R. 327 (2000). **Los laboratorios son los únicos que pueden pedir remedios contractuales contra Humana y tienen que hacerlo, por ley, mediante acciones individuales separadas.**

Debe recordarse que el Artículo 1209 del Código Civil dispone que los contratos **sólo surten efecto entre las partes que los otorgan y sus herederos.** 31 L.P.R.A. §3374. A base de dicho principio, el Tribunal Supremo de Puerto Rico ha expresado que "la reglamentación que crea [el contrato], con su cortejo de derechos, facultades y obligaciones, no le es aplicable [al tercero], ni en su provecho ni en su daño." Muñiz Olivari v. Stiefel Laboratorios, Inc., 174 D.P.R. 813, 822 (2008); Mun. de Ponce v. Autoridad de Carreteras, 153 D.P.R. 1 (2000).

En el caso ante la consideración de este Honorable Foro, los contratos pertinentes y que dan base a la Querella son entre Humana y los laboratorios proveedores. Humana no tiene contrato alguno con la Asociación. De las alegaciones de la Querella no surge cuáles son los laboratorios alegadamente afectados por el cambio en las tarifas, ni las cantidades que procedería reembolsarles, ni cuáles de ellos **individualmente** objetó las tarifas.

Así pues, como la Asociación no es proveedor, ni tiene contrato con Humana, no puede tener legitimación activa para

- 7 -

reclamar daños por los alegados incumplimientos de contratos en los cuales no es parte y cuyo incumplimiento se dio en la negociación de tarifas para lo cual la Asociación no tiene autorización para negociar (ni puede hacerlo por ser ilegal). Siendo ello así, el remedio solicitado en la querella sólo puede reclamarse por cada uno de los laboratorios proveedores que entiendan que Humana les impuso tarifas unilateralmente en contravención al contrato. No habiendo laboratorio individual alguno reclamando aquí, ni alegación a tales efectos, la OCS tiene jurisdicción para entender el presente pleito.

> **(B) Este Honorable Foro no tiene jurisdicción para otorgar los remedios concedidos en la Orden**
>
> > **i. El primer remedio concedido por este Foro no procede porque de las alegaciones no surge que Humana haya incurrido en una violación al Artículo 30.050 de la Ley de Pago Puntual.**

Como consecuencia de las alegadas violaciones incurridas por Humana, la OCS expresó como primer remedio lo siguiente: "IMPONGO a la Organización [Humana] una multa administrativa de $5,000.00 por la violación al Artículo 30.050 del Código de Seguros de Puerto Rico. 26 L.P.R.A. sec. 3004, supra". Véase, Orden, Caso Núm. PP-2013029, notificada el 1 de abril de 2013, pág. 6. Respetuosamente, Humana entiende que tal multa es improcedente porque en los hechos alegados en la Querella presentada por la Asociación no se expone violación alguna al mencionado Artículo 30.050 de la Ley de Pago Puntual, tal y como se explica a continuación.

En primer lugar, es importante resalar que el único fundamento por el cual reclama la Asociación contra Humana en este caso es por una alegada violación contractual. En ese particular, la Asociación expone que Humana alegadamente modificó unilateralmente las tarifas de reembolso a proveedores (no identificados) en contravención de los contratos de

- 8 -

proveedores    vigentes    (tampoco    identificados).    Esto    es
insuficiente para alegar una violación a la Ley de Pago Puntual
que le otorgue jurisdicción a este Honorable Foro.

Primero, a pesar de que la Asociación alega que hubo una
reducción de tarifas en violación a ciertos contratos, no alega
qué  contrato  se  violó,  a  quién  se  le  violó  su  derecho
contractual, ni cuál fue el efecto de dicha violación. Estas
alegaciones   son   necesarias   para   establecer   una   reclamación
justiciable. Lo único que se alegó es que una Asociación que no
tiene contrato con Humana, se quejó de unas tarifas de unos
contratos de los que no es parte. Nada más. Por lo tanto,
estamos ante alegaciones infundadas de incumplimiento que no
tienen  base  en  ningún  hecho,  toda  vez  que  no  hay  ningún
laboratorio con contrato con Humana quejándose de incumplimiento
aquí, ni se alega que alguno de ellos haya levantado en algún
momento que se le violó el contrato. Siendo así, aun cuando se
tomara como cierta la Querella, no habría remedio que otorgar
pues no se identifican los contratos alegadamente incumplidos,
ni  los  laboratorios  específicos  que  hayan  alegado  tal
incumplimiento.

