**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ASOCIACION PUERTORIQUENA DE DUENOS DE LABORATORIOS CLINICOS PRIVADOS, INC.,** | |
| **Plaintiff,** | **Civil No. 13-1336 (GAG)** |
| **v.** | |
| **HUMANA HEALTH PLANS OF PUERTO RICO, INC.,** | |
| **Defendant.** | |

<u>**OPINION AND ORDER**</u>

On August 16, 2010, the Asociacion Puerrtoriquena de Duenos de Laboratorios Clinicos Privados, Inc. ("Plaintiff") initiated an administrative action against Humana Health Plans of Puerto Rico, Inc. ("Defendant").  After several rulings by the Office of the Commissioner of Insurance ("OCI"), the administrative body hearing the complaint, Defendant removed the case to federal court, invoking the court's federal question jurisdiction.  (<u>See</u> Docket No. 1.)  The court ordered Defendant to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction (Docket No. 6), and Defendant submitted a memorandum in compliance (Docket No. 8).  On May 28, 2013, OCI sought to intervene in the case.  (<u>See</u> Docket No. 13.)  After reviewing these submissions and the pertinent law, the court **REMANDS** the case to OCI (Docket No. 1) and **MOOTS** OCI's motion for intervention (Docket No. 13).

**I.    Factual and Procedural Background**

The underlying dispute in this case is not complex, although it has multiple intricacies which attempt to cloud a concise analysis.  Plaintiff, an association of private laboratory clinics, claims Defendant, a health insurance provider, unilaterally imposed a reduction of its reimbursement rates which dramatically decreased its payments to the individual clinics.  (<u>See</u> Docket No. 11-1 at 1.) Plaintiff claims this reduction, announced through circular letter C-P-03-10, violates the Prompt Payment Act, P.R. LAWS ANN. tit. 26, § 3004.  (<u>See</u> <u>id.</u>)  Plaintiff claims this is the second time

**Civil No. 13-1336 (GAG)**                                2

1  Defendant violated this law.  (See id.)

2        In accordance with OCI deadlines, Defendant responded to the allegations claiming Plaintiff

3  lacked standing because it was an association of private clinics as opposed to a contracted provider

4  to which the rate reductions applied.  (See Docket No. 1 at 2.)  OCI deemed the action was

5  tantamount to each member objecting individually to the rate change.  (See id.)  OCI then ordered

6  Defendant to make adjustments to the rate of reimbursement, which would cost Defendant

7  approximately $2.5 million in additional payments.  (See id. at 3.)  After these rulings, Defendant

8  removed the case to federal court, claiming removal was not an option until after OCI determined

9  Plaintiff's claims were the equivalent of fifty-three separate claims by individual private laboratory

10 clinics.  (See id. at 3-4.)

11       **II.    Federal Question Jurisdiction**

12       A case may be removed from a state court to a federal court if the federal court would also

13 have original jurisdiction to hear the claim.  See 28 U.S.C. § 1441(a).  Civil actions arising from

14 state agencies, as opposed to state courts, may be removed pursuant to Section 1441 when the

15 agency proceedings are adjudicative in nature.  See Ins. Comm'r of P.R. v. Doral Ins. Agency, Inc.,

16 Civil No. 05-2230 (CCC), 2006 WL 3196472, at *2 (D.P.R. Nov. 2, 2006) (citing Volkswagen de

17 P.R. v. P.R. Labor Relations Bd., 454 F.2d 38 (1st Cir. 1972)).  Federal district courts have original

18 jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United

19 States."  28 U.S.C. § 1331 (2012).

20       Two types of cases invoke the court's federal question jurisdiction.  The first, and the most

21 common method is when the complaint contains causes of action that directly arise under the federal

22 Constitution or laws.  See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,

23 463 U.S. 1, 9-11 (1983).  Known as the well-pleaded complaint rule, this method requires the federal

24 question to be contained within the plaintiff's complaint.  See R.I. Fishermen's Alliance, Inc. v. R.I.

25 Dep't. of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009).  The second method allows federal question

26 jurisdiction over "state-law claims that implicate significant federal issues."  Grable & Sons Metal

27 Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).  This method is recognized when the

28 complaint itself requires the determination of a federal question.  It is clear that "[t]he existence of

a federal defense to a state-law cause of action will not suffice" to demonstrate federal question jurisdiction. R.I. Fishermen's Alliance, 585 F.3d at 48.

Ultimately, Defendant argues the court has jurisdiction because the case raises significant federal antitrust issues that should be determined by the federal court, as opposed to a state agency. (See Docket No. 8 at 7-9.)  Therefore, the court must determine whether the complaint raises a federal antitrust issue that is so substantial that the court has original jurisdiction to hear the claim. See Grable, 545 U.S. at 314.  The court finds it does not have original jurisdiction and remands the case to OCI.