Segundo, aún si la Asociación hubiese hecho alegaciones
específicas de incumplimiento sobre alguno de los laboratorios
que representa, tampoco se hubiese configurado una violación a
la Ley de Pago Puntual. El Artículo 30.050 de la Ley de Pago
Puntual dispone en su parte pertinente, lo siguiente:

> Ningún    asegurador    u    organización    de
> servicios de salud podrá **negarse a pagar una**
> **reclamación** por  servicios  prestados  por
> razón  de  que  se  hubieren  efectuado
> alteraciones o enmiendas unilaterales a los
> términos  del  contrato  entre  asegurador  u
> organización  de  servicios  de  salud  y
> suscriptor,  o  entre  asegurador  u
> organización  de  servicios  de  salud  y
> proveedor,  incluyendo  enmiendas  a  las
> tarifas.

26 L.P.R.A. § 3004. (énfasis nuestro)

- 9 -

En la Querella, la Asociación únicamente alega que Humana "impuso de manera unilateral una reducción en sus tarifas para el [reembolso] a los proveedores de servicios de laboratorios [...]". *Véase*, Querella ¶ 3. No se alega que Humana se haya "nega[do] a pagar una reclamación" en contravención al Artículo 30.050 de la Ley de Pago Puntual, *supra*. La citada disposición únicamente prohíbe que un asegurador **se niegue a pagar una reclamación por servicios prestados** por razón de que se hubiesen efectuado enmiendas unilaterales. No obstante, la Asociación no alega - porque no puede hacerlo - que Humana se haya **negado** a pagar alguna reclamación por servicios prestados, sino que pagó a base de una tarifa que la Asociación (y **no** el proveedor bajo contrato) entiende que es incorrecta.

En vista de lo anterior, es incorrecta la alegación del Querellante y la conclusión de la Orden a los efectos de que Humana violó la Ley de Pago Puntual. Por lo tanto, no procede la imposición de multa alguna en contra de Humana.

> ii. **El segundo remedio concedido por este Foro no procede porque la OCS no tiene facultad legal para otorgar un remedio de índole contractual.**

Además del remedio previamente discutido, la OCS dispuso en la Orden lo siguiente:

> ORDENO a la Organización [Humana], para los Laboratorios que tenían contrato firmado con ésta para brindar servicios al Plan de Reforma de Salud, restaurar las tarifas que estaban vigentes previo a los cambios notificados al Proveedor; y ajustar las reclamaciones incurridas desde la fecha en que puso en vigor los cambios en tarifas; pagar la diferencia que resulte de tal ajuste, y presentar prueba de ello a la OCS dentro del término de veinte (20) días, contado a partir de la fecha de notificación de la presente Orden.

> *Véase*, Orden, Caso Núm. PP-2013029, notificada el 1 de abril de 2013, pág. 6.

- 10 -

Muy respetuosamente, Humana entiende que tal remedio excede las facultades delegadas en ley a la OCS. Conforme a las normas establecidas en nuestro ordenamiento administrativo, las facultades con las que cuenta el Comisionado de Seguros de Puerto Rico para realizar investigaciones y conceder remedios cónsonos con sus hallazgos se encuentra limitada por las disposiciones legales específicas que rigen su marco de actuación. En el caso particular de la OCS, sus prerrogativas están enmarcadas en tres cuerpos legales, a saber: (1) La Ley Núm. 77 de 19 de junio de 1957, según enmendada, conocida como "Código de Seguros de Puerto Rico"; (2) el Reglamento de Procedimientos de Investigación del 3 de julio de 1995, según enmendado; (3) La Ley Núm. 12 de agosto de 1988, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme".

Basado en las disposiciones de las tres legislaciones mencionadas, el remedio concedido por este Foro dirigido a restaurar las tarifas que estaban vigentes previo a los cambios válidamente realizados e informados a los proveedores, no tan sólo es incorrecto, sino improcedente y ultra vires, al no ajustarse a alguna de las facultades remediales que la ley expresamente le reconoce a la OCS, tal y como se explica a continuación.

<blockquote>
a. <u>Facultades remediales reconocidas al Comisionado bajo el Código de Seguros de Puerto Rico</u>
</blockquote>

El Artículo 2.030 del Código de Seguros de Puerto Rico, dispone que el Comisionado tendrá los siguientes poderes generales:

<blockquote>
1.   El Comisionado tendrá la autoridad que expresamente se le confiera por las disposiciones de este código o que resulten razonablemente implícitas de dichas disposiciones.
</blockquote>

2.   El Comisionado desempeñará sus deberes y hará cumplir las disposiciones de este código.

3.   El Comisionado podrá llevar a cabo las investigaciones e inspecciones que considere convenientes para determinar si una persona ha violado cualquier disposición de este código o para obtener información útil a la administración legal de cualquiera de dichas disposiciones.

26 L.P.R.A. sec. 203.

En el ejercicio de esas funciones, el Código de Seguros específicamente establece qué remedios o penalidades puede conceder el Comisionado si alguna persona contraviene sus disposiciones. En ese sentido, primeramente, encontramos una penalidad general contenida en el Artículo 1.170 del Código de Seguros en la que se determina lo siguiente:

Toda persona que violare una disposición de este título o que violare una regla, reglamento u orden del Comisionado, emitida de acuerdo con este título, que no tuviere penalidad prescrita en este título, al ser convicta por tribunal competente quedará sujeta, en adición a cualquier otra penalidad o confiscación prescrita, a una multa no menor de veinticinco dólares ($25), ni mayor de quinientos dólares ($500), o cárcel por no más de cuatro (4) meses, o ambas penas.

26 L.P.R.A. sec. 117.

En el escenario de remedios posteriores a la celebración de una vista administrativa, el Código de Seguros establece que el Comisionado "podrá denegar, suspender o revocar la autorización de un asegurador para concertar seguros, cuando dicho asegurador...", por ejemplo, "[d]ejare de cumplir o violare una disposición de este título, que no sea ninguna de las disposiciones con respecto a las cuales es obligatoria la negativa, suspensión o revocación por incumplimiento o infracción". Véase, Artículo 3.210(1) del Código de Seguros, 26 L.P.R.A. sec. 321.

- 12 -

En el mismo contexto, el Artículo 3.211 del Código de Seguros, 26 L.P.R.A. sec. 321(a), añade que:

"en adición a la denegación, revocación o suspensión de la autorización para concertar seguro, o en lugar de la misma, a cualquier asegurador que violare una disposición de este título podrá imponérsele una multa administrativa que no excederá de cinco mil dólares ($5,000) por cada violación. Disponiéndose, que el total de multas por diferentes violaciones no excederá de cincuenta mil dólares ($50,000)".

Por su parte, el Artículo 19.230 del Código de Seguros, 26 L.P.R.A. sec. 1923, dispone lo siguiente:

"[e]n adición a la suspensión o revocación del certificado de autoridad o en lugar de la misma, a cualquier organización que violare una disposición de este capítulo podrá imponérsele las penalidades prescritas para los aseguradores".

Finalmente, en el contexto específico del capítulo sobre el "Pago de Reclamaciones por Servicios", disposiciones no aplicables bajo las cuales la Asociación de Laboratorios y este Foro insisten en tramitar el presente caso - el Código de Seguros de Puerto Rico específicamente dispone qué facultades tiene el Comisionado de Seguros en cuanto a los remedios que puede conceder si encuentra alguna violación sobre ese particular. Al respecto, el Artículo 30.080 del Código de Seguros establece lo siguiente:

"A fin de asegurar el cumplimiento de las disposiciones de este capítulo, el Comisionado tendrá las siguientes facultades y deberes:

A. Imponer multas administrativas o sanciones por violación a las disposiciones de este capítulo, conforme con las disposiciones de este Código, a iniciativa del Comisionado o luego de presentada una querella por un proveedor participante por motivo de dicho incumplimiento. Disponiéndose, que el proveedor tendrá un término de un año para radicar la querella, contados a partir de la fecha en que expire el término

- 13 -

para el pago de una reclamación
procesable.

B.   Adoptar, dentro de los ciento
ochenta (180) días siguientes a la
aprobación de esta ley, los
reglamentos necesarios para la
implantación de la misma, de
conformidad con las secs. 2101 et
seq. del Título 3, conocidas como
"Ley de Procedimiento Adminis-
trativo Uniforme".

C.   El Comisionado tendrá la
jurisdicción original respecto a
las controversias que surjan entre
proveedores y participantes y
aseguradores u organizaciones de
servicios de salud, al amparo de
este capítulo. La parte
adversamente afectada por la
determinación del Comisionado
podrá recurrir mediante revisión
ante el Tribunal de Circuito de
Apelaciones del Estado Libre
Asociado de Puerto Rico, conforme
a las disposiciones de las secs.
2101 et seq. del Título 3,
conocidas como "Ley de Proce-
dimiento Administrativo Uniforme".

26   L.P.R.A. sec. 3007.

### b. Reglamento de Investigaciones de la OCS

El Reglamento de Procedimientos de Investigación del 3 de

julio de 1995, según enmendado, de la OCS sólo contiene una

disposición relacionada a las medidas que puede tomar la OCS si

encuentra que una persona natural o jurídica bajo su

jurisdicción incumple con lo allí establecido. En ese

particular, el Artículo 13, concerniente a las penalidades

dispone lo siguiente:

Conforme a los poderes de investigación
conferidas por el Código de Seguros de
Puerto Rico al Comisionado, y el deber de
toda persona que sea investigada de hacer
accesibles a éste toda la información
solicitada, se considerará que el
incumplimiento con cualquier disposición de
esta Regla es un violación al Artículo
2.160, supra, y como tal conllevará el que
se impongan aquellas multas administrativas
según se disponga para ello en el referido
Código.

- 14 -

### c. Ley de Procedimiento Administrativo Uniforme

Por otro lado, la Ley Núm. 12 de agosto de 1988, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme", 3 L.P.R.A. 2101 *et. seq.*, establece unas normas generales aplicables a todas las agencias, incluyendo al OCS. En cuanto al remedio que puede conceder una agencia por violaciones a las leyes que éstas administran, la Sección 7.1 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A sec. 2201, establece que "[t]oda violación a las leyes que administran las agencias o a los reglamentos emitidos al amparo de las mismas podrá ser penalizada con multas administrativas que no excederán de cinco mil (5,000) dólares por cada violación".

Conforme a los términos expresos de las disposiciones anteriores, la OCS no tiene el poder delegado para atender reclamaciones de índole contractual entre aseguradoras y proveedores de servicios de salud. De un repaso de la legislación y reglamentación que confiere poderes a la OCS, no se desprende que ésta tenga la autoridad de intervenir y mucho menos conceder remedios de índole contractual, máxime cuando quien trae el reclamo carece de legitimación activa para ello.

Es preciso recordar que las leyes habilitadoras de las agencias prescriben las normas bajo las cuales deben regirse las personas que están sujetas al ámbito de su jurisdicción. "La clara implicación del desvío del cumplimiento de las normas es la imposición de la sanción prescrita estatutariamente". D. Fernández Quiñones, Derecho Administrativo, Forum, pág. 73. En ese proceder, la agencia administrativa ejerce el poder de adjudicar, si le fue delegado, análogo al poder que ejercen los tribunales. Id., a la pág. 79. Sin embargo, los poderes cuasi-

- 15 -

judiciales otorgados a las agencias no son plenos, sino limitados.[2]

Cónsono con lo anterior, los actos u órdenes de las agencias que trascienden lo dispuesto en su ley habilitadora no sólo son erróneos, sino también nulos. Raimundi Meléndez v. Productora de Agregados, Inc., 162 D.P.R. 215 (2004) (donde se resolvió que la agencia administrativa no tenía facultad en la ley ni para emitir la orden de cese y desista ni para imponerle a una empresa privada la obligación de indemnizar en daños y perjuicios); Caribe Communications, Inc. v. P.R.T.C., 157 D.P.R. 203 (2002).

En el caso particular de la OCS, conforme a las disposiciones expresas de la Ley de Pago Puntual, la jurisdicción de este Honorable Foro se circunscribe a dilucidar controversias entre aseguradoras y sus proveedores basadas en alegadas violaciones a la Ley de Pago Puntual. Según discutido, la Querellante no alega hechos que constituyan una alegada violación al Artículo 30.050. No se ha alegado que Humana se haya negado a pagar reclamación alguna. La Asociación meramente alega que Humana redujo las tarifas de reembolso a los laboratorios proveedores unilateralmente. Dichas alegaciones, lejos de constituir una supuesta violación a la Ley de Pago Puntual, constituyen alegaciones alusivas a un incumplimiento de Humana con los contratos con sus proveedores de servicios de laboratorios. La OCS no tiene el poder delegado para atender reclamaciones de incumplimiento contractual. Por ende, este

---

[2] La delegación de poderes cuasi-judiciales incluye la potestad de resolver controversias, así como también la facultad de dictar remedios. La facultad de conceder remedios descansa exclusivamente en los estatutos orgánicos. A manera de ejemplo, el Tribunal Supremo ha avalado la potestad de los organismos administrativos al conceder daños o compensaciones monetarias en aquellos casos donde se establece específicamente tal remedio en la legislación o cuando implícitamente se deja consignado en la amplia facultad de confeccionar remedios que propicien la implantación de la política pública que inspiró la ley. Raimundi Meléndez v. Productora de Agregados, Inc., 162 D.P.R. 215 (2004); Caribe Communications, Inc. v. P.R.T.C., 157 D.P.R. 203 (2002); Quiñones Irizarry v. San Rafael Estate, 143 D.P.R. 756 (1997).

Honorable Foro no tiene jurisdicción para atender la controversia planteada por la Asociación y, como consecuencia, la Orden emitida no procede.

Es importante resaltar que la Orden emitida por este Honorable Foro ordena a Humana a alterar la relación contractual que ésta sostiene con los laboratorios involucrados aun cuando éstos aceptaron las tarifas que hoy impugna la Asociación sin autoridad alguna. Ciertamente, este remedio va más allá de las facultades que la ley le reconoce a la OCS. En ese sentido, la Orden trasciende el ámbito de la función administrativa asignada y delegada a la OCS que se desprende de las legislaciones discutidas y condona una actuación ilegal, arbitraria, ilegal y *ultra vires* de la Asociación.

> (C) **La orden de la OCS avala una actuación ilegal de la Asociación quien objetó las tarifas de Humana y presentó la Querella a nombre de todos sus miembros para lograr tarifas más altas que las que se pueden obtener en el mercado.**

Aunque los argumentos objeto de esta parte serán objeto de la notificación de *removal*, las adelantamos aquí para la consideración de la OCS.

    a. Standard bajo la Sección 1 de la Ley Sherman:

Los tribunales han resuelto que cuando competidores en la provisión de servicios rehúsan negociar o contratar de manera concertada o en conjunto, esta actuación constituye un boicot de grupo clásico y una violación *per se* de la Sección 1 de la Ley Sherman que amerita que un tribunal decrete su ilegalidad de inmediato. A tales efectos, el Tribunal Supremo de los Estados Unidos en FTC v. Superior Court Trial Lawyers Ass'n, 493 U.S. 411 (1990), confirmó la imposición de un injunction permanente bajo la Sección 1 de la Ley Sherman a un grupo de abogados que se pusieron de acuerdo para no aceptar más casos designados por el Tribunal, si el Tribunal si no aceptaba las tarifas propuestas por dichos abogados en conjunto. El Tribunal Supremo

- 17 -

de los Estados Unidos expresó que "la actividad conjunta de los abogados va dirigida a lucrarse de la eliminación de la competencia en el mercado boicoteado". FTC v. Superior Court Trial Lawyers Ass'n a la página 426. El Tribunal Supremo resolvió que este acto concertado designado a obtener tarifas más altas "no sólo era un boicot, sino un acuerdo horizontal para la fijación de precios - tipo de conspiración que ha sido consistentemente analizado como una violación *per se* por varias décadas." Id. a la página 436; *véase además*, Nat'l Soc'y of Prof'l Eng'rs v. United States, 435 U.S. 679, 697 (1978).

En el presente caso no hay duda que se cumplen los anteriores requisitos para un boicot. Aquí, la Asociación a nombre de todos sus miembros comunicó por escrito a Humana que no estaba de acuerdo con las tarifas propuestas por Humana. Incluso, su actuación concertada fue más allá y presentó una querella a nombre de todos esos miembros para, precisamente, impugnar la aplicación de estas tarifas, puesto que, alegadamente, su objeción como grupo era suficiente para impedir que dichas tarifas entraran en vigor. El aparente desconocimiento de la Ley es tal, que la Asociación sostiene que su actuación es completamente legítima y legal.

Por consiguiente, no hay duda que los competidores en este mercado (el mercado de laboratorios), se han puesto de acuerdo para negar en conjunto las tarifas de Humana y así, forzar que Humana honre unas tarifas más altas. De no existir tal actuación concertada, cada laboratorio se vería obligado a determinar si continúa o no llevando a cabo negocios con Humana y se tomaría un riesgo de quedar fuera de la red de proveedores si no acepta las tarifas propuestas. Eso fue precisamente lo que pasó aquí, pues según expone en el presente escrito, todos y cada unos de estos proveedores firmaron contratos de manera individual, aceptando las tarifas que la Asociación cuestionó.

- 18 -

Sin embargo, la realidad es que la OCS ha avalado la conducta concertada ilegal en su Orden. Ello pues, la Orden presume como válida la objeción que hizo la Asociación a las tarifas propuestas por Humana y, peor aún, ordena a Humana a honrar las tarifas que estuvieron vigentes antes de la actuación ilegal concertada. Es por esto que Humana se reserva el derecho a llevar el presente caso al Tribunal Federal quien tiene pericia en casos de conducta antimonpopolística. Muy respetuosamente, Humana entiende que la actuación de la OCS es un error y le invitamos a reconsiderar su postura.

      (d) *Los miembros de la Asociación aprobaron las tarifas objeto de la queja planteada por la Asociación al suscribir el contrato del plan MiSalud, por lo que no hay causa se acción procedente posible.*

Las tarifas objeto de la resolución de autos fueron aprobadas por los miembros de la Asociación al suscribir los contratos del Plan MiSalud efectivo el 1 de octubre de 2010. Por consiguiente, es improcedente la reclamación de la Asociación. Cada uno de los miembros de la Asociación consintió a las tarifas que la Asociación cuestionó.

Según surge de los contratos MiSalud que fueron producidos a la OCS, cada uno de los proveedores que la Asociación representa, suscribió un contrato de Humana MiSalud. El mencionado contrato, enmendó efectivamente y con el consentimiento expreso de los miembros de la Asociación, las tarifas objeto del presente caso. Así pues, no hay duda que cada uno de los miembros de la Asociación aceptó las tarifas que fueron notificadas y cuestionadas únicamente por la Asociación. No hay evidencia alguna de que ningún proveedor en su carácter individual haya rechazado las tarifas propuestas por Humana. Ello no se ha alegado aquí y, por otro lado existe prueba contraria en manos de la OCS que demuestra que cada uno de ellos aprobó las tarifas al suscribir los contratos Mi Salud.

- 19 -

Por consiguiente, no cabe duda que esta Honorable Foro debe reconsiderar su determinación y revocar la Orden emitida. Habiendo los Laboratorios consentido expresamente a las tarifas que la Asociación cuestionó (sin autorización) y de manera *ultra vires*, no hay más nada que resolver. Las tarifas objetadas por la Asociación fueron aceptadas por cada uno de sus miembros.

### III. CONCLUSIÓN

Resulta claro de la discusión que antecede que la Parte Querellante no tiene una causa de acción que justifique la concesión de algún remedio. Por un lado, este Honorable Foro no tiene jurisdicción para atender la reclamación de la Asociación, pues ésta carece de legitimación activa para instar la presente Querella. Son los laboratorios proveedores que alegadamente han sido afectados por la reducción de tarifas los únicos que pueden reclamar por alegadas violaciones a sus contratos por la alegada reducción en las tarifas de reembolso. La Asociación no es proveedora que tenga contrato con Humana, por lo que no puede alegar hecho alguno que demuestre que haya sufrido un daño.

Además, la Asociación no tiene legitimación activa para reclamar por los intereses de sus miembros. No obstante, aún si la Parte Querellante tuviera legitimación activa, este Foro tampoco tiene jurisdicción para atender este asunto. A pesar de que la Asociación alega que hubo una reducción de tarifas en violación de contrato, no alega qué contrato se violó, a quién se le violó su derecho contractual, ni cual fue el efecto de dicha violación. Estas alegaciones son necesarias para establecer una reclamación justiciable. Además, Humana no ha negado pago alguno a los laboratorios miembros de la Asociación. Este caso trata más bien de una reclamación por incumplimiento de contrato, la cual está fuera de la zona de intereses de la OCS y, por ende, este Foro no tiene jurisdicción para atender el reclamo de la Asociación.

- 20 -

Además, la Orden avala una conducta ilegal, pues condona que el que los laboratorios actúen en unísono para intentar obtener mejores términos económicos, lo cual es contrario a las leyes antimonopolísticas federales y locales. Por último, y no menos importante, la reclamación no procede pues todos los miembros de la Asociación suscribieron contratos bajo el plan MiSalud y, por lo tanto, consintieron a las tarifas que la Asociación cuestionó sin autoridad contractual o legal.

Por consiguiente, y por todos los anteriores argumentos, procede la desestimación de la Querella.

POR TODO LO CUAL, Humana muy respetuosamente solicita a este Honorable Foro que reconsidere la Orden emitida el 1 de abril de 2013 y desestime la Querella presentada el 10 de agosto de 2010 por la Asociación (reservándose el derecho removerl el presente caso al Tribunal Federal).

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, a 22 de abril de 2013.

CERTIFICO haber cursado copia este escrito a la **Oficina del Comisionado de Seguros de Puerto Rico**, B5 Calle Tabonuco Suite 216, Guaynabo, Puerto Rico 00968-3029; y enviado copia por correo ordinario y electrónico a la **Sra. Armanda Vázquez Martínez**, Unidad de pago Puntual, Oficina del Comisionado de Seguros de Puerto Rico, B5 Calle Tabonuco Suite 216, PMB 356, Guaynabo, PR 00968-3029 y al avazquez@ocs.gobierno.pr; y al **Lic. David Noriega Rodríguez**, Noriega Rodríguez Y Noriega Costas, Edificio Banco Cooperativo, Oficina 305-B, 623 Ave. Ponce de León, San Juan, Puerto Rico 00917 y al bufetenoriega@hotmail.com.

PIETRANTONI MÉNDEZ & ALVAREZ LLC
Banco Popular Center, Piso 19
208 Avenida Ponce de León
San Juan, Puerto Rico 00918
Tel: (787) 274-1212; Fax: 274-1470

Herman G. Colberg Guerra
RÚA Núm. 11,765
hcolberg@pmalaw.com

Fernando Figueroa Santiago
RUA Núm. 19,258
ffigueroa@pmalaw.com

- 21 -