To demonstrate federal jurisdiction, Defendant must show that the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id.  It is undisputed that Plaintiff's claim does not directly raise any federal issues. The claim is a contract dispute rising under the laws of Puerto Rico.  Within the complaint, federal laws are not discussed and Plaintiff does not seek any federal remedies.  Had the complaint been filed directly in federal court, the court would not have subject matter jurisdiction over the matter.

Not surprisingly, Defendant urges the court in the opposite direction.  Citing cases in which federal courts have found federal question jurisdiction when a federal issue is actually disputed and substantial, Defendant argues federal antitrust laws will be front and center in this litigation. Defendant argues Plaintiff's claims were converted from state-law claims to federal claims once OCI decided to interpret Plaintiff's claims as separate claims by its individual members.  As suggested by Defendant, this issue is significant because Defendant will now argue that a collective objection to rate changes by competitors violates the Sherman Act.  As the Sherman Act may be construed to bar collective action by Plaintiff, the case may need to be dismissed.  Stated differently, Defendant plans to assert that the court has federal question jurisdiction because a federal law will be used as a defense.  However, a federal court does not have jurisdiction over such claims.  See Franchise Tax Bd. of Cal., 463 U.S. at 10 (citing Tennessee v. Union & Planters' Bank, 152 U.S. 454 (1894)).

The cases Defendant cites exemplify the purpose of this type of federal question jurisdiction. In Grable, the Court held federal jurisdiction existed because Plaintiff's complaint stated he did not

Civil No. 13-1336 (GAG)                    4

receive proper notice pursuant to federal law.  See 545 U.S. at 314.  The case hinged on the construction of notice incorporated in a federal tax statute.  See id.  In Smith v. Kansas City Title & Trust Co., the complaint alleged the issuance of bonds by the federal government was unconstitutional.  255 U.S. 180, 195-96 (1921).  And in Merrell Dow Pharm., Inc. v. Thompson, the plaintiff's allegations rested, in part, on whether the defendant violated a federal prohibition against the misbranding of commercial drugs.  478 U.S. 804, 806 (1986).  As these cases illustrate, federal question jurisdiction exists when the plaintiff's claims necessarily require the court to rule on an affirmative question of federal law.  No case law supports Defendant's theory that this should be extended when the defendant raises a defense rooted in federal law.

In the present case, Plaintiff's claims do not necessitate an affirmative ruling of federal law.  It is Defendant's defense that may require the court to rule on a matter of federal law.  This distinction is not slight.  The precedent regarding Section 1331 requires the court to examine the complaint to determine jurisdiction, rather than the defenses.  The well-pleaded complaint rule is the starkest example of requiring the court to fully analyze the complaint while disregarding the defenses.  As illustrated in Grable, to find federal jurisdiction over state-law claims, the complaint itself must push the court to make determinations of federal law.  There is no such federal issue in the present case because Plaintiff could be fully compensated without any determination of federal law.  Only Defendant's invocation of the Sherman Act raises a federal issue in this case.  Therefore, the court **REMANDS** the case to OCI.

### III.    Intervention

The court need not rule on OCI's motion to intervene because of the aforementioned remand.  However, the court finds it curious for the administrative board adjudicating the underlying claim to seek intervention in the federal court proceedings.  Clearly, OCI is an entity created by law to oversee certain provisions of Puerto Rico insurance law.  (See Docket No. 13 at 4.)  OCI has the ability to sue in order to carry out its functions.  See P.R. LAWS ANN. tit. 26, § 235(3).  However, when OCI acts only in its adjudicative capacity, the court struggles to see why standing exists.  OCI is not a party to this action.  OCI is simply adjudicating Plaintiff's claims against Defendant.  (See Docket No. 1.)  It would be akin to a plaintiff filing an action in the Court of First Instance, which

**Civil No. 13-1336 (GAG)**                    5

is removed by the defendant, and then having the Court of First Instance seek intervention to argue for remanding the case back to itself.  Such logic is questionable.  However, as the court finds federal question jurisdiction lacking, the court need not determine the authority of OCI to seek intervention.  Therefore, the court finds OCI's motion for intervention at Docket No. 13 to be **MOOT**.

**IV.    Conclusion**

For the reasons set forth above, the court **REMANDS** the case back to OCI and **MOOTS** OCI's motion for intervention.


**SO ORDERED**.

In San Juan, Puerto Rico this 5th day of June, 2013.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